FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 NOV 17 PM 3:16

GLENDA GRANT, f/k/a GLENDA
RANDOLPH, individually and on behalf of
a class of persons similarly situated,

    Plaintiff,

vs.

Case No.: 3:15-CV-1376-J-34PDB

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, GLENDA GRANT, formerly known as GLENDA RANDOLPH ("Plaintiff"), on behalf of herself and all others similarly situated, brings suit against Defendant, OCWEN LOAN SERVICING, LLC, ("Defendant" or "OCWEN") as follows:

### INTRODUCTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

2. This action arises out of OCWEN's illegal efforts to collect consumer debts. Specifically, OCWEN regularly attempts to collect debts previously discharged by order of a Federal bankruptcy court. As Judge Posner stated: "Dunning people for their discharged debts would undermine the 'fresh start' rationale of bankruptcy and is prohibited by the [FDCPA]

1

which ... prohibits a debt collector from making a 'false representation of the character, amount, or legal status of any debt.'[1]

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331(b), 15 U.S.C. § 1692k, 28 U.S.C. §§ 2201(a) and 28 U.S.C. § 1334(b).

4. Venue is appropriate under 28 U.S.C. § 1391 since Plaintiff resides in this District and the conduct complained of occurred in this District.

## PARTIES

5. Plaintiff, GLENDA GRANT f/k/a GLENDA RANDOLPH, is a natural person and resident of Duval County, Florida.

6. Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), is a corporation doing business in Duval County, Florida. Upon information and belief, Defendant is a registered debt collector with the Florida Office of Financial Regulation.

## FACTUAL ALLEGATIONS

7. Sometime in 2007, Plaintiff took out a loan from IndyMac Bank, F.S.B. for a mortgage on her home at 1632 Golf Forest Dr., Jacksonville, Florida 32208 ("the Loan"). The Loan was for personal, family, or household purposes and it is therefore a "debt" as that term is defined under the FDCPA at 15 U.S.C. § 1692a(5) and under the FCCPA at Fla. Stat. § 559.55(6).

8. On or about December 15, 2010, Plaintiff filed a voluntary Chapter 7 petition in U.S. Bankruptcy Court, Middle District of Florida, Jacksonville Division. *In re Grant, Glenda Randolph*, Case No.: 3:10-bk-10754.

---

[1] *Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493, 495 (7th Cir. 2007).

9. On March 24, 2011, the Plaintiff received a Chapter 7 discharge. See Exhibit A.

10. Pursuant to the Chapter 7 bankruptcy discharge order, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

11. Sometime in late 2013, the Loan was transferred or assigned to OCWEN for servicing. The loan was in default at the time it was transferred to OCWEN, and it had been over two years since Plaintiff received a Chapter 7 discharge.

12. Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continues to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00. (Plaintiffs' Account Statements are attached as Composite Exhibit B). The Account Statements constitute an effort to collect a debt and reference, *"Mortgage Account Statement," "Total Amount Due,"* and *"Due Date: Due Now."*

13. Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon. For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff. See Exhibit B.

14. Despite receiving a bankruptcy discharge in March 2011, Plaintiff has received from OCWEN account statements and other correspondence every month since OCWEN acquired the rights to service the loan at issue.

15. OCWEN still continues to request payments from Plaintiff, as of the date of filing this Complaint.

16.     OCWEN has no legal right to collect or attempt to collect any amount from the Plaintiff or putative class members.

17.     In addition, OCWEN sent Plaintiff and other class members "Delinquency Notices," (hereinafter "DELINQUENCY NOTICE(s)") after she had filed for, and received, a bankruptcy discharge. Attached hereto as composite Exhibit C.

18.     For example, Plaintiff's April 25, 2014 DELINQUENCY NOTICE states: "**You are late on your mortgage payments,**" "Failure to bring your loan current may result in fees and foreclosure – the loss of your home," "**Total: $51,181.99. You must pay this amount to bring your loan current.**" *See* composite Exhibit C. In addition, the DELINQUENCY NOTICE also states: "contact us for your current reinstatement amount or payoff amount," "This is an attempt to collect a debt." *Id.*

19.     Even though Plaintiff and similarly situated class members received a discharge of the subject debt, OCWEN sent the Account Statements and DELINQUENCY NOTICES to Plaintiff and other class members, knowing that it would cause them to act. OCWEN's collection methods are abusive, deceptive, and unfair since the Account Statements and DELINQUENCY NOTICES threaten to take action that is not legally available to OCWEN.

