THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA GRANT, f/k/a GLENDA
RANDOLPH, individually and on
behalf of a class of persons similarly
situated,

       Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

       Defendant.
_____/

Case No. 3:15-cv-1376-J-34 PDB

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully moves the Court to enter judgment in its favor based on the pleadings as to Ms. Grant's claims for violations of the Florida Consumer Collection Practices Act ("FCCPA") (Counts 2 and 3 of her complaint) and Ms. Grant's claim under the federal Declaratory Judgment Act (Count 4 of her complaint). Ms. Grant alleges that Ocwen violated the FCCPA by seeking to collect an alleged debt from her after it had been discharged in Chapter 7 bankruptcy. However, the Bankruptcy Code and regulations governing post-discharge communications from a mortgage servicer to a discharged debtor conflict with Ms. Grant's state-law claims under the FCCPA and therefore preempt those claims under the Supremacy Clause. Furthermore, Ocwen is entitled to judgment on Ms. Grant's claim for relief under the Declaratory Judgment Act

because that claim simply reiterates Ms. Grant's claim under the FCCPA and the Fair Debt Collection Practices Act ("FDCPA"), thus demonstrating that she has an adequate remedy at law.

## INTRODUCTION

In this case, Ms. Grant alleges that Ocwen violated the Chapter 7 discharge order granted her in 2011 by U.S. Bankruptcy Judge Jerry A. Funk by sending her monthly account statements and delinquency notices following the close of her bankruptcy case. Based on those allegations, Ms. Grant asserts claims under the FDCPA, 15 U.S.C. § 1692, *et seq.*, the FCCPA, Fla. Stat. §§ 559.55, *et seq.*, and the Federal Declaratory Judgement Act, 28 U.S.C. § 2201. Ms. Grant has not made a payment on the home since the beginning of 2009, but has continued to live in it, payment free for the last several years, pending completion of her bankruptcy and the related state court foreclosure proceedings against the home.

Ms. Grant's claims under the FCCPA and the Declaratory Judgment Act fail as a matter of law, and judgment should be granted in Ocwen's favor.[1] The theory underlying Ms. Grant's FCCPA claims is that Ocwen unlawfully attempted to collect a debt from her after she had received a discharge from bankruptcy. That claim is preempted by the Bankruptcy Code. Section 524(j) of the Bankruptcy Code explicitly permits a creditor holding a security interest in real property that is the principal residence of the debtor to seek and collect periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien, even after discharge. In fact, the official regulations promulgated by the Consumer Financial Protection Bureau expressly direct loan servicers like Ocwen to send discharged debtors communications regarding their account and their rights to remain in the liened property after bankruptcy, contingent upon making periodic payments to the lienholder. Furthermore, Ms.

---

[1] Ocwen reserves its rights to seek judgment on Ms. Grant's FDCPA claim at a future date.

Grant's FCCPA claims conflict with the objective of the Bankruptcy Code because her claim would effectively prevent a lienholder from choosing to allow a discharged debtor to remain in the secured property after discharge, contingent on making regular periodic payments, thus thwarting both the text and objective of federal law.  Due to those conflicts, Ms. Grant's state-law FCCPA claims are preempted.

Ms. Grant's claim under the Declaratory Judgment Act fares no better.  Under binding Eleventh Circuit law, Ms. Grant is not entitled to any declaratory or injunctive relief so long as she has an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  Here, Ms. Grant's claim under the Declaratory Judgment Act is nothing more than a restatement of her claims under the FDCPA and FCCPA.  To the extent that she is entitled to any relief on those arguments, she has an adequate remedy at law in her FDCPA and FCCPA claims.  Moreover, she cannot receive an injunction from this Court directing Ocwen to obey the Bankruptcy Court's own discharge injunction.  Accordingly, the claim under the Declaratory Judgment Act fails as a matter of law.