## CLASS ALLEGATIONS

20.     Plaintiff brings this claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class defined as:

> **ACCOUNT STATEMENT CLASS:** All Florida consumers who were sent an Account Statement by OCWEN in substantially the form of composite Exhibit B after receiving a Chapter 7 bankruptcy discharge of the mortgage debt at issue in the Account Statement.
>
> **DELINQUENCY NOTICE CLASS:** All Florida consumers who were sent a DELINQUENCY NOTICE in substantially the form of Exhibit C after

4

receiving a Chapter 7 bankruptcy discharge of the mortgage debt at issue in the DELINQUENCY NOTICE.

21. The class period for each claim in this Complaint is equivalent to the applicable statutes of limitations for each cause of action set forth below.

22. Upon information and belief, OCWEN developed and regularly employs a business model and computer-software platform whereby OCWEN tracks when consumers are discharged from their debts through Bankruptcy. Despite this information, OCWEN systematically seeks monetary recovery on discharged amounts from borrowers who received bankruptcy discharges on the promissory notes and mortgage loans.

23. Upon information and belief, OCWEN intentionally and systematically sends such borrowers correspondence demanding payment of amounts discharged in bankruptcy, including but not limited to periodic account statements containing payment demands and detachable payment coupons in an effort to seek monetary recoveries on discharged debts.

24. The class is so numerous that joinder of all members is impractical. OCWEN routinely uses form "Account Statements" and DELINQUENCY NOTICES similar to Composite Exhibit B and Exhibit C when attempting to collect on these discharged debts. OCWEN uses the same form "Account Statements" in connection with its collection efforts in hundreds if not thousands of instances. Given the percentage of consumers who filed for Bankruptcy as a result of the recent economic downturn and who received an "Account Statement" during the appropriate time frame, it is reasonable to presume that there are at least hundreds of class members within the state of Florida.

25. There are questions of law and fact common to the class which predominates over any questions affecting only individual members. The principal issues

5

raised by this claim are whether OCWEN's collection efforts regarding discharged debts violate the FDCPA and the FCCPA.

26.     The only individual question concerns the identification of the persons whose consumer rights have been violated by OCWEN's practices, which are the subject of this complaint. This can be determined by ministerial examination of OCWEN's records.

27.     The Plaintiff's claims are typical of those of the class members. All are entitled to relief by virtue of OCWEN's violations of the consumer protection statutes asserted herein.

28.     The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class actions as well as the handling of actions involving unlawful business practices, consumer mortgage loans and bankruptcy related class actions. Neither Plaintiff nor her counsel have any interests antagonistic to the Class or which might cause them not to vigorously pursue this action.

29.     Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the class members in individually controlling the prosecution and defense of separate actions is minimal, in that the class members are unlikely to be aware that their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified as class actions.

30.     OCWEN also acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief and corresponding final injunctive relief under Rule 23(b)(2) appropriate with respect to the Class as a whole. OCWEN should be enjoined from

attempting to collect debts from, and specifically sending "Account Statements" and DELINQUENCY NOTICES to consumers whose debts have been discharged in bankruptcy.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* ("FDCPA")
### On Behalf of the Account Statement Class

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. This is an action seeking class-wide relief for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Specifically, by attempting to collect debts previously discharged in bankruptcy, OCWEN has violated the FDCPA.

33. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

34. At all times material herein, Plaintiff and others similarly situated were "consumers" as defined by 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

35. At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer "debts" as defined by 15 U.S.C. 1692a(5), since they were obligations of a consumer to pay money arising out of a transaction in which the money and property which were the subject of the transaction were primarily for personal, family, or household purposes.

36. At all times material herein, OCWEN was a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), since the debts at issue were in default at the time OCWEN acquired and/or began servicing them.

7

37. The numerous "Account Statements" sent from OCWEN to Plaintiff and others similarly situated were "communications" as that term is defined by 15 U.S.C. § 1692a(2), since they were mediums used to directly convey information on a debt.