### STATEMENT OF RELEVANT FACTS AND ALLEGATIONS

Ms. Grant took out a home mortgage loan in 2007, and promptly defaulted. Doc. 1 at ¶ 7.  As a result, her lender—IndyMac Bank—brought a foreclosure action against her and the property on April 9, 2009.  *Id.*; *see also* Complaint, *IndyMac Fed. Bank, FSB v. Glenda J. Randolph, et al.*, No. 16-2009-CA-005729 (Duval Cnty. Cir. Ct. filed Apr. 9, 2009) (submitted as an exhibit in this case and docketed as ECF No. 6-1).  Ms. Grant then sought bankruptcy protection under Chapter 7 of the Bankruptcy Code. Doc. 1 at ¶ 8.  This resulted in a stay of the foreclosure action.

Ms. Grant's loan and mortgage were then transferred to Deutsche Bank, which appeared in her bankruptcy proceedings and sought relief from the automatic stay. *See* Deutsche Bank's Motion For Relief From The Automatic Stay, *In re Glenda Randolph Grant*, No. 3:10-bk-10754-JAF (Bankr. M.D. Fla. filed Feb. 24, 2011), ECF No. 20 (submitted as an exhibit in this case and docketed as ECF No. 6-2). Therein, Deutsche Bank explained that Ms. Grant had "not made payment on the subject mortgage since the installment due on February 1, 2009." *Id.* at ¶ 6. Ms. Grant opposed Deutsche Bank's motion, claiming Deutsche Bank lacked any valid security interest in her home. *See* Debtor's Objection To Motion For Relief From Stay, *In re Glenda Randolph Grant*, No. 3:10-bk-10754-JAF (Bankr. M.D. Fla. filed Mar. 15, 2011), ECF No. 24 (submitted as an exhibit in this case and docketed as ECF No. 6-3). Judge Funk overruled Ms. Grant's objections the same day and lifted the automatic stay to allow pursuit of "lawful *in rem* remedies as to the property." *See* Order Granting Motion For Relief From The Automatic Stay In Favor Of Deutsche Bank, *In re Glenda Randolph Grant*, No. 3:10-bk-10754-JAF (Bankr. M.D. Fla. signed Mar. 15, 2011), ECF No. 25 (submitted as an exhibit in this case and docketed as ECF No. 6-4). Shortly thereafter, Judge Funk entered a discharge order on March 24, 2011 in Ms. Grant's favor. Doc. 1-1 *passim*. However, that order cautioned Ms. Grant that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against [your] property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." *Id.* at 2.

Deutsche Bank subsequently retained Ocwen "in late 2013" to service the remaining, non-discharged mortgage interest it held in the property. Doc. 1 at ¶ 11. In its role as the servicer of the mortgage, Ocwen sent Ms. Grant monthly account statements and delinquency notices. Doc. 1-1 at 3-27. Those statements and notices contain "bankruptcy disclaimer"

4

1/4083736.3

language, which explained to Ms. Grant that they should not be construed as an effort to collect a debt from her personally due to her prior bankruptcy discharge. *See, e.g.*, Doc. 1-1 at 22 (Sept. 2014 monthly account statement, noting—under the caption "Important Bankruptcy Information"—that if "the obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt,"); *Id.* at 24 (Feb. 2016 monthly account statement, noting—under the caption "Important Information"—that "[i]f this debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property.  It is not intended as an attempt to collect a debt from you personally."); *Id.* at 25-27 (delinquency notices, noting on each page that "[i]f this debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property.  It is not intended as an attempt to collect a debt from you personally," and including additional bankruptcy disclosures on page 2).[2]

Ultimately, a final judgment of mortgage foreclosure was entered against Ms. Grant and the property, and the property was sold at auction.  A certificate of title divesting Ms. Grant of her property interest and transferring it to the auction purchaser was issued by the Duval County Circuit Court in February 2016.  *See* Certificate of Title, dated Feb. 10, 2016 (submitted as an exhibit in this case and docketed as ECF No. 31-1).

---

[2] While Ms. Grant attached some complete monthly account statements to her Complaint, the majority are incomplete in that only the front page of the statements are attached.  However, those partial statements plainly note—just as the complete versions note—"[s]ee reverse side for important information and state specific disclosures."  *Compare, e.g.*, Doc. 1-1 at 3 (partial statement) *with* Doc. 1-1 at 21-22 (complete statement).