38. Plaintiff filed a voluntary Chapter 7 bankruptcy petition on or about December 15, 2010.

39. On March 24, 2011, the Plaintiff received a Chapter 7 bankruptcy discharge. See Exhibit A.

40. At all material times herein, Defendant knew or should have known that the debt it was attempting to or did collect from the Plaintiff and the Class Members had been discharged.

41. In accordance with Plaintiff's Chapter 7 bankruptcy discharge, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

42. Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continues to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00. (Plaintiffs' Account Statements are attached as Composite Exhibit B). The Account Statements constitute an effort to collect a debt and reference, "Mortgage Account Statement," "Total Amount Due," and "Due Date: Due Now."

43. Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon. For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff. See Exhibit B.

44. At the time OCWEN sent the abovementioned "Account Statements" to Plaintiff and others similarly situated, all monetary amounts owed by Plaintiff and others similarly situated had been discharged by bankruptcy proceedings and were no longer due and owing.

45. By sending "Account Statements" to Plaintiff and others similarly situated, OCWEN attempted to collect a debt and represented that it had a legal right to collect upon discharged monetary amounts. OCWEN's conduct violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

46. In addition, OCWEN's abovementioned collection activities falsely represented/represent the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

47. As a direct and proximate result of OCWEN's FDCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and others similarly situated are entitled to actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

48. For purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

49. Plaintiff, on behalf of herself and others similarly situated, retained the undersigned attorneys for the purposes of pursuing this matter against OCWEN and is obligated to pay her attorneys a reasonable fee for services.

50. Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing on the records of evidence sufficient to form the basis of a claim for punitive damages.

### COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
**On Behalf of the Account Statement Class**

51. Plaintiff re-alleges and incorporate paragraphs 1 through 30 as if fully set forth herein.

52. At all times material herein, Plaintiff and others similarly situated were "debtors" as defined by Fla. Stat. § 559.55(8).

53. At all times material herein, Plaintiff's debt and the debt of others similarly situated were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

54. At all times material herein, OCWEN was a "person" as referred to in Fla. Stat. § 559.72.

55. The FCCPA, section 559.72(9) provides:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, **OR** assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9) (emphasis added).

56. Plaintiff filed a voluntary Chapter 7 bankruptcy petition on or about December 15, 2010.

57. On March 24, 2011, the Plaintiff received a Chapter 7 bankruptcy discharge. See Exhibit A.

58.     At all material times herein, Defendant knew or should have known that the debt they were attempting to or did collect from the Plaintiff and the Class Members had been discharged.

59.     In accordance with Plaintiff's Chapter 7 bankruptcy discharge, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

60.     Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continues to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00. (Plaintiffs' Account Statements are attached as Composite Exhibit B). The Account Statements constitute an effort to collect a debt and reference, *"Mortgage Account Statement," "Total Amount Due,"* and *"Due Date: Due Now."*

61.     Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon. For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff. See Exhibit B.

62.     At the time OCWEN sent the abovementioned "Account Statements" to Plaintiff and others similarly situated, all monetary amounts owed by Plaintiff and others similarly situated had been discharged by bankruptcy proceedings and were no longer due and owing.

63.     Upon information and belief, Defendant routinely sends account statements to consumers attempting to collect monetary amounts that have been discharged in bankruptcy.

64. However, OCWEN had no legal right to seek collection of these amounts from Plaintiff and others similarly situated, and was in fact enjoined from doing so pursuant to bankruptcy discharge of the subject amounts.

65. By sending "Account Statements" to Plaintiff and others similarly situated on debts previously discharged in bankruptcy, OCWEN violated Fla. Stat. § 559.72(9) by claiming and attempting to enforce a debt which was not legitimate and not due and owing. Moreover, OCWEN violated the second portion of Fla. Stat. § 559.72(9) by asserting the existence of the legal right to collect debts previously discharged in bankruptcy when it knew that such right did not exist.

66. As a direct and proximate result of OCWEN's FCCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

67. In addition, Plaintiff and the Class seek a permanent injunction prohibiting OCWEN from sending "Account Statements" requesting payments for debts previously discharged in bankruptcy, in the manner described above.