5

Ms. Grant filed this action on November 17, 2015. Doc. 1 *passim.* In her complaint, Ms. Grant alleges that Ocwen violated the injunctive terms of Judge Funk's discharge order by sending her monthly account statements and delinquency notices because, in her words, the effect of Judge Funk's order precludes Ocwen from "collect[ing] or attempt[ing] to collect *any amount* from" her. *Id.* at ¶ 16 (emphasis added). She claims the monthly account statements and delinquency notices are improper because they might "cause [her] to act." *Id.* at ¶ 19. Although all of her claims are based on perceived violations of Judge Funk's discharge order, Ms. Grant does not bring any claims under the Bankruptcy Code, and in fact has obtained no finding of a discharge violation from Judge Funk. Instead, she asks this Court to make such a finding in the course of adjudicating her claims under other causes of action. Ms. Grant seeks an award of damages, varied declaratory and injunctive relief, pre- and post-judgment interest, and her attorneys' fees and costs. Doc. 1 at ¶¶ 31-50 (FDCPA); *Id.* at ¶¶ 51-86 (FCCPA); *Id.* at ¶¶ 87-108 (DJA).

## ARGUMENT

### I.   MS. GRANT'S FCCPA CLAIMS ARE PREEMPTED.

The Court should grant judgment in Ocwen's favor on Ms. Grant's claims under the FCCPA (Counts 2 and 3 of her complaint) because those claims are preempted. Ms. Grant alleges that Ocwen violated the FCCPA by sending her periodic statements and delinquency notices following her discharge from bankruptcy, thereby illegally seeking to collect a debt that Ocwen had no legal right to collect in statements that could reasonably be expected to abuse or harass the recipients. *See* Doc. 1 at ¶¶ 51-86. But as this Court has correctly recognized in cases with claims functionally identical to Ms. Grant's FCCPA claims here, Ms. Grant cannot prevail under such a theory because that interpretation of the FCCPA would place it into unavoidable

6

conflict with federal law.  *See* Minute Entry, *Prindle v. Carrington Mortgage Services, LLC*, Case No. 3:13-cv-1349-J-34PDB (M.D. Fla., entered Sept. 25, 2015), ECF No. 97; Minute Entry, *Carman v. Green Tree Servicing, LLC*, Case No. 3:14-cv-1224-J-34MCR (M.D. Fla., entered Sept. 25, 2015), ECF No. 37; Telephonic Motion Hearing Transcript, *Prindle v. Carrington Mortgage Services, LLC*, Case No. 3:13-cv-1349-J-34PDB (M.D. Fla., entered Oct. 23, 2015), ECF No. 99.

The Supremacy Clause of the Constitution mandates that federal law take precedence over state law.  U.S. CONST., art. VI, cl. 2.  "Thus, state law that conflicts with federal law is 'without effect.'"  *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 767 (11th Cir. 1998).  Conflict preemption "arises in two circumstances: when it is impossible to comply with both federal and state law and when state law stands as an obstacle to achieving the objectives of the federal law."  *Cliff v. Payco General Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004) (citing *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372-73, 120 S. Ct. 228, 2294 (2000)).

Here, Ms. Grant's two FCCPA claims are preempted because they conflict with the Bankruptcy Code.  A fundamental tenet of United States bankruptcy law is that, although personal liability for a debt may be discharged in a Chapter 7 bankruptcy, the lien securing that debt survives.  *See Dewsnup v. Timm*, 502 U.S. 410, 419 (1992); *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); *Johnson v. Home State Bank*, 501 U.S. 78, 83-85 (1991).  Congress recognized this principle in enacting the Bankruptcy Code by expressly authorizing lienholders to "seek[] [and] obtain[] periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien" from discharged debtors.  11 U.S.C. § 524(j)(3); *accord, e.g.*, *In re Steinberg*, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011); *see also In re Pratt*, 462 F.3d 14, 18-19 (1st. Cir. 2006) (explaining that nothing in the Bankruptcy Code obligates a secured creditor "to

7

foreclose on and/or repossess collateral"—the recourse of discharged debtor who no longer wants the collateral or the mortgage-related consequences of retaining title to it is to surrender it to the creditor). In fact, the CFPB's official commentary to the regulations governing the statements that a lienholder may send to a discharged debtor (*available at* 2014 WL 2195855, at *8) states that mortgage servicers (like Ocwen) "***must*** resume sending periodic statements" to mortgagors "within a reasonably prompt time after . . . the consumer receives a discharge under 11 U.S.C. 727." (emphasis added). Under those same regulations, those periodic statements must include (1) the "[a]mount due," 12 C.F.R. § 1026.41(d)(1); (2) "[t]he payment due date," 12 C.F.R § 1026.41(d)(1)(i); and (3) "[d]elinquency information," including "[t]he date on which the consumer became delinquent," "[a] notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured," and "[t]he total payment amount needed to bring the account current, 12 C.F.R. § 1026.41(d)(8).