68. Plaintiffs, on behalf of themselves and others similarly situated, retained the undersigned attorneys for the purposes of pursuing this matter against OCWEN and is obligated to pay their attorneys a reasonable fee for services.

## COUNT III - VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### On Behalf of the DELINQUENCY NOTICE Class

69. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

70. At all times material herein, Plaintiff and others similarly situated were "debtors" as defined by Fla. Stat. § 559.55(8).

71. At all times material herein, Plaintiff's debt and the debt of others similarly situated were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

72. At all times material herein, OCWEN was a "person" as referred to in Fla. Stat. § 559.72.

73. The FCCPA, section 559.72 provides:

In collecting consumer debts, no person shall:

(7) ... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, OR assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7) and (9) (emphasis added).

74. Plaintiff filed a voluntary Chapter 7 bankruptcy petition on or about December 15, 2010.

75. On March 24, 2011, the Plaintiff received a Chapter 7 bankruptcy discharge. See Exhibit A.

76. At all material times herein, Defendant knew or should have known that the debt they were attempting to or did collect from the Plaintiff and the Class Members had been discharged.

77. In accordance with Plaintiff's Chapter 7 bankruptcy discharge, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

78. Despite actual notice that the debt was no longer valid, OCWEN sent Plaintiff and other class members "Delinquency Notices," (hereinafter "DELINQUENCY NOTICE(s)") after she had filed for, and received, a bankruptcy discharge. Attached hereto as composite Exhibit C.

79. For example, Plaintiff's April 25, 2014 DELINQUENCY NOTICE states: "**You are late on your mortgage payments,**" "Failure to bring your loan current may result in fees and foreclosure – the loss of your home," "**Total: $51,181.99. You must pay this amount to bring your loan current.**" See composite Exhibit C. In addition, the DELINQUENCY NOTICE also states: "contact us for your current reinstatement amount or payoff amount," "This is an attempt to collect a debt." Id.

80. OCWEN is well aware that there it cannot collect debts from Plaintiff and other class members for discharged debt. However, the "least sophisticated consumer" would fear the threat of action by OCWEN after receiving the DELINQUENCY NOTICE. (For purposes of the claims brought in this action, the applicable standard is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)).

81. Despite this, OCWEN sent the DELINQUENCY NOTICE to Plaintiff and other class members, knowing that it would cause them to act. OCWEN's collection methods are abusive, deceptive, and unfair since the Account Statement Letters and Delinquency Notices request payment for discharged debt and threaten to take action that is not legally available to OCWEN.

82. Upon information and belief, Defendant routinely sends Delinquency Notices to consumers when it attempts to collect debts, in an attempt to receive payment on discharged debt. However, OCWEN had no such rights to collect discharged debts.

83. OCWEN had no legal right to seek collection of these amounts from Plaintiff and others similarly situated, and was in fact enjoined from doing so pursuant to bankruptcy discharge of the subject amounts, in violation of Fla. Stat. § 559.72(9).

84. Moreover, OCWEN's conduct of sending Delinquency Notices to Plaintiff and Class members constitutes a violation of the second part of Fla. Stat. § 559.72(7), since OCWEN's statements and threats are reasonably expected to abuse or harass the recipient.

85. As a direct and proximate result of OCWEN's FCCPA violations, Plaintiff and Class members have been harmed. Plaintiff and Class members are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

86. In addition, Plaintiff and the Class seek a permanent injunction prohibiting OCWEN from sending out Delinquency Notices similar to Exhibit C in the manner described above.

## COUNT IV – RELIEF REQUESTED UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

87. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

88. The Declaratory Judgment Act, 28 U.S.C. § 2201, offers a unique mechanism by which a party may seek to remedy ongoing violations of statutory provisions and to prevent ongoing harm in form of declaratory and injunctive relief.

89. Specifically, the Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
>
> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2201.

90. Pursuant to 28 U.S.C. § 2201, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

91. Plaintiff filed a voluntary Chapter 7 bankruptcy petition on or about December 15, 2010.

92. On March 24, 2011, the Plaintiff received a Chapter 7 bankruptcy discharge. See Exhibit A.

93. At all material times herein, Defendant knew or should have known that the debt they were attempting to or did collect from the Plaintiff and the Class Members had been discharged.