Ms. Grant's interpretation of the FCCPA runs directly contrary to those federal laws. Ms. Grant's FCCPA claims are based on an argument that Ocwen violated the Florida statute when it sent her certain communications after her bankruptcy discharge that were designed to encourage her to make periodic payments in exchange for Ocwen temporarily refraining from foreclosing on its lien. *See* Doc. 1 at ¶¶ 62-65. Ms. Grant claims that by sending those communications, Ocwen violated the FCCPA's mandate that "no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." FLA. STAT. ANN. § 559.72(9).[3] Stated differently, Ms. Grant's FCCPA claims are premised on the

---

[3] Ms. Grant also claims that Ocwen's communications with her were "abusive, deceptive, and unfair," and thus unlawful under the FCCPA. Doc. 1 at ¶ 81. However, upon inspection, that alternative phrasing of her claim is based on the exact same theory as her first FCCPA theory: Ms. Grant claims that Ocwen's communications were "deceptive" or "expected to abuse or

theory that a mortgage debt, once discharged, is no longer a legitimate debt. Yet those claims cannot be reconciled with the federal laws that expressly authorized (and, in fact, directed) Ocwen, as a lienholder, to send informational statements to Ms. Grant, as a post-discharge debtor, *see* Consumer Financial Protection Bureau's Official Staff Commentary on Regulation Z, *available at* 2014 WL 2195855, at *8 (June 1, 2016), and authorized Ocwen to "obtain[] periodic payments . . . in lieu of pursuit of in rem relief to enforce the lien" from Ms. Grant. 11 U.S.C. § 524(j)(3). Stated simply, in order for the Court to grant Ms. Grant relief on her FCCPA claims, it would have to hold that the state law holds Ocwen liable for conduct expressly permitted (and even required) by federal law. Accordingly, those claims are preempted and the Court should grant judgment in Ocwen favor.

## II.  Ms. Grant's Claim Under the Declaratory Judgment Act Fails As a Matter of Law.

Second, and independently, Ms. Grant's claim under the Declaratory Judgment Act (Count 4 of her complaint) fails as a matter of law, and the Court should enter judgment in Ocwen's favor regarding that claim. Under binding law from the Eleventh Circuit, "[i]n order to receive declaratory or injunctive relief, plaintiffs must establish . . . the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. And as the courts of this Circuit have recognized, a cause of action under a federal statute constitutes an adequate remedy at law that can serve as the basis for dismissing a claim for declaratory or injunctive relief. *See, e.g.*, *Carrero v. LVNV Funding, LLC*, Case No. 11-62439, 2014 WL 6433214, at *5 (S.D. Fla. Oct. 27, 2014) (dismissing claim for equitable relief in light of availability of "adequate remedy at law via an

---

harass the recipient" because the communications "request[ed] payment for discharged debt and threaten[ed] to take action that [was] not legally available to OCWEN." *See* Doc. 1 at ¶ 81. Because the allegations that the communications were "abusive, deceptive, and unfair" are based on the same theory that Ocwen could not send communications to Ms. Grant regarding her mortgage debt post-bankruptcy discharge, or collect periodic payments from her, any separate claim on that basis is also preempted.

9

FDCPA claim based on FCCPA violations"); *Esteves v. Suntrust Banks, Inc.*, Case No. 6:13-CV-1881-Orl-28TBS, 2014 WL 11394861, at *5 (M.D. Fla. April 25, 2014) (dismissing claim for declaratory relief in light of availability of adequate remedy at law in form of claims under RESPA, TILA, and the FDCPA), *aff'd in part, vacated in part on other grounds*, 615 F. App'x 632 (11th Cir. 2015).