94. In accordance with Plaintiffs' Chapter 7 bankruptcy discharge, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

95. Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continues to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00. (Plaintiffs' Account Statements are attached as Composite Exhibit B). The Account Statements constitute an effort to collect a debt and reference, *"Mortgage Account Statement," "Total Amount Due,"* and *"Due Date: Due Now."*

96. Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon. For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff. See Exhibit B.

97. At the time OCWEN sent the abovementioned "Account Statements" to Plaintiff and others similarly situated, all monetary amounts owed by Plaintiff and others similarly situated had been discharged by bankruptcy proceedings and were no longer due and owing.

98. Upon information and belief, Defendant routinely sends account statements to consumers attempting to collect monetary amounts that have been discharged in bankruptcy.

99. However, OCWEN had no legal right to seek collection of these amounts from Plaintiff and others similarly situated, and was in fact enjoined from doing so pursuant to bankruptcy discharge of the subject amounts.

100. In addition, sometime in early 2014, OCWEN sent Plaintiff and other class members a DELINQUENCY NOTICE after they had filed for, and received, a bankruptcy discharge. Attached hereto as Exhibit C.

101. Plaintiff's April 25, 2014 DELINQUENCY NOTICE states: "You are late on your mortgage payments," "Failure to bring your loan current may result in fees and foreclosure – the loss of your home," "Total: $51181.99. You must pay this amount to bring your loan current." See composite Exhibit C. In addition, the DELINQUENCY NOTICE also states: "contact us for your current reinstatement amount or payoff amount," "This is an attempt to collect a debt." Id.

102. OCWEN is well aware that there it cannot collect debts from Plaintiff and other class members for discharged debt. However, the "least sophisticated consumer" would fear the threat of action by OCWEN after receiving the DELINQUENCY NOTICE. (For purposes of the claims brought in this action, the applicable standard is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC*, 295 F.2d 869 (2d Cir. 1961)).

103. Despite this, OCWEN sent the DELINQUENCY NOTICE to Plaintiff and other class members, knowing that it would cause them to act. OCWEN's collection methods are abusive, deceptive, and unfair since the Account Statement Letters and Delinquency Notices request payment for discharged debt and threaten to take action that is not legally available to OCWEN.

104. Upon information and belief, Defendant routinely sends Delinquency Notices to consumers when it attempts to collect debts, in an attempt to receive payment on discharged debt. However, OCWEN had no such rights to collect discharged debts.

105. OCWEN has sought payment for debts previously discharged in bankruptcy, in circumvention of the FDCPA and FCCPA.

106. OCWEN's conduct as described herein should be declared to be unlawful.

107. OCWEN should be enjoined from sending Delinquency Notices and "Account Statements" requesting payments for debts previously discharged in bankruptcy in the manner described herein.

108. OCWEN should be forced to disgorge all ill-gotten gains collected from consumers as a result of its unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order:

    a.    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing undersigned as Class Counsel;

    b.    Adjudging that Defendant violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual and statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Adjudging that Defendant violated the FCCPA, Fla. Stat. §§ 559.72(7) and (9), and awarding Plaintiff and Class members actual and statutory damages pursuant to Florida Statutes § 559.77(2);

    d.    Declaring that Defendant's attempt to collect debts previously discharged in bankruptcy is unlawful;

    e.    Enjoining Defendant from sending Account Statements similar to those attached as "Exhibit B" in the manner described in this lawsuit;

    f.    Enjoining Defendant from sending Delinquency Notices similar to the one attached as "Exhibit C" in the manner described in this lawsuit;

    g.    Ordering disgorgement of all ill-gotten sums collected in violation law;

    h.    Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3), and Florida Statutes § 559.77(2);

    i.    Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

    j.    Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: November 16, 2015                          VARNELL & WARWICK, P.A.

                                                                           s/ Janet R. Varnell
                                                                           JANET R. VARNELL
Florida Bar No.: 0071072
BRIAN W. WARWICK
Florida Bar No.: 0605573
STEVEN T. SIMMONS, JR.
Florida Bar No.: 0091654
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*ssimmons@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*