Here, Ms. Grant's Declaratory Judgment Act claim is nothing more than a reiteration of her claims under the FCCPA and FDCPA. Ms. Grant seeks a declaration that Ocwen "had no legal right to seek collection" of any amounts from her or the putative class members, Doc. 1 at ¶ 99, that Ocwen "was in fact enjoined from doing so pursuant to bankruptcy discharge of the subject amounts," Doc. 1 at ¶ 99, and as a result, "OCWEN has sought payment for debts previously discharged in bankruptcy, in circumvention of the FDCPA and FCCPA." Doc. 1 at ¶ 105. In other words, Ms. Grant's claim under the Declaratory Judgment Act is simply an argument that her claims under the FCCPA and FDCPA are meritorious. As a result, Ms. Grant has an adequate remedy at law for obtaining relief for any purported violation of those statutes in the form of the causes of action in her Complaint, and therefore she cannot obtain separate declaratory or injunctive relief.[4]

---

[4] Ms. Grant also is not entitled to any sort of equitable or injunctive relief based on claims rooted in alleged violations of the FDCPA. Under binding law from the Eleventh Circuit, "equitable relief is not available to an individual under the civil liability section of the [FDCPA]." *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982); *accord Pollock v. Bay Area Credit Serv., LLC*, 2009 WL 2475167, at *4, n.2 (S.D. Fla. Aug. 13, 2009) ("[I]njunctive relief pursuant to the FDCPA . . . is not available in the Eleventh Circuit."). Nor may Ms. Grant bootstrap a claim based on alleged violations of the FDCPA into one for injunctive or equitable relief merely by restating it as a claim under the Declaratory Judgment Act. *See Christ v. Beneficial Corp.*, 547 F.3d 1292, 1299 (11th Cir. 2008) ("'[B]esides authorizing a declaratory judgment, the [Declaratory Judgment Act] does not create remedies otherwise unavailable to the plaintiffs . . . .'" (quoting *Bolin v. v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 (5th Cir. 2000)). And Ms. Grant may not recover on her claims for injunctive and equitable relief based on alleged violations of the FCCPA, given that her FCCPA claims are themselves preempted.

Moreover, Ms. Grant's request for injunctive relief as part of her Declaratory Judgment Act claim is improper because the Court may not issue an injunction directing a party to obey *another* injunction. *See Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 968 (11th Cir. 2012) ("The party seeking to enforce an injunction cannot, however, obtain a *successive* injunction— i.e., an injunction ordering compliance with an existing injunction."); *accord, e.g.*, *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011) ("An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief."). Yet Ms. Grant expressly bases her claim under the Declaratory Judgment Act on the allegation that Ocwen "was in fact enjoined from [collecting payments from her] pursuant to bankruptcy discharge of the subject amounts." Doc. 1 at ¶ 99. Accordingly, Ms. Grant's requests for a declaration that Ocwen's conduct was unlawful, and that Ocwen "be enjoined from sending Delinquency Notices and "Account Statements" requesting payments for debts previously discharged in bankruptcy," are improper. The Court should grant judgment in Ocwen's favor as to the claim under the Declaratory Judgment Act for that additional, independent reason.

## CONCLUSION

For these reasons, Ocwen requests that the Court grant judgment in its favor as to Ms. Grant's FCCPA claims and her claim under the Declaratory Judgment Act and enter such other relief as the Court deems necessary and appropriate.

/s/ TIMOTHY A. ANDREU
Michael R. Pennington (Admitted *Pro Hac Vice*)
mpennington@bradley.com
Robert J. Campbell (Admitted *Pro Hac Vice*)
rjcampbell@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**

11

1/4083736.3

        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        Telephone: (205) 521-8000
        Facsimile:  (205) 521-8800

        **-and-**

        Timothy A. Andreu
        Florida Bar No. 443778
        tandreu@bradley.com
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        100 S Ashley Dr., Suite 1300
        Tampa, Florida 33602
        Telephone:  (813) 559-5500
        Facsimile:  (813) 229-5946

        *Attorneys for Defendant, Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 3rd day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send a notice of electronic filing to all counsel of record.

        /s/ TIMOTHY A. ANDREU
        Attorney