**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GLENDA    GRANT,    f/k/a    GLENDA
RANDOLPH, individually and on behalf of a
class of persons similarly situated,

               Plaintiff,                    CASE NO.: 3:15-cv-01376-MMH-PDB

vs.

OCWEN LOAN SERVICING, LLC,

               Defendant.

_____/

---

**STIPULATION OF SETTLEMENT AND RELEASE**

---

1

## **TABLE OF EXHIBITS**

Exhibit A:     Class Notice

Exhibit B:     [sample] Delinquency Notice

Exhibit C:     [sample] Monthly Statement

Exhibit D:     Operative Complaint

Exhibit E:     [proposed] Preliminary Approval Order

Exhibit F:     Confidentiality Agreement

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Glenda Grant ("Plaintiff Grant") and Defendant Ocwen Loan Servicing, LLC ("Ocwen"), with all terms as defined below, each through their duly authorized counsel, that the above-captioned action, *Glenda Grant, et al. v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-01376-MMH-PDB (M.D. Fla.), is hereby settled on all of the terms and conditions set forth in this Stipulation of Settlement and Release, and that upon approval by the Court, judgment shall be entered on the terms and conditions set forth herein.

1.   **INTRODUCTION**

1.1     On November 17, 2015, Plaintiff Grant initiated the Action by filing a putative class action complaint against Ocwen, alleging that "in an effort to seek monetary recoveries on discharged debts," Ocwen "intentionally and systematically sends . . . borrowers correspondence demanding payment of amounts discharged in bankruptcy, including but not limited to [delinquency notices and] periodic account statements containing payment demands and detachable payment coupons" (Doc. 1 at ¶ 23).   Such correspondence, Plaintiff Grant alleged, misrepresents the character and legal status of the debt to a borrower who had previously received a Chapter 7 discharge in bankruptcy of personal liability on his or her home mortgage loan by suggesting that the borrower remained personally obligated to continue making payments on the loan (*Id.* at ¶ 46).   Based on those allegations, Plaintiff Grant asserted causes of action against Ocwen under the FDCPA and the Florida Consumer Collection Practices Act (*Id.* at ¶¶ 31-108).

1.2     On January 15, 2016, Ocwen moved to dismiss Plaintiff Grant's complaint (Doc. 6).   The Court denied Ocwen's motion on September 12, 2016 (Doc. 39).   Ocwen then filed an answer to Plaintiff Grant's complaint, expressly denying the allegations therein (Doc. 40).

1.3     Discovery began in October 2016 (Doc. 43).   Contemporaneously, Ocwen filed a

motion for partial judgment on the pleadings, arguing that Plaintiff Grant's Florida Consumer Collection Practices Act claim was preempted by the Bankruptcy Code (Doc. 42).

1.4     Through discovery, Ocwen produced a variety of relevant documents to Plaintiff Grant.   In particular, Ocwen produced documents regarding: (a) its Chapter 7 bankruptcy compliance policies and procedures for the relevant time period, and associated training materials; (b) its Monthly Statement policies and procedures, including information on the content, disclosures and disclaimers included with Monthly Statements for loans in active and completed bankruptcy proceedings, loans in default and loans in foreclosure; (c) its FDCPA compliance policies and procedures, and associated training materials; (d) the company's Chapter 7 bankruptcy process manual; and (e) data on the number of borrowers who were sent Monthly Statements from November 2014 through November 2016, even though a "flag" had been raised by Ocwen on such borrowers' loans indicating entry of a Chapter 7 bankruptcy discharge order with respect to those loans.   Class Counsel subsequently deposed a designated corporate representative of Ocwen on May 23, 2017 regarding topics that included Ocwen's procedures for: (a) identifying bankruptcy filings and discharges on borrowers' accounts; and (b) distributing Monthly Statements, including the content, disclosures and disclaimers contained therein, particularly with respect to borrowers who had previously received Chapter 7 discharges in bankruptcy of personal liability on their loans.

1.5     Following that discovery, and in an effort to comply with the Court's ADR requirements (*see, e.g.*, Chapter 9 of the Local Rules of the Middle District of Florida), the Parties sought a stay of the Action in order to allow them to participate in mediation (Doc. 63).   That stay was granted on June 27, 2017 (Doc. 64), and as mediation progressed and continued, the stay was extended by the Court (Docs. 68, 70, 73).

1.6     The Parties' mediation efforts included two separate mediation sessions held on July 27, 2017 and October 16, 2017—all of which were conducted and overseen by Terrence M. White of Upchurch Watson White & Max, acting as mediator, accompanied by continuing exchanges by the Parties of informal discovery and confirmatory due diligence information and data.

1.7     Through their arms'-length negotiations and mediation efforts, the Parties were able to reach an agreement in principle on the terms of this Settlement.  Thereafter, the Parties began negotiations and mediation regarding Attorneys' Fees and Expenses and a Service Award. The Parties ultimately entered into a "Term Sheet Reflecting Mediation Agreement in Principle for Settlement" on October 16, 2017.  As part of their ongoing mediations, the Parties then engaged in further negotiation of all details of this Settlement, along with further information and due diligence exchanges regarding the number and identity of loans to which Monthly Statements and/or Delinquency Notices had been sent after November 17, 2014 and before April 19, 2018, while the loan was flagged as having been discharged in a Chapter 7 bankruptcy.

1.8     On or about May 4, 2018, Plaintiff Grant filed an amended class action complaint (the "Operative Complaint").  Therein, Plaintiff Grant expanded the scope of the proposed class from one involving only Florida borrowers to a proposed class comprised of all potentially effected borrowers nationwide, consistent with the purely federal nature of the claims being asserted in the Operative Complaint and to address the geographic diversity of potentially affected borrowers as determined from her informal discovery and confirmatory discovery efforts during mediation (*Id.*). Plaintiff Grant also elected in her Operative Complaint to not reassert her Florida Consumer Collection Practices Act claim, based on prior decisions of the Court finding that similar Florida Consumer Collection Practices Act claims are preempted by the Bankruptcy Code under factually

identical circumstances to this Action.

1.9     This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Ocwen, or any of the Released Parties (as defined in this Agreement), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

1.10    Plaintiff Grant believes that the claims asserted in the Action against Ocwen have merit and that she would ultimately have been successful in adversarial certification of the proposed class under Federal Rule of Civil Procedure 23 and in prevailing on the merits at summary judgment, trial or appeal.  Nevertheless, Plaintiff Grant and Class Counsel recognize and acknowledge that Ocwen has raised and could raise factual and legal defenses in the Action that present a risk that Plaintiff Grant may not prevail.  Plaintiff Grant and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Ocwen through class certification, trial, and likely subsequent appeals.  Plaintiff Grant and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties inherent in class action litigation.  Therefore, Plaintiff Grant believes that it is desirable that the Released Claims (as defined in this Agreement) be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms set forth in this Agreement, in order to obtain certain relief.

1.11    Based on their examination and evaluation of the relevant law and facts to assess the merits of the claims and potential claims of the putative class, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interest of the Settlement Class to settle the claims raised in the

Action pursuant to the terms and provisions of this Agreement, particularly since the Settlement allows any person who wishes to do so to opt out of the Settlement to pursue individual relief, and the FDCPA's statutory damage, actual damage, and attorneys' fee provisions make that economically feasible for anyone to do so if they wish.

1.12   At all times, Ocwen has denied and continues to deny liability for the claims asserted in the Action and denies that it committed, threatened, attempted or intended to commit any wrongful act or violation of law or duty.  Ocwen maintains that:

(a)   while a Chapter 7 discharge may extinguish a borrower's personal liability on her home mortgage loan, that discharge will not affect the mortgage lien she gave her creditors in her property to secure that loan, and Section 524(j) of the Bankruptcy Code permits the holder of a mortgage on the debtor's principal residence to seek and obtain periodic payments on that mortgage from a discharged borrower in lieu of pursing foreclosure remedies against the property;

(b)   the Monthly Statements and Delinquency Notices sent to Settlement Class Members contain clear bankruptcy disclaimer language directed to persons discharged in bankruptcy that such correspondence should be treated solely for informational purposes and should not be construed as attempts to recover from the borrowers personally; and

(c)   some courts have in fact already concluded that Ocwen's bankruptcy disclaimer language precludes correspondence containing such disclosures from being considered an "attempt to collect a debt" under the FDCPA and similar state analogue statutes, *see, e.g.*, *Lovegrove v. Ocwen Home Loans Serv., LLC*, 666 F. App'x 308 (4th Cir. 2016), such that while some other courts have concluded that similar bankruptcy disclaimer language is insufficient by itself to preclude claims alleging a loan servicer was impermissibly attempting to collect a discharged debt personally from the borrower through correspondence similar in content to that provided to non-bankrupt borrowers, *see, e.g.*, *Prindle v. Carrington Mortg. Serv.*, LLC, No. 3:13-cv-1349-J-34PDB, 2016 WL 4466838 (M.D. Fla. Aug. 24, 2016), application of such decisions here to Ocwen would create an impermissible inter-circuit conflict for Ocwen over the proper interpretation and application of the FDCPA in relation to its own bankruptcy disclaimer language.

Nevertheless, taking into account the uncertainty and risks inherent in any litigation, and the fact

that any uncertainly over what format and content mortgage servicers like Ocwen should use in monthly account statements to borrowers who have received bankruptcy discharges has now been resolved through rule-making by the Consumer Financial Protection Bureau that will take effect April 19, 2018, *see generally* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,160 (Oct. 19, 2016) (to be codified at 12 C.F.R. pts. 1024 and 1026), Ocwen has concluded that further defense of the Action would be counterproductive, would not be cost-efficient, and would be unduly protracted, costly, burdensome and disruptive to its business operations. Therefore, Ocwen believes that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

1.13    Given all of the above, and considering the risks and uncertainties inherent in continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Agreement and Settlement are fair, reasonable, adequate and in their respective best interests.

## 2.    **DEFINITIONS**

2.1    As used in this Agreement and the attached exhibits (which are integral parts of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

2.1.1    "Action" means the lawsuit captioned *Glenda Grant, et al. v. Ocwen Loan Servicing, LLC*, case number 3:15-cv-01376-MMH-PDB, pending in the United States District Court for the Middle District of Florida (Jacksonville Division).

2.1.2    "Agreement" means this Stipulation of Settlement and Release and the exhibits attached hereto or incorporated herein, including any subsequent amendments agreed to

by the Parties pursuant to the provisions of Section 11 of this Agreement and any exhibits to such amendments, which together are the settlement (the "Settlement").

2.1.3   "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court to compensate Class Counsel (and any other past, present or future attorneys for Plaintiff Grant or the Settlement Class in this Action) for all of the past, present and future attorneys' fees, costs (including court costs), expenses and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff and consultants combined in connection with the Action.

2.1.4   "Class Counsel" means: Janet R. Varnell and Brian W. Warwick, of the law firm of Varnell & Warwick, P.A., Post Office Box 1870, Lady Lake, Florida 32158.

2.1.5   "Class Loans" means those home mortgage loans that Ocwen's records reflect were sent a Monthly Statement and/or Delinquency Notice by Ocwen between November 17, 2014 and April 19, 2018, even though Ocwen's records reflect that at least one borrower on each of those loans had previously received a Chapter 7 discharge in bankruptcy of personal liability with respect to that loan.

2.1.6   "Class Notice" means the legal notice summarizing the terms of this Agreement, in a form substantially similar to that attached as **Exhibit A**, to be provided to the Settlement Class pursuant to the provisions of Section 5 of this Agreement.

2.1.7   "Class Roster Date" means April 19, 2018, the date upon which the Class Loans encompassed within the Settlement Class was determined and verified through reference to Ocwen's records.

2.1.8   "Confidentiality Agreement" means that document attached at **Exhibit F**, which was executed by the Parties in this case.  Each Settlement Class Member who wants access

to the documents disclosed by Ocwen through discovery, and which have been marked or identified by Ocwen as being confidential in nature, must execute the Confidentiality Agreement before being given access to these documents.

2.1.9    "Costs of Administration" means the reasonable and necessary costs Ocwen has agreed to pay to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section 5 of this Agreement, with such costs being limited to those associated with distributing notices to appropriate state and federal officials as required by 28 U.S.C. § 1715; establishing and maintaining the Settlement Website and responding to Settlement Class Member inquiries; and to print, mail and otherwise distribute the Class Notice to the Settlement Class as provided in Section 5; and (b) to calculate and distribute the Individual Allocations as set forth in Section 4 of this Agreement.   The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained.

2.1.10   "Court" means the United States District Court for the Middle District of Florida, Jacksonville Division, the Honorable Marcia Morales Howard presiding, or any other judge of this court who shall succeed her as the Judge assigned to this Action.

2.1.11   "Delinquency Notice" means the letter Ocwen mailed to Plaintiff Grant and other Settlement Class Members, identified with the reference "Re: Delinquency Information," and which contains content substantially similar to that annexed hereto as **Exhibit B**.

2.1.12 "Fairness Hearing" means the hearing held by the Court to consider evidence and argument for the purposes of determining, among other things, whether this Agreement and the Settlement are fair, reasonable and adequate; this Agreement should be given final approval through entry by the Court of the Final Order and Judgment; and certification of the

Settlement Class should be made final.  The Fairness Hearing shall be held no earlier than one hundred and fifty (150) days after the date of entry of the Preliminary Approval Order.

2.1.13  "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

2.1.14 "Final Order and Judgment" means the order entered by the Court approving the Settlement and this Agreement; certifying the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; and granting judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, which shall be in substantially the same form as is agreed to by the Parties and submitted to the Court at or before the Fairness Hearing.

2.1.15 "Final Settlement Date" means ten (10) days after the date on which the Final Order and Judgment approving this Agreement becomes final.  For purposes of this Agreement, the Final Order and Judgment shall become final: (a) if no appeal is taken from the Final Order and Judgment, on the date on which the time to appeal therefrom has expired pursuant to Federal Rule of Appellate Procedure 4; or (b) if any appeal is taken from the Final Order and Judgment, on the date on which all appeals therefrom, including petitions for rehearing or reargument pursuant to Federal Rule of Appellate Procedure 40, petitions for rehearing en banc pursuant to Federal Rule of Civil Procedure 35 and petitions for certiorari pursuant to Rule 13 of the Supreme Court or any other form of appellate review, have been fully and finally disposed of in a manner that affirms all of the material provisions of the Final Order and Judgment.

2.1.16 "Individual Allocations" means the share of the Settlement Fund that the borrowers on each Class Loan are jointly entitled to receive, to be calculated and determined in accordance with Section 4 of this Agreement.

2.1.17 "Monthly Statement" means the monthly account statement which Ocwen

mailed prior to April 19, 2018 to Plaintiff Grant and other Settlement Class Members, and which contains content substantially similar to that annexed hereto as **Exhibit C**.  The capitalized phrase "Monthly Statement" does not refer to the new form of monthly account statement Ocwen began using on and after April 19, 2018, which was implemented by Ocwen to comply with the Consumer Financial Protection Bureau's Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,160 (Oct. 19, 2016), which became effective on April 19, 2018.

 2.1.18  Objection/Exclusion Deadline" means the date by which written objection to this Agreement must be filed with the Court or a request for exclusion by a Settlement Class Member must be received by the Settlement Administrator, which shall be designated as a date thirty-five (35) days before the originally scheduled date of the Fairness Hearing (if the Fairness Hearing is continued, the deadline runs from the first scheduled Fairness Hearing), or on such other date as may be ordered by the Court.

 2.1.19  "Ocwen" means Ocwen Loan Servicing, LLC.

 2.1.20 "Ocwen's Counsel" means: (a) Michael R. Pennington and Robert J. Campbell of the law firm of Bradley Arant Boult Cummings LLP; One Federal Place, 1819 5th Avenue North, Birmingham, Alabama 35203-2120; and (b) Timothy A. Andreu, Bradley Arant Boult Cummings LLP, 100 North Tampa Street, Suite 2200, Tampa, Florida 33602-5809.

 2.1.21  "Operative Complaint" means the First Amended Class Action Complaint, filed in the Action on or about May 4, 2018, and annexed hereto as **Exhibit D**.

 2.1.22  "Parties" or "Party" means Plaintiff Grant and Ocwen, separately and collectively, as each of those terms is defined in this Agreement.

 2.1.23  "Plaintiff Grant" means Glenda Grant, the named plaintiff in the Action.

2.1.24  "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement as outlined in this Agreement, certifying the Settlement Class for settlement purposes only, designating Class Counsel as counsel for the Settlement Class and Plaintiff Grant as the representative of the Settlement Class, and approving the form and content of the Class Notice to be disseminated to the Settlement Class.  A proposed version of the Preliminary Approval Order is attached hereto as **Exhibit E**.

2.1.25  "Release" means the release and waiver set forth in Section 8 of this Agreement.

2.1.26  "Released Claims" means each and all of the claims and potential claims described in the Release.

2.1.27  "Released Parties" means (A) Ocwen and any and all of its current or former predecessors, successors, assigns, parent corporations, subsidiaries, divisions, related and affiliated companies and entities, associates, vendors, service providers, software licensors and licensees, clients and customers, principals, stockholders, directors, officers, partners, principals, members, employees, attorneys, consultants, independent contractors, representatives and agents, and all individuals or entities acting by, through, under or in concert with any of them; and (B) any trustee of a mortgage securitization trust which includes Class Loans on which Settlement Class Members are borrowers, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.1.28  "Service Award" means such funds as may be awarded by the Court to Plaintiff Grant to compensate her for her efforts in bringing the Action and achieving the benefits of this Agreement on behalf of the Settlement Class.

2.1.29  "Settlement Administrator" means Class-Settlement.com, selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website, and aid in fulfilling the related requirements set forth in this Agreement.  Class Counsel will seek the Court's approval of Class-Settlement.com as the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

2.1.30  "Settlement Class" means, for purposes of the Settlement and this Agreement only, all borrowers on home mortgage loans who were sent a Monthly Statement and/or Delinquency Notice by Ocwen Loan Servicing, LLC between November 17, 2014 and April 19, 2018 while their loan was flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge.  Excluded from the Settlement Class are: (i) Ocwen's board members and executive level officers; (ii) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; and (iii) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.

2.1.31  "Settlement Class Member" means a person who falls within the definition of the Settlement Class.

2.1.32  "Settlement Fund" means the relief with an aggregate value of Five Hundred Thousand Dollars ($500,000.00) that Ocwen has agreed to make available to the Settlement Class, to be distributed as Individual Allocations to Plaintiff Grant and those Settlement Class Members who do not exclude themselves from the Settlement Class in accordance with the provisions of Section 4 of this Agreement.

2.1.33  "Settlement Website" means the internet website that the Settlement Administrator will establish and host pursuant to the provisions of Section 5 of this Agreement,

following entry of the Preliminary Approval Order.

2.2     Other capitalized terms used in this Agreement but not defined in this Section 2 shall have the meanings ascribed to them elsewhere in this Agreement and the exhibits attached hereto.

2.3     The terms "he or she" and "his or her" include "it" or "its" where applicable.

## 3.     **CERTIFICATION OF THE SETTLEMENT CLASS**

3.1     Plaintiff Grant and Class Counsel shall propose, without objection from Ocwen, that the Court: (1) certify the Settlement Class for settlement purposes only under Rule 23(b)(3) of the Federal Rules of Civil Procedure; (2) appoint Plaintiff Grant as the representative for the Settlement Class; and (3) appoint Class Counsel as legal counsel for the Settlement Class.

3.2     Ocwen, without admitting that the Action meets the requisites for certification of a contested litigation class under Federal Rule of Civil Procedure 23 or for class certification for any purpose other than settlement, hereby agrees, on each and all of the terms and conditions set forth herein, and solely for purposes and in consideration of the Settlement set forth herein, not to oppose the certification of the Settlement Class for settlement purposes only, the appointment of Class Counsel as legal counsel for the Settlement Class, or the approval of Plaintiff Grant as the representative of the Settlement Class.

3.3     The Court's certification of the Settlement Class for settlement purposes only shall not be deemed to be an adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Settlement and this Agreement, and shall not be considered as law of the case, res judicata, judicial estoppel, promissory estoppel, or collateral estoppel in the Action or in any other proceeding unless and until the Final Settlement Date is reached.  Whether or not the Settlement reaches the Final Settlement Date, the Parties' stipulations

and agreements as to class certification for settlement purposes only (and any and all statements or submission made by the Parties in connection with seeking the Court's approval of the Settlement and this Agreement) shall not be deemed to be any stipulation or grounds for estoppel or preclusion as to the propriety of class certification, nor any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.  In the event the Settlement and this Agreement are not approved, or the Final Settlement Date is not reached, or this Agreement is terminated, cancelled, or fails to become effective for any reason whatsoever, the Parties' stipulations and agreements as to certification of the Settlement Class shall be null and void and the Court's certification order shall be vacated, and thereafter no class or classes will remain certified, and nothing in this Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any party concerning whether the Action may properly be maintained as a class action under applicable law; provided, however, that Plaintiff Grant and Class Counsel may thereafter seek certification of a litigation class or classes before the Court without reference to this Settlement or anything filed in support of it, and Ocwen may oppose such certification on any available grounds.  In the event the Settlement and this Agreement are not approved, or the Final Settlement Date is not reached, or this Agreement is terminated, cancelled, or fails to become effective for any reason whatsoever, nothing in this Settlement or this Agreement shall be admissible in any effort to certify this class or any other class in this or any other court under any circumstances.

4. **SETTLEMENT RELIEF**

4.1.    Pursuant to and subject to all other terms of this Agreement, and in consideration for (a) the dismissal of the Action with prejudice on the merits, and (b) the Release and the approval, entry and enforcement thereof by the Court, Ocwen has agreed to provide Plaintiff Grant

and the Settlement Class with the following relief (and only the following relief), subject to each and all of the terms and conditions specified herein.

4.2.   **Settlement Fund and Individual Allocations Therefrom.**

4.2.1.   Ocwen agrees to provide Plaintiff Grant and the Settlement Class with individual benefits from the Settlement Fund.  Though the Settlement Fund is a lump sum and is not designated as any specific category of monetary relief, the amount of the Settlement Fund equals the full aggregate amount of statutory damages Plaintiff Grant and the Settlement Class could recover under section 1692k of the FDCPA through the continued litigation of the Action under the Operative Complaint, since section 1692k provides:

(a) Amount of damages

Except as provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

(1)   any actual damage sustained by such person as a result of such failure;

(2)   (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector . . .

4.2.2.   Consistent with the terms of section 1692k of the FDCPA, the Settlement Fund will be divided and distributed equally among Plaintiff Grant and those Settlement Class Members who do not timely submit valid requests for exclusion, based on the number of Class

Loans remaining within the Settlement Class following the Objection/Exclusion Deadline (the "Individual Allocations").  As a result, co-borrowers, joint borrowers and multiple borrowers on the same Class Loan are not each entitled to a separate Individual Allocation.  Instead, each Class Loan will be entitled to receive only one Individual Allocation from the Settlement Fund.  The purpose of this method of allocation is to ensure that the Settlement Fund is allocated equitably based on the number of Class Loans remaining in the Settlement Class following the Objection/Exclusion Deadline, and does not disproportionately reward Class Loans on which there are multiple borrowers.

4.2.3.  The Parties shall cause the Settlement Administrator to distribute the Individual Allocations to the Settlement Class no later than sixty (60) days following the Final Settlement Date.  Individual Allocations will be distributed by check, payable in U.S. Funds, and—unless otherwise mutually agreed to by the Parties for good cause shown—shall be made payable jointly to all Settlement Class Members identified as borrowers in Ocwen's records on each Class Loan.  Such checks will be mailed by the Settlement Administrator to the mailing address of record for each such Class Loan as reflected in Ocwen's records.

4.2.4   All checks for Individual Allocation relief shall state on the face of the check that the check will expire and become null and void unless cashed within one hundred and twenty (120) days after the date of issuance of the check, and Settlement Class Members' failure to deposit, negotiate or otherwise cash such checks within that one hundred and twenty (120) day period shall constitute a release by those Settlement Class Members (and all other borrowers on their Class Loans) of any and all rights to relief under the Settlement.  Checks for Individual Allocation relief that remain uncashed, unclaimed or undeliverable after reasonable efforts to locate the Settlement Class Member(s) shall, within one hundred and eighty (180) days after the

Final Settlement Date, be paid to a *cy pres* recipient to be agreed upon by the Parties and approved by the Court.

4.2.5.   Subject to the terms of the Final Order and Judgment, no certifications by the Parties regarding their compliance with the terms of the Settlement and this Agreement will be required.  Any dispute as to the Parties' compliance with their obligations under the Settlement and this Agreement shall be brought and resolved only in the Action and only by the Court, and applicable appellate courts, and in no other action or proceeding.

4.2.6   In addition to the aforementioned relief, Ocwen also agrees to cease using the Monthly Statement form attached as Exhibit C in connection with borrowers whose loans are flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge of personal liability on their loans, and will prospectively employ a periodic monthly statement for such borrowers based on the form and content requirements established by the Consumer Financial Protection Bureau's Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,160 (Oct. 19, 2016), including Form H-30(E) as set forth in Appendix H to Regulation Z, and any subsequent statutory or regulatory changes implemented by the Consumer Financial Protection Bureau.

4.3.   **Attorneys' Fees and Costs and Service Award.**  As additional consideration for the dismissal of the Action with prejudice on the merits and approval, entry and enforcement of the Release by the Court, Ocwen will pay or cause to be paid—apart from and in addition to the Settlement Fund—any Service Award and Attorneys' Fees and Expenses that may be awarded by the Court, subject to the terms, conditions, and maximum amount limitations set forth in Section 9 of this Agreement.

4.4.    **Settlement Administration Costs.**  As further additional consideration for the dismissal of the Action with prejudice on the merits and approval, entry and enforcement of the Release by the Court, Ocwen has agreed to pay or cause to be paid—apart from and in addition to the Settlement Fund—the Costs of Administration associated with administering the Settlement and providing notice to the Settlement Class, subject to the terms of this Agreement.

**5.      NOTICE TO, AND COMMUNICATIONS WITH, THE SETTLEMENT CLASS**

5.1    **Notice to Appropriate Federal and State Officials.**  Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, Ocwen will provide notice of this Action and this Agreement to the Attorney General of the United States; the Consumer Finance Protection Bureau; the Federal Trade Commission; and the Attorneys General of the States, Districts, Commonwealths and Territories in which Settlement Class Members are determined to reside based on the borrower mailing addresses for the Class Loans as reflected in Ocwen's business records.

5.2    **Individual Notice to Settlement Class Members.**

5.2.1    The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws and rules, including, but not limited to, the Due Process Clause of the United States Constitution.

5.2.2    Subject to the requirements of the Preliminary Approval Order, the Parties shall cause the Settlement Administrator to send, no later than twenty-one (21) days after entry of the Preliminary Approval Order, the Class Notice by First-Class U.S. Mail, proper postage prepaid, to the Settlement Class Members identified as borrowers in Ocwen's records on each Class Loan,

addressed to the mailing address of record for that Class Loan as reflected in Ocwen's records.  As a result, one (1) Class Notice will be sent with respect to each Class Loan, addressed jointly to all Settlement Class Members identified as borrowers with respect to that Class Loan in Ocwen's records.  Prior to mailing, the Settlement Administrator shall attempt to update the last known borrower mailing addresses for each Class Loan as reflected in Ocwen's records through the National Change of Address system or similar databases, supplemented by skip-tracing for all Class Loans that are no longer being serviced by Ocwen as of the Class Roster Date.

 5.2.3 The Class Notice shall advise Settlement Class Members of the following:

 5.2.3.1 **General Terms.** The Class Notice shall contain a plain, neutral, objective and concise summary description of the nature of the Action and the terms of the proposed Settlement.  This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Final Settlement Date; (b) Class Counsel and Plaintiff Grant have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses in an amount to be determined by the Court, but not to exceed One Hundred and Fifty Thousand Dollars ($150,000.00), and for a Service Award to Plaintiff Grant in an amount to be determined by the Court but not to exceed Three Thousand Five Hundred Dollars ($3,500.00); (c) Ocwen has agree not to oppose petitions for Attorneys' Fees and Expenses and a Service Award of up to those amounts; and (d) the Settlement is not made contingent upon any particular amount of Service Award or Attorneys' Fees and Expenses being awarded by the Court.

 5.2.3.2 **The Settlement Class.** The Class Notice shall describe the Settlement Class, and shall disclose that the Settlement Class has been certified for purposes of settlement only.

5.2.3.3 **Opt-Out Rights.** The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement, and provide the deadlines and procedures for exercising this right.

5.2.3.4 **Objection to Settlement.** The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing, and provide the deadlines and procedures for exercising these rights.

5.2.3.5 **Fairness Hearing.** The Class Notice shall disclose the date and time of the Fairness Hearing, and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

5.2.3.6 **Release.** The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

5.2.3.7 **Further information.** The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

5.2.3.8 **Class Loan Number**. The Class Notice to be addressed to all borrowers of record on each Class Loan, as determined from Ocwen's records, shall also include that Class Loan's loan number, as described in Ocwen's records.

5.2.4 Following issuance of the Preliminary Approval Order, Class Counsel and Ocwen's Counsel may by mutual agreement make any changes in the font, format or content of the Class Notice or the exhibits thereto any time before the Class Notice is first mailed to Settlement Class Members, so long as such changes do not materially alter the substance of the

Class Notice.  Any material substantive changes proposed by Class Counsel and Ocwen's Counsel following issuance of the Preliminary Approval Order must be approved by the Court.

   5.2.5 The Parties shall cause the Settlement Administrator to re-mail any Class Notices returned by the United States Postal Service with a forwarding address and shall continue to do so with respect to any such Class Notice that is received seven (7) days or more prior to the Objection/Exclusion Deadline.  With respect to Class Notices that are returned by the United States Postal Service without a new or forwarding address, the Parties shall cause the Settlement Administrator to as soon as practicable determine whether a valid address can be located through use of the United States Postal Service's National Change of Address database and/or other reasonable means and without undue cost and delay, and then promptly re-mail Class Notices for whom the Settlement Administrator is reasonably able to locate a valid address in accordance herewith, so long as the valid address is obtained by the Settlement Administrator at least seven (7) days or more prior to the Objection/Exclusion Deadline.

  5.3 **Settlement Website.** The Parties shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Settlement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there.  The Settlement Website will be operational and live by the date of the first mailing of the Class Notice.

  5.4 Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary the Parties, shall file with the Court a declaration or

declarations, based on the personal knowledge of the declarant(s), verifying compliance with these classwide notice procedures.

5.5     Ocwen expressly reserves, and the Parties agree that Ocwen shall have the right to communicate with, and respond to inquiries from, Settlement Class Members in the ordinary course of Ocwen's business.  However, any inquiries about this Agreement or about the Action shall be referred to Class Counsel or to the Settlement Administrator.

5.6     **Media Communications.**

5.6.1   The Parties and their counsel agree to cooperate in good faith to ensure that: (a) any comments about or descriptions of this Settlement and Agreement or its value or cost in the media or in any other public forum apart from the Action are balanced, fair and accurate; and (b) any press releases or public communications regarding the Agreement are reviewed and mutually approved and agreed to by Class Counsel and Ocwen's Counsel before dissemination or publication.

5.6.2   Class Counsel and Ocwen's Counsel may, after mutual consultation, make only mutually agreeable press communications announcing the Settlement, but shall not otherwise issue any press release or printed or broadcast public communication about this Agreement or the Settlement.

5.6.3   Ocwen may disclose and discuss this Agreement to and with its parent companies, affiliated companies, customers and clients, and each of their respective accountants, shareholders, auditors, consultants and investors, as well as with government entities as necessary to comply with applicable law.

6.     **REQUESTS FOR EXCLUSION**

6.1     Any Settlement Class Member who wishes to be excluded from the Settlement

Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline.  A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-01376-MMH-PDB);" (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member.  The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

6.2    Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion.  A single written request for exclusion submitted on behalf of more than one Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-debtors, joint-debtors and multiple borrowers on the same Class Loan.

6.3    Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section 6 for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against Ocwen relating to the claims and transactions released in

the Action.

6.4     The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received.  The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section 6.

## 7.     OBJECTIONS TO SETTLEMENT

7.1     Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses, or the Service Award, or to any other aspect or effect of the proposed Settlement, must file with the Court a written statement of his or her objection no later than the Objection/Exclusion Deadline.  To file a written statement of objection, a Settlement Class Member must (a) mail it sufficiently in advance to be received by the Clerk of the Court on or before the Objection/Exclusion Deadline, or (b) file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Middle District of Florida, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

7.2     A written statement of objection must: (a) contain a caption or title that identifies it as "Objection to Class Settlement in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-01376-MMH-PDB);" (b) include the Settlement Class Members' name, mailing and email addresses, contact telephone number, and Class Loan number(s) for which an objection is being made; (c) set forth the specific reason(s), if any, for each objection, including all legal support the Settlement Class Member wishes to bring to the Court's attention and all factual evidence the

Settlement Class Member wishes to introduce in support of the objection; (d) disclose the name and contact information of any and all attorneys representing, advising, or in any way assisting the Settlement Class Member in connection with the preparation or submission of the objection; and (e) be personally signed by the Settlement Class Member.

7.3    A Settlement Class Member may file and serve a written statement of objection either on his own or through an attorney retained at his own expense; provided, however, that a written statement of objection must be personally signed by the Settlement Class Member, regardless of whether he has hired an attorney to represent him.

7.4    Any Settlement Class Member who properly files and serves a timely written objection, as described in this Section 7, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or Service Award, or to any other aspect or effect of the proposed Settlement.  However, any Settlement Class Member who intends to make an appearance at the Fairness Hearing must include a statement to that effect in his or her objection.  If a Settlement Class Member hires his or her own personal attorney to represent him or her in connection with an objection, and if that attorney wishes to appear at the Fairness Hearing, the attorney must: (a) file a notice of appearance with the Clerk of Court in the Action no later than the Objection/Exclusion Deadline; and (b) serve and deliver a copy of that notice of appearance to Class Counsel and Ocwen's Counsel no later than the Objection/Exclusion Deadline.

7.5    Any Settlement Class Member who fails to strictly comply with the provisions and deadlines of this Section 7 shall waive any and all objections to the Settlement, its terms, or the procedures for its approval, shall forfeit any and all rights he or she may have to appear separately

and/or to object, and will be deemed to have consented to the jurisdiction of the Court, to be part of the Settlement Class, and to be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release.

7.6    Any Settlement Class Member who objects to the Settlement shall remain a Settlement Class Member and therefore be bound by and entitled to all of the benefits, obligations and terms of the Settlement if this Agreement and the terms contained therein are approved and the Final Settlement Date is reached.

## 8.    **RELEASE AND WAIVER**

8.1    The Parties agree to the following release and waiver, which shall take effect upon the Final Settlement Date (the following, separately and severally, shall be referred to for purposes of this Agreement as the "Released Claims"):

> In consideration for the Settlement benefits described in this Agreement, Plaintiff Grant and the other members of the Settlement Class who do not timely and validly request to be excluded from the Settlement will be deemed, by virtue of this Agreement and the Court's Final Order and Judgment approving it,  to have fully, finally and forever released, remised, relinquished, acquitted, and forever discharged, on behalf of themselves and all of their present, former and future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, predecessors, and/or successors, each and all of the Released Parties of and from, and shall be permanently enjoined from pursuing against each and all of the Released Parties, any and all actual, potential, filed or unfiled, claimed or unclaimed, known or unknown, fixed or contingent, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary, multiple or statutory damages), charges, penalties, losses, rights, actions, causes of action, expenses, costs, attorneys' fees, suits, judgments or other avenues of relief, whether arising at law, in equity, by regulation, or of whatever kind, type or nature whatsoever, direct, individual or representative, and whether or not previously asserted, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, and whether assertable in the form of a cause of action or as a private motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, and whether based on the FDCPA, or any other federal, state, local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the

United States (including both direct and derivative claims) against the Released Parties, or any of them, arising or resulting in whole or in part from, or in any way whatsoever relating to or caused in whole or in part by, their receipt of Monthly Statements and/or Delinquency Notices sent on or after November 17, 2014 and after their personal liability on the loan was discharged in a Chapter 7 bankruptcy.

8.2     Plaintiff Grant represents and warrants that she is the sole and exclusive owner of all claims that she is personally releasing under this Agreement.   Plaintiff Grant further acknowledges that she has not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, and that she is not aware of anyone other than herself claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action on her behalf.

8.3     Without in any way limiting its scope, and, except to the extent otherwise specified in this Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs or any other fees, costs, and/or disbursements incurred by Class Counsel, or by Plaintiff Grant or by the Settlement Class Members regarding Released Claims for which any of the Released Parties might otherwise be claimed liable.

8.4     Plaintiff Grant expressly understands and acknowledges, and all Settlement Class Members will be deemed by the Final Order and Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE**

**DEBTOR**." To the extent that anyone might argue that these principles of law are applicable, Plaintiff Grant hereby agrees that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released by her and all Settlement Class Members. Plaintiff Grant acknowledges, and all Settlement Class Members will be deemed by the Final Order and Judgment to acknowledge, that they are aware that they could conceivably hereafter discover claims that were existing in the past or present, that may be presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the allegations or subject matters in the Action or with respect to the Released Claims but, nevertheless, intend to fully, finally and forever settle and release such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or current asserted in any action or proceeding) related in any way to the facts, transactions, and claims asserted in the Action or with respect to the Released Claims.

8.5     The Parties and each of the Settlement Class Members who do not timely and validly exclude themselves in accordance with the procedures set forth in the Class Notice shall be deemed to have agreed that the Release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based in whole or in part upon the claims released by and through this Agreement. Plaintiff Grant acknowledges and agrees, and all Settlement Class Members (other than those who timely and validly exclude themselves in accordance with the procedures set forth in the Class Notice) will be deemed by the Final Order and Judgment to have agreed, that each of them shall be permanently barred and enjoined by the Final Approval Order from hereafter instituting, participating in, prosecuting or maintaining, either directly or indirectly, on their own behalf, or on behalf of the Settlement Class or any other

Settlement Class Member, person or entity, any action or proceeding of any kind asserting any of the Released Claims.

8.6     Neither the Settlement, nor the Release, nor any of the relief to be offered pursuant to the Settlement shall: (a) alter or extinguish (or be construed as altering or extinguishing) the terms of the debts, promissory notes, mortgages, security interests and other pre-existing contracts of the Settlement Class Members which are still in effect as of the Final Settlement Date; (b) constitute a novation or release of those debts, promissory notes, mortgages, security interests and other pre-existing contracts; or (c) in any way alter the rights of any party under those debts, promissory notes, mortgages, security interests and other pre-existing contracts which are still in effect as of the Final Settlement Date.  Such debts, promissory notes, mortgages, security interests and other pre-existing contracts are in no way affected by this Agreement, the Settlement, or the Release.  Nothing in this Agreement, the Settlement or the Release shall prevent the Released Parties from continuing to service or collect such debts, promissory notes, mortgages, security interests and other pre-existing contracts consistent with the terms of those agreements and the terms of any applicable Chapter 7 discharge orders that were previously entered on behalf of Settlement Class Members, including, without limitation, through the initiation or continued maintenance of proceedings to enforce such security interests and mortgages (including, without limitation, through foreclosure) against Plaintiff Grant or Settlement Class Members.

8.7     Subject to the provisions of this Section 8 and the injunctions contemplated thereby, nothing in this Release shall preclude any filing in this Action seeking to have the Court enforce the terms of this Agreement, including participation in any of the processes detailed therein.

8.8     The Parties hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of this Agreement and shall be included,

31

approved and made effective in any Final Order and Judgment entered by the Court.

9.      **ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS**

9.1      The Parties' negotiations and mediation regarding fees, costs and expenses took place only after they reached an agreement in principle as to all other material terms of this Agreement.  As a result of their negotiations and compromises, the Parties have agreed that Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed One Hundred and Fifty Thousand Dollars ($150,000.00), and that Ocwen agrees to pay any award by the Court of Attorneys' Fees and Expenses that does not exceed that aggregate amount.  Class Counsel agree not to seek or accept any amount or award of Attorneys' Fees and Expenses in excess of this total aggregate amount.

9.2      The Parties have also agreed that Class Counsel may petition the Court for a Service Award to Plaintiff Grant of up to Three Thousand Five Hundred Dollars ($3,500.00), and that Ocwen agrees to pay any Service Award to Plaintiff Grant that is approved by the Court and which does not exceed that amount.  The purpose of the Service Award is to compensate Plaintiff Grant for the efforts and risks taken by her in bringing and prosecuting the Action, and achieving the benefits of this Agreement, on behalf of the Settlement Class.

9.3      Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, Ocwen shall pay Class Counsel any Attorneys' Fees and Expenses and Service Award that may be awarded by the Court.  Class Counsel shall then be solely responsible for distributing the Service Award to Plaintiff Grant, and for distributing the Attorneys' Fees and Expenses by and among Class Counsel.

9.4      The amounts awarded by the Court in Attorneys' Fees and Expenses shall be the sole aggregate compensation paid by Ocwen for Class Counsel representing the Settlement Class.

It is a condition of this Settlement that Ocwen shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member for additional attorneys' fees, incentive or service awards, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.  If any other or additional attorneys' fees, costs, incentive or service awards, or expenses are awarded to parties other than Plaintiff Grant and Class Counsel, Ocwen at its sole option may declare this Agreement void as set forth in Section 11.

9.5     In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, Ocwen will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Award set forth and described in this Agreement.

9.6     The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiff Grant and Class Counsel for Attorneys' Fees and Expenses and a Service Award.  The denial, downward modification, or failure to grant any petition by Plaintiff Grant and Class Counsel for Attorneys' Fees and Expenses and a Service Award shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## 10.    PRELIMINARY APPROVAL ORDER, FINAL ORDER AND JUDGMENT, AND RELATED ORDERS

10.1     Promptly after the execution of this Agreement, the Parties shall jointly submit this Agreement together with its exhibits to the Court and shall move the Court for entry of the

Preliminary Approval Order, which shall grant preliminary approval to the Settlement set forth in this Agreement, certify the Settlement Class for settlement purposes only, appoint Class Counsel and Plaintiff Grant as the representatives of the Settlement Class, set a date for the Fairness Hearing, and approve the Class Notice for dissemination to the Settlement Class.

10.2    After the dissemination of the Class Notice, and not later than ten (10) days before the Fairness Hearing, the Parties shall jointly move the Court to enter a Final Order and Judgment. The Final Order and Judgment shall, among other things:

10.2.1 Find that the Court has personal jurisdiction over the Parties and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

10.2.2 Approve the Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding upon, and have res judicata and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff Grant and those Settlement Class Members who did not timely and validly request to be excluded from the Settlement and Settlement Class;

10.2.3 Find that the Class Notice implemented pursuant to the Agreement (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Agreement and proposed Settlement; and to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (d) met all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

10.2.4 Find that Plaintiff Grant and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

10.2.5 Dismiss the Action (including all individual claims and class action claims presented thereby) on the merits and with prejudice, without fees or costs to any person or Party except as provided in this Agreement;

10.2.6 Incorporate the Release set forth in Section 8 of this Agreement, make the Release effective as of the Final Settlement Date, and forever discharge the Released Parties as set forth in this Agreement;

10.2.7 Permanently bar and enjoin all Settlement Class Members who did not timely and validly request to be excluded from the Settlement and Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

10.2.8 Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and its implementing documents (including all exhibits to this Agreement) if such changes are not materially inconsistent with the Court's Final Order and Judgment or do not materially limit, or materially and adversely affect, the rights or obligations of the Settlement Class Members under this Agreement; and

10.2.9 Without affecting the finality of the Final Order and Judgment for purposes of appeal, retain jurisdiction as to the administration, consummation, enforcement and interpretation of this Agreement and the Final Order and Judgment, and for any other necessary

purpose.

11.  **MODIFICATION, DISAPPROVAL, CANCELLATION OR TERMINATION OF THIS AGREEMENT**

11.1    Prior to entry of the Final Order and Judgment, the terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court.

11.2    This Agreement shall terminate at the sole option and discretion of either Party if: (a) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that the terminating Party in her or its sole judgment and discretion determine(s) is material, including, without limitation, the terms of relief, the findings or conclusions of the Court, the provisions relating to notice (including the proposed plan for the dissemination of notice to the Settlement Class as set forth in Section 5 of this Agreement), the definition of the Settlement Class and the terms and conditions for its certification, and/or the terms of the Release; or (b) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order and Judgment, or any of the Court's findings of fact or conclusions of law, that the terminating Party in her or its sole judgment and discretion determine(s) is material.  However, under no circumstances shall the Court's failure to approve, in whole or in part, any petition by Plaintiff Grant and Class Counsel for a Service Award and Attorneys' Fees and Expenses as set forth in Section 9 of this Agreement provide Plaintiff Grant or Class Counsel with a basis for terminating this Agreement.

11.3    Ocwen may also in its sole and absolute judgment and discretion elect to terminate this Agreement if: (a) any attorneys' fees and costs, expert fees, costs, expenses, service awards or incentive awards are awarded to anyone other than Plaintiff Grant and Class Counsel; or (b) requests for exclusion are submitted by Settlement Class Members with respect to four percent

(4%) or more of the Class Loans.

11.4    Any terminating Party must exercise its option to withdraw from and terminate this Agreement, as provided in this Section 11, by a signed writing served on the other Party no later than thirty-five (35) days after receiving notice of the event prompting the termination unless there is a motion or petition seeking reconsideration, alteration or appeal review of the event, in which case no later than thirty-five (35) days after the final conclusion of any such motion or petition seeking reconsideration, alteration, or appellate review thereof, whichever is later.

11.5    If any of the foregoing termination events occurs, no Party is required for any reason or under any circumstance to exercise that option.

11.6    If the Final Settlement Date does not occur or this Agreement is terminated pursuant to the provisions of this Section 11, then:

11.6.1 This Agreement shall be null and void and shall have no force or effect, through principles of estoppel, res judicata, or otherwise, and no Party to this Agreement shall be bound by any of its terms, except for the terms of this Paragraph 11.6 and its sub-sections;

11.6.2 This Agreement, all of its provisions, and all negotiations, statements, documents orders and proceedings relating to it shall be inadmissible in evidence for any purpose, and shall be without prejudice to the rights of Ocwen, Plaintiff Grant and the Settlement Class, all of whom shall be restored to their respective positions in the Action as of the date existing immediately before the signing of this Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that neither Party's substantive or procedural rights is prejudiced by the attempted Settlement;

11.6.3 Neither this Agreement, nor the Settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or

the Settlement:

11.6.3.1     Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff Grant, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement amount or of Class Counsel's reasonable attorneys fees' and expenses, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

11.6.3.2     Is, may be deemed, or shall be used, offered, or received against Plaintiff Grant, the Settlement Class or each of any of them as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them; and

11.6.3.3     Is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or of the certifiability of any class, in any bankruptcy, civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate or enforce the provisions of this Agreement.  If this Agreement is approved by the Court and the Final Settlement Date is reached, any of the Parties or any of the Released Parties may file this Agreement and/or the Final Order and Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel,

release, good faith estimate, judgment bar or preclusion, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.6.4  Any Settlement-related order(s) or judgments entered in this Action after the date of execution of this Agreement shall be deemed vacated, nunc pro tunc, and shall be without force or effect, and the Parties and the Settlement Class Members shall be returned to the status quo ante with respect to the Action as if they had never entered into this Agreement, and any of the Parties may move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement;

11.6.5  No litigation class will be certified pursuant to or in whole or in part because of this Agreement and the Parties stipulate that certification of the Settlement Class will be deemed to have been conditional and made only for purposes of this particular Agreement and for purposes of settlement only, and will therefore be immediately vacated and voided for all other purposes, without prejudice to or effect on any subsequent motions for certification of a litigation class on grounds wholly independent of this Agreement.  In such event, Ocwen and Ocwen's Counsel will not be deemed to have consented to (and will not be estopped to oppose) the certification of any class for purposes of litigation, and will retain all rights to object to or oppose any motion for certification of a class for purposes of litigation, including certification of the identical class provided for in this Agreement or any other class(es);

11.6.6  The Released Parties expressly do not waive any, but instead affirmatively reserve all, of their defenses, arguments and motions as to all claims that have been or might later be asserted in the Action including, without limitation, the argument that the Action may not be litigated as a class action; and

11.6.7  Plaintiff Grant and all other Settlement Class Members expressly reserve

and do not waive any motions as to, and arguments in support of, all claims that have been or might later be asserted in the Action including, without limitation, any argument concerning class certification, liability and/or available remedies.

## 12.   GENERAL MATTERS AND RESERVATIONS

12.1    The obligation of the Parties to implement and conclude the proposed Settlement is and shall be contingent upon each of the following:

12.1.1  Entry by the Court of the Preliminary Approval Order, followed thereafter by the Fairness Hearing and subsequent entry by the Court of the Final Order and Judgment approving the Settlement, from which the time to appeal has expired or which has remained unmodified after the exhaustion and final disposition of any appeal(s) or petition(s) for appellate review; and

12.1.2  Any other conditions stated in this Agreement.

12.2    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.  The Parties, Class Counsel, and Ocwen's Counsel agree to cooperate with one another in (a) seeking Court approval of the Preliminary Approval Order, the Agreement, and the Final Order and Judgment and in the event of any appeal(s), to use their reasonable best efforts to effect prompt consummation of this Agreement and the proposed Settlement; (b) promptly agreeing upon and executing all such other documents as may be reasonably required to obtain final approval of the Agreement; and (c) resolving any disputes that may arise in the implementation of the terms of this Agreement.

12.3     This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefore, nor any actions taken to carry out or obtain Court approval of this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party.  Ocwen expressly denies the allegations of Plaintiff Grant's complaints including, without limitation, the allegations of the Operative Complaint.  Neither this Agreement, nor the fact of the Settlement, nor the settlement proceedings, nor settlement negotiations, nor statements made in court proceedings, nor any related document, shall be used as an admission of any fault or omission by Ocwen, or be construed as, offered as, received as, or used as evidence of an admission, concession, presumption, or inference of any fact or of any liability or wrongdoing by Ocwen in any proceeding, or as a waiver by Ocwen of any applicable defense, or for any other purposes other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

12.4     Plaintiff Grant and Class Counsel agree that the information produced during discovery that was marked or identified as "Confidential" shall be deemed "Confidential" pursuant to the terms of the Parties' Confidentiality Agreement.  Prior to being given access to such information, any Settlement Class Member who requests in writing access to such information must sign Exhibit A to the Confidentiality Agreement, and submit copies of that signed Exhibit A to Class Counsel and Defense Counsel, thereby signifying the Settlement Class Member's agreement to abide by the terms of the Parties' Confidentiality Agreement.

12.5     Ocwen's execution of this Agreement shall not be construed to release—and

Ocwen expressly does not intend to release—any claim Ocwen may have or make against any insurer, reinsurer, indemnitor, client, loan investor, prior loan servicers, consultant, or vendor for any judgment, payment, liability, cost or expense incurred in connection with this Agreement, including, without limitation, for attorneys' fees and costs.

12.6    Class Counsel represent that: (a) they are authorized by Plaintiff Grant to enter into this Agreement on her behalf; and (b) they are seeking to protect the interests of the entire Settlement Class.

12.7    Plaintiff Grant represents and certifies that she: (a) has entered into and executed this Agreement voluntarily and without duress or undue influence, and with and upon the advice of counsel, selected by her; (b) has agreed to serve as the representative of the Settlement Class; (c) is willing, able, and ready to perform all of the duties and obligations of a representative of the Settlement Class; (d) has read the complaints filed in the Action, or has had the contents of such pleadings described to her by Class Counsel; (e) is familiar with the results of the fact-finding undertaken by Class Counsel; (f) has been kept apprised of the progress of the Action and the settlement negotiations between the Parties, and has either read this Agreement (including the exhibits annexed hereto) or has received a detailed description of it from Class Counsel and she has agreed to its terms; (g) has consulted with Class Counsel about the Action, this Agreement and the duties and obligations imposed on a representative of the Settlement Class; (h) has authorized Class Counsel to execute this Agreement on her behalf; and (i) will remain and serve as the representative of the Settlement Class until the terms of the Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that she can no longer serve in a representative capacity on behalf of the Settlement Class.

12.8    The person(s) executing this Agreement on behalf of Ocwen represent that (s)he is

authorized to enter into this Agreement on behalf of Ocwen.

12.9    This Agreement, complete with its exhibits, sets forth the sole and entire agreement and understanding of the Parties with respect to its subject matter, and it may not be altered, amended, or modified except by written instrument made in accordance with the provisions of this Agreement and executed by or on behalf of all Parties or their respective successors in interest. The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them regarding the subject matter of this Agreement and that in deciding to enter into this Agreement, they each have relied solely upon their own judgment and knowledge.    This Agreement supersedes any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Agreement.

12.10   Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

12.11   To the extent not governed by federal law, this Agreement, any amendments thereto, and any claim, cause of action or dispute arising out of or relating to this Agreement shall be governed by, interpreted under, and enforced in accordance with the laws of the State of Florida without regard to any conflict-of-law principles that may otherwise provide for the application of the law of another jurisdiction.

12.12   Any disagreement and/or action seeking directly or indirectly to challenge, modify, construe, obtain relief from, extend, limit, or enforce this Agreement shall be commenced and maintained only in the Court and in this Action.  Without in any way compromising the finality of the Final Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over all matters related in any way to the Settlement and the Agreement, including but not limited to the

implementation of the Settlement and the interpretation, administration, supervision, enforcement and modification of this Agreement.

12.13   Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

12.13.1   If to Ocwen, then to Michael R. Pennington, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama 35203 (Telephone: (205) 521-8000; Email: mpennington@bradley.com).

12.13.2   If to Plaintiff Grant or the Settlement Class or Class Counsel, then to Brian W. Warwick, Varnell & Warwick, P.A., Post Office Box 1870, Lady Lake, Florida 32158 (Telephone: (352) 753-8600; Email: bwarwick@varnellandwarwick.com).

12.14   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.   In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.   The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Legal Holiday (as defined in Rule 6(a)(6) of the Federal Rules of Civil Procedure), or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

12.15   The time periods and dates described in this Agreement are subject to the Court's approval.   These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Settlement Class.   The Parties reserve the right, subject to the

Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

12.16   Neither the Settlement Class, Plaintiff Grant, Class Counsel, Ocwen nor Ocwen's Counsel shall be deemed to be the drafter of this Agreement or of any particular provision, nor shall any of them argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.   All Parties agree that this Agreement was drafted by counsel for the Parties during and through extensive arm's length negotiations with the aid of a neutral mediator.   No parol or other evidence may be offered to explain, construe, contradict, or clarify this Agreement's terms, the intent of the Parties or their counsel, or the circumstances under which this Agreement was made or executed.

12.17   The Parties expressly acknowledge and agree that this Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state.   In no event shall this Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions, or any documents created for the purposes of mediation, negotiation, or confirmatory due diligence or informal discovery, whether or not exchanged with opposing counsel, in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to effectuate or enforce this Agreement or the rights of the Parties or their counsel.   Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence of an admission or concession of any proposition of fact or law or of any liability or wrongdoing

whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, Plaintiff Grant or the Settlement Class or as a waiver by the Released Parties, Plaintiff Grant or the Settlement Class of any applicable privileges or immunities (including, without limitation, the attorney-client privilege or work product immunity), claims or defenses.

12.18   Plaintiff Grant expressly affirms that the allegations contained in her complaints, including her Operative Complaint, were made in good faith and have a basis in fact, but that she considers it desirable for the Action to be settled and dismissed because of the risks associated with continued litigation and the substantial benefits that the Settlement will provide to the Settlement Class Members.

12.19   The waiver by one of the Parties of any breach of this Agreement by another of the Parties shall not be deemed a waiver of any other prior or subsequent breaches of this Agreement.

12.20   If one Party to this Agreement considers the other Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

12.21   No opinion concerning the tax consequences, if any, of this Agreement and Settlement as to individual Settlement Class Members or anyone else is being given or will be given by Ocwen, Ocwen's Counsel, Plaintiff Grant or Class Counsel; nor is any representation or warranty in this regard made by virtue of this Agreement or Settlement.  The Class Notice will direct Settlement Class Members to consult their own tax advisor(s) regarding the tax consequences of the Settlement and this Agreement, and any tax reporting obligations they may have with respect thereto.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the

tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.  Nothing in this Agreement or in the Class Notice is to be construed as tax advice of any kind.

12.22   Headings contained in this Agreement are used for the purpose of convenience only and are not intended to alter or vary the construction and meaning of this Agreement.

12.23   The recitals of this Agreement are incorporated by this reference and are part of this Agreement.

12.24   This Agreement shall be equally binding upon and inure to the benefit of the Plaintiff Grant and the Settlement Class Members, their representatives, heirs, successors and assigns, as upon and to the benefit of Ocwen.

12.25   Nothing herein shall be deemed a waiver of any prior release individually executed between Ocwen and any Settlement Class Member.

12.26   This Agreement may be signed with a facsimile or PDF format signature and in counterparts, each of which shall constitute a duplicate original.

**[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGES FOLLOW.]**

Agreed to on the date(s) indicated below.

Dated: _May 3_, 2018        By: _Glenda Grant_____

GLENDA GRANT, individually and on behalf of the
Settlement Class


Dated: _____, 2018        OCWEN LOAN SERVICING, LLC

By: _____

Its: _____


APPROVED AS TO FORM BY COUNSEL:

Dated: **5/3**, 2018        VARNELL & WARWICK, P.A.
Attorneys for Plaintiff Grant and the Settlement Class

By: _____
Janet R. Varnell
Brian W. Warwick


Dated: _____, 2018        BRADLEY ARANT BOULT CUMMINGS LLP
Attorneys for Defendant Ocwen Loan Servicing, LLC


By: _____
Michael R. Pennington
Robert J. Campbell
Timothy A. Andreu


48

Scanned by CamScanner

Agreed to on the date(s) indicated below.

Dated: _____, 2018          By: _____
                                     GLENDA GRANT, individually and on behalf of the
                                     Settlement Class


Dated: May 1, 2018              OCWEN LOAN SERVICING, LLC

                                By: _____

                                Its: _____Senior Counsel_____


APPROVED AS TO FORM BY COUNSEL:

Dated: _____, 2018          VARNELL & WARWICK, P.A.
                                Attorneys for Plaintiff Grant and the Settlement Class


                                By: _____
                                     Janet R. Varnell
                                     Brian W. Warwick

Dated: _____, 2018          BRADLEY ARANT BOULT CUMMINGS LLP
                                Attorneys for Defendant Ocwen Loan Servicing, LLC


                                By: _____
                                     Michael R. Pennington
                                     Robert J. Campbell
                                     Timothy A. Andreu


48

Scanned with CamScanner

Agreed to on the date(s) indicated below.

Dated: _____, 2018          By: _____
                                   GLENDA GRANT, individually and on behalf of the
                                   Settlement Class


Dated: _____, 2018          OCWEN LOAN SERVICING, LLC

                              By: _____

                              Its: _____


APPROVED AS TO FORM BY COUNSEL:

Dated: _____, 2018          VARNELL & WARWICK, P.A.
                              Attorneys for Plaintiff Grant and the Settlement Class


                              By: _____
                                   Janet R. Varnell
                                   Brian W. Warwick

Dated: _5/1_, 2018            BRADLEY ARANT BOULT CUMMINGS LLP
                              Attorneys for Defendant Ocwen Loan Servicing, LLC


                              By: _____
                                   Michael R. Pennington
                                   Robert J. Campbell
                                   Timothy A. Andreu


48

# EXHIBIT A

# A class action settlement may affect your rights if you received a Monthly Statement or Delinquency Notice from Ocwen on or after November 17, 2014

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A class action settlement (the "Settlement") has been preliminarily approved in *Grant v. Ocwen Loan Servicing, LLC*, case number 3:15-cv-01376-MMH-PDB, pending in the United States District Court for the Middle District of Florida (the "Action").  Plaintiff Glenda Grant ("Plaintiff Grant") and defendant Ocwen Loan Servicing, LLC ("Ocwen") are the "Parties," and together they have proposed the Settlement.

If final approval is entered by the Court, the Settlement offers relief to and will affect the rights of all members of the Settlement Class.  If this Notice was addressed to you, then according to Ocwen's records you are a member of the Settlement Class.

This Notice provides you with a summary of the claims made in the Action and the terms of the Settlement, and also describes your legal rights and options.  Capitalized terms used in this document are explained below and defined in the full Settlement, titled "Stipulation of Settlement and Release," which is available for review at www.class-settlement.com/GrantSettlement, a website established to provide you more detailed information about the Settlement (the "Settlement Website").  *Please read this notice carefully because your legal rights may be affected whether you act or don't act.*

| YOUR LEGAL OPTIONS & RIGHTS IN THIS SETTLEMENT | |
| --- | --- |
| **EXCLUDE YOURSELF** | If you exclude yourself you will receive nothing from the Settlement, but you will not be bound by it and you will not be part of the Settlement Class.  This is the only choice that will allow you to keep your right to sue Ocwen on your own about the legal claims in the Action.  Section 11 explains what you need to do to exclude yourself, and the deadline for doing so. |
| **OBJECT** | You may write to the Court about any objections you have to the Settlement.  However, persons who exclude themselves from the Settlement Class cannot object.  Section 16 explains what you need to do to object, and the deadline for doing so. |
| **GO TO THE FAIRNESS HEARING** | As explained in Section 18, the Court has set a Fairness Hearing for MONTH DAY, 2018, beginning at 01:23 a.m., to consider whether final approval should be given to the Settlement.  If you file an objection to the Settlement, Section 20 explains how you may ask the Court to speak at the Fairness Hearing about your objection.  Persons who exclude themselves from the Settlement Class cannot speak at the Fairness Hearing. |
| **DO NOTHING** | You do not need to take any action to share in the relief offered by the Settlement.  If you do nothing and the Settlement is given final approval by the Court, you will remain a member of the Settlement Class, you will receive an Individual Allocation from the Settlement Fund, and you will be bound by any Orders the Court may enter. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.  The Court still has to decide whether to give final approval to the Settlement.  Settlement relief will only be provided if the Court finally approves the Settlement and after any appeals are resolved.  Please be patient as the settlement process will take several months.

## BASIC INFORMATION

### 1. Why did I get this notice?

If this Notice was addressed to you, then according to Ocwen's records you were sent a Monthly Statement and/or a Delinquency Notice by Ocwen on or after November 17, 2014, even though Ocwen's records reflect that you or a co-borrower on your home mortgage loan had previously received a Chapter 7 discharge in bankruptcy of personal liability on that loan.

You received this Notice because you have a right to know about a proposed Settlement of this Action, and your options under that Settlement. This Notice describes the lawsuit, the Settlement, your legal rights, what relief is being offered to you, how that relief will be distributed and other important information. This Notice only summarizes the Settlement, the full terms of which are available for review at www.class-settlement.com/GrantSettlement. If there is any conflict between this Notice and the Settlement, the Settlement governs. You should review the Settlement before deciding what to do. Please share this Notice with any co-borrower(s) on your loan(s).

### 2. What is this lawsuit about?

Plaintiff Grant alleges that Ocwen violated Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") by sending Monthly Statements and/or Delinquency Notices to members of the Settlement Class—that is, to persons whose personal liability on the loan was previously discharged in a Chapter 7 bankruptcy. Such correspondence, Plaintiff Grant contends, misrepresented the character and legal status of the home mortgage loan to such borrowers by suggesting that they remained personally obligated to continue making payments on their loans even though personal liability on those loans was previously discharged in bankruptcy. Ocwen denies it did anything wrong, and also denies that its Monthly Statements and Delinquency Notices were in any way misleading, improper or in violation of the FDCPA. Ocwen contends that Chapter 7 discharge generally do not eliminate the mortgage lien on a borrower's property, and the presence of that lien makes it appropriate to keep borrowers still in possession of the mortgaged home informed about the status of the lien.

Section 1692k of the FDCPA provides that prevailing plaintiffs may recover any actual damages sustained as a result of a defendant's violation of the FDCPA, if any, along with the costs of the action and a reasonable attorney's fee as determined by the court. In the case of class actions, members of a prevailing class may also receive a share of a classwide statutory damage award. The maximum potential statutory damage award to be divided among all the members of a successful class under the FDCPA is the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

This Settlement is a compromise of these and other claims described in the Settlement as Released Claims, as explained in Section 10 below. Meanwhile, Section 22 explains how you may obtain more information about the claims in this Action and Ocwen's response to those claims. You can also visit www.class-settlement.com/GrantSettlement to review Plaintiff Grant's operative complaint and the Parties' proposed Settlement.

### 3. Why is this lawsuit a class action?

In a class action, one or more people, called class representatives (here Plaintiff Grant), sue on behalf of all other people who have similar claims. Together, all of these people are called a class, and the persons in it are called class members. In a class action, one court resolves the claims of all class members, except for those who ask in writing to be excluded from the class. The Honorable Marcia Morales Howard of the United States District Court for the Middle District of Florida is in charge of all aspects of this case, and has already given preliminarily approval to the Settlement. Nevertheless, because the Settlement will determine the rights of the Settlement Class, the Parties must make the best effort practicable to send all of the Settlement Class Members Notice before the Court can consider entering final approval of the Settlement and making it effective.

The Court has conditionally certified the Settlement Class for settlement purposes only. If the Settlement is not given final approval, or fails to reach the Final Settlement Date, or is terminated by the Parties for any of the reasons set forth

in Section 11 of the Settlement, the Settlement will become void, the Settlement Class will no longer remain certified, and the Action will proceed as if there had been no Settlement and no certification of the Settlement Class.

## 4.  Why is there a Settlement?

The Court has not decided whether Plaintiff Grant or Ocwen would win this case.  Instead, both sides agreed to the Settlement before any judgment was entered in the case.  That way, the Parties avoid the uncertainties and expenses of ongoing litigation, and the delays of a trial and possible appeals, while providing Settlement Class Members with definite benefits now rather than the uncertain benefits potentially available from fully contested litigation years from now (if at all).  Plaintiff Grant and her attorneys ("Class Counsel") believe the Settlement is in the best interests of the Settlement Class because it offers relief now, while at the same time allowing anyone who wishes to pursue their own individual claims against Ocwen to exclude themselves from the Settlement Class.

## WHO IS IN THE SETTLEMENT

## 5.  How do I know if I am part of the Settlement?

The Court decided that everyone who fits the following description is a member of the Settlement Class:

All borrowers on home mortgage loans who were sent a Monthly Statement and/or Delinquency Notice by Ocwen Loan Servicing, LLC between November 17, 2014 and April 19, 2018 while their loan was flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge.

Excluded from the Settlement Class are: (a) Ocwen's board members and executive level officers; (b) persons who timely and properly exclude themselves from the Settlement Class; and (c) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.  As noted in Section 1, if this Notice was addressed to you, then according to Ocwen's records, you are a member of the Settlement Class.

## WHAT YOU CAN GET UNDER THE SETTLEMENT

## 6.  What relief does the Settlement provide?

Ocwen has agreed to create a $500,000 Settlement Fund which, after the Final Settlement Date, will be divided equally among Plaintiff Grant and those members of the Settlement Class who do not exclude themselves, based on the number of Class Loans remaining within the Settlement Class following the Objection/Exclusion Deadline (the "Individual Allocations").  In other words, all Settlement Class Members who do not exclude themselves will share equally in the Settlement Fund.  The amount of the Settlement Fund equals the full amount of statutory damages available under the FDCPA and is offered in exchange for the Release of those and other claims as described in Section 10.

The actual amount a Settlement Class Member will receive as an Individual Allocation will ultimately depend on a variety of factors.  However, assuming that no Settlement Class Members exclude themselves, Individual Allocations will likely amount to around $3.63 for each Class Loan.

NOTE:  Each Class Loan will be entitled to only one Individual Allocation.  Co-borrowers, joint-borrowers and multiple borrowers on a single Class Loan are not each entitled to receive separate Individual Allocations on the same Class Loan.

## 7.  How can I get such relief?

As long as you do not exclude yourself from the Settlement Class, you will automatically receive an Individual Allocation, and you do not need to take further action.

## 8.  When would I get such relief and how will it be distributed to me?

As described in Section 18, the Court will hold a Fairness Hearing on MONTH DAY, 2018 to decide whether to grant final approval to the Settlement.  The Court must finally approve the Settlement before any relief will be distributed, and it will only do so after finding that the Settlement is fair, reasonable and adequate.  In addition, any final approval order the Court may enter may be subject to appeal.  If there are any such appeals, resolving them takes time—sometimes more than a year.  Finally, there remains a possibility that this Settlement may be terminated for other reasons, such as those set forth in Section 11 of the Settlement Agreement itself (which is available for review at www.class-settlement.com/GrantSettlement).  Please be patient.

If the Settlement is given final approval and/or after any appeals have been resolved in favor of the Settlement, Individual Allocations are expected to be distributed within 60 days of the Final Settlement Date.  The settlement website will be updated from time to time to reflect the process and status of the Action and the Settlement.

Individual Allocations will be paid out by check, made payable jointly to all Settlement Class Members identified in Ocwen's records as borrowers on your Class Loan.  The check will be mailed to the primary mailing address of record on that Class Loan, as determined from Ocwen's records.

NOTE:  All checks will expire and become void 120 days after they are issued, and will be considered unclaimed funds.  Unclaimed funds will be considered a waiver by you and any co-borrowers on your Class Loan of the right to receive Individual Allocation relief, and will be paid to a *cy pres* recipient to be agreed to by the Parties and approved by the Court.

## 9.  Will the Settlement have any tax consequences on me?

Neither the Court nor the Parties (including their counsel) can advise you about what, if any, tax consequences might arise for you from the Settlement.  You are encouraged to consult with your own tax advisor to determine whether any potential tax consequences could arise from your receipt of an Individual Allocation.

## 10.  Am I giving anything up by remaining in the Settlement Class?

Unless you exclude yourself, you will remain in the Settlement Class, and that means that if the Settlement is given final approval and reaches the Final Settlement Date then you will be releasing certain claims, as follows:

In consideration for the Settlement benefits described in this Agreement, Plaintiff Grant and the other members of the Settlement Class who do not timely and validly request to be excluded from the Settlement will be deemed, by virtue of this Agreement and the Court's Final Order and Judgment approving it,  to have fully, finally and forever released, remised, relinquished, acquitted, and forever discharged, on behalf of themselves and all of their present, former and future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, predecessors, and/or successors, each and all of the Released Parties of and from, and shall be permanently enjoined from pursuing against each and all of the Released Parties, any and all actual, potential, filed or unfiled, claimed or unclaimed, known or unknown, fixed or contingent, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary, multiple or statutory damages), charges, penalties, losses, rights, actions, causes of action, expenses, costs, attorneys' fees, suits, judgments or other avenues of relief, whether arising at law, in equity, by regulation, or of whatever kind, type or nature whatsoever, direct, individual or representative, and whether or not previously asserted, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, and whether assertable in the form of a cause of action or as a private motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, and whether based on the FDCPA, or any other federal, state, local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the United States (including both direct and

derivative claims) against the Released Parties, or any of them, arising or resulting in whole or in part from, or in any way whatsoever relating to or caused in whole or in part by, their receipt of Monthly Statements and/or Delinquency Notices sent on or after November 17, 2014 and after their personal liability on the loan was discharged in a Chapter 7 bankruptcy.

This release will include claims that Settlement Class Members do not know or suspect to exist in their favor at the time final approval may be granted to the Settlement, if those claims arise from, are based on, or relate to the Released Claims. If the Settlement is given final approval and reaches the Final Settlement Date, all Settlement Class Members will be deemed to have knowingly and voluntarily waived, relinquished and released the protections of any laws that would limit this release, including, without limitation, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The phrase "Released Parties" means and refers to:

> (A) Ocwen and any and all of its current or former predecessors, successors, assigns, parent corporations, subsidiaries, divisions, related and affiliated companies and entities, associates, vendors, service providers, software licensors and licensees, clients and customers, principals, stockholders, directors, officers, partners, principals, members, employees, attorneys, consultants, independent contractors, representatives and agents, and all individuals or entities acting by, through, under or in concert with any of them; and (B) any trustee of a mortgage securitization trust which includes Class Loans on which Settlement Class Members are borrowers, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

The full terms of the Release are set forth in Section 8 of the Settlement, which is available for review at www.class-settlement.com/GrantSettlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11. How do I exclude myself from the Settlement Class?**

If you don't want to be part of the Settlement, or if you want to keep the right to sue or continue suing Ocwen on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself, or "opting out." If you exclude yourself from the Settlement Class, you will not be bound by the Settlement and will not receive any relief offered by the Settlement, but you will be free to pursue your own individual lawsuit regarding the Released Claims if you wish to do so. However, the Court has ruled that neither the Settlement, nor this Notice, nor the Court's preliminary approval order may be used as evidence in such individual lawsuits. You should be aware that if you do exclude yourself and you plan to file your own action against Ocwen, the statutory deadline for filing an FDCPA claim, or similar state statutory claim, may prevent you from separately suing Ocwen on the claim addressed in this Action unless you act promptly.

To exclude yourself, you must mail a letter sufficiently in advance to be received by the Settlement Administrator no later than **MONTH DAY, 2018**, saying that you want to be excluded from the Settlement Class. Your letter must be addressed to Grant v. Ocwen Loan Servicing, LLC, c/o Class-Settlement.com, P.O. Box 9009, Hicksville, NY 11802-9009, and must: (a) contain a caption or title that identifies it as "Request for Exclusion in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-01376-MMH-PDB);" (b) include your name, mailing and e-mail addresses, and contact telephone number; (c) specify that you want to be excluded from the Settlement Class and identify the Class Loan number(s) for which you seek exclusion from the Settlement; and (d) be *personally* signed by you. For your convenience, your Class Loan number is included at the bottom of this notice.

NOTE: If your request for exclusion is late or incomplete, it will not be valid and you will remain part of the Settlement Class, you will still be bound by the Settlement and all other orders and judgments in the Action, and you will not be able to participate in any other lawsuits against Ocwen and the Released Parties based on the Released Claims. If you submit a request for exclusion, it will be deemed as a request for exclusion by you and any other co-borrowers, joint-borrowers and multiple borrowers on your Class Loan(s).

## 12. If I don't exclude myself, can I sue Ocwen later for the same thing?

No. If you do not exclude yourself from the Settlement Class and the Settlement is given final approval and reaches the Final Settlement Date, you will give up the right to sue Ocwen and the Released Parties for the Released Claims.

## 13. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not be eligible to receive any of the benefits that the Settlement offers.

### THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes, the Court has appointed Janet R. Varnell and Brian W. Warwick of the law firm of Varnell & Warwick, P.A. to represent you and the other Settlement Class Members in this Action and for purposes of this Settlement, and for no other purpose. These attorneys are called "Class Counsel," and they can be reached by calling (352) 753-8600, or by writing them at P.O. Box 1870, Lady Lake, Florida 32158. You will not be separately charged for the services of Class Counsel.

You have the right to retain your own separate lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will be solely responsible for all of his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer, but if you want to appear at the Fairness Hearing you must comply with the procedures set forth in Section 20 below.

## 15. How will Class Counsel Be Paid?

Class Counsel have prosecuted this case on a contingent-fee basis and so far have not yet been paid anything for their services. If the Settlement is approved, Class Counsel will ask the Court for Attorneys' Fees and Expenses of up to $150,000, to be paid separately from and in addition to the Settlement Fund. Class Counsel will also request a Service Award for Plaintiff Grant of up to $3,500 for her services as the class representative and her efforts in bringing the Action, to also be paid separately from and in addition to the Settlement Fund. Class Counsel will file with the Court their request for Attorneys' Fees and Expenses and a Service Award on or before MONTH DAY, 2018, which will then be posted on www.class-settlement.com/GrantSettlement.

Ocwen has agreed not to oppose any request for Attorneys' Fees and Expenses and a Service Award within those limits. The Settlement, however, is not conditioned on the Court approving any specific amount of Attorneys' Fees and Expenses or Service Award. The Court will ultimately decide whether any Attorneys' Fees and Expenses should be awarded Class Counsel or any Service Award awarded to Plaintiff Grant, and in what amounts. The Court may approve the Settlement while awarding less than or none of the amounts requested by Class Counsel and Plaintiff Grant.

### OBJECTING TO THE SETTLEMENT

## 16. How do I tell the Court that I don't like the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't agree with any part of it. You can provide reasons why you think the Court should deny approval of the Settlement by filing an objection. However, you can't ask the Court to order a larger or different type of settlement as the Court can only approve or deny the Settlement presented by the Parties. If the Court denies approval, no settlement relief will be

available to the Settlement Class Members and the lawsuit will continue.   If you file a written objection, the Court will consider your views.

To object, you must file a written statement of objection with the Court.  Your written objection must: (a) include a caption or title that identifies it as "Objection to Class Settlement in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-01376-MMH-PDB);" (b) include your name, mailing and email addresses, contact telephone number, and your Class Loan number(s); (c) set forth the specific reason(s), if any, for each of your objections, including all legal support you wish to bring to the Court's attention and all factual evidence you wish to introduce in support of your objection; (d) disclose the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of your objection, and (e) be *personally* signed by you. For your convenience, your Class Loan number is included at the bottom of this notice.

You may file your written statement of objection in person at any location of the United States District Court for the Middle District of Florida, or you may mail it postmarked to the Clerk of the Court, United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. However, if you are represented by your own attorney, your attorney must file your objection through the Court's Case Management/Electronic Case Filing (CM/ECF) system.  To be considered timely and valid, all statements of objection must be filed with the Court by, or mailed sufficiently in advance to be received by the Court by, MONTH DAY, 2018.  Any Settlement Class Member who does not comply with the above deadline and requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the Settlement.

## 17.  What's the difference between objecting and excluding myself?

Objecting simply means telling the Court that you don't agree with something about the Settlement, but that you are still willing to be bound by it if the Settlement is finally approved despite your objection.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class at all.  If you exclude yourself, you will not be subject to the Settlement and therefore cannot object to the Settlement or appear at the Fairness Hearing because the case will no longer affect you.

## THE COURT'S FAIRNESS HEARING

## 18.  When and where will the Court decide whether to approve the Settlement?

A Fairness Hearing has been set for MONTH DAY, 2018, beginning at XX:XX a.m., before the Honorable Marcia Morales Howard at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202 in Courtroom __.  At the hearing, the Court will consider whether to: (1) grant final certification to the Settlement Class for settlement purposes; (2) approve the Settlement as fair, reasonable, and adequate; and (3) award any Attorneys' Fees and Expenses to Class Counsel and a Service Award to Plaintiff Grant. The Court will also consider any and all objections to the Settlement and any other issues relating to the Settlement.  After the hearing, the Court will decide whether to approve the Settlement.  It is not possible to predict how long the Court's decision will take.

NOTE:  The Court has reserved the right to change the date and/or time of the Fairness Hearing, or to continue it, without further notice.  If you plan to attend the Fairness Hearing, you should confirm the date and time shortly before travelling to attend the hearing by checking www.class-settlement.com/GrantSettlement or the Court's Public Access to Court Electronic Records (PACER) system at https://www.flmd.uscourts.gov/CMECF/default.htm.

## 19.  Do I have to come to the Fairness Hearing?

No.  Class Counsel will represent the Settlement Class at the Fairness Hearing.  But you are welcome to come at your own expense.  If you send an objection, you are not required to come to the Fairness Hearing to talk about it. As long as your objection was timely filed and meets the other requirements described in Section 16, the Court will consider it.  You may also hire and pay your own lawyer to attend the Fairness Hearing at your expense, but you are not required to do so.

## 20.  May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing, but only *if* you timely file an objection in full compliance with the instructions set forth in Section 16, and *if* you also state in that objection that you would like to speak at the Fairness Hearing.  However, any separate attorney you hire may appear only if he or she files through the Court's Case Management/Electronic Case Filing (CM/ECF) system a separate "Notice of Intention to Appear in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-01376-MMH-PDB)."  That notice must be filed with the Court no later than MONTH DAY, 2018.  You cannot speak at the Fairness Hearing if you have excluded yourself from the Settlement Class.

## IF YOU DO NOTHING

## 21.  What if I do nothing?

If you do nothing, and the Settlement is given final approval by the Court and it reaches the Final Settlement Date, you will still be entitled to receive an Individual Allocation.  You will also be bound by the Release, and therefore you will not be able to file your own lawsuit, continue with your own lawsuit, or be part of any other lawsuit against Ocwen and the Released Parties concerning any of the Released Claims.

## GETTING MORE INFORMATION

## 22.  Where can I get additional information?

This notice summarizes the Settlement.  For the precise terms and conditions of the settlement, please see the full Settlement Agreement available at www.class-settlement.com/GrantSettlement, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.flmd.uscourts.gov/CMECF/default.htm, or by visiting the office of the Clerk of the Court for the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

### PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, OR OCWEN TO INQUIRE ABOUT THIS SETTLEMENT.

# EXHIBIT B



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Loan Number

Glenda Randolph

Property Address:

## Re: Delinquency Information

Dear Glenda Randolph

We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.

### **DELINQUENCY NOTICE**

You are late on your mortgage payments. As of 04/25/14, you are 1909 days delinquent on your mortgage loan. Your account first became delinquent on 02/02/09. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.

Recent Account History

- Payment due 01/04/14: UNPAID AMOUNT OF $661.68
- Payment due 12/04/13: UNPAID AMOUNT OF $661.68
- Payment due 11/04/13: UNPAID AMOUNT OF $661.68
- Payment due 10/04/13: UNPAID AMOUNT OF $661.68
- Payment due 09/04/13: UNPAID AMOUNT OF $661.68
- Payment due 08/04/13: UNPAID AMOUNT OF $661.68

- Total: $51181.99. You must pay this amount to bring your loan current.
  This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.

Your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed.

If You Are Experiencing Financial Difficulty:  If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

NMLS # 1852                                                                                    MADNREM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!*™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00am to 5:00 pm ET, and Sunday 9:00am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

Research Department,  P.O. Box 24736, West Palm Beach, Florida  33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, Raheela Basri, by contacting us at (800) 746-2936, Raheela Basri is your designated contact for inquiries and the submission of documents as needed.

Sincerely,

Ocwen Loan Servicing, LLC

Please Note: This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

Notice Regarding Bankruptcy: Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                                           MADNREM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

# EXHIBIT C



OCWEN
Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

IMA SAMPLE
IMA SAMPLE TOO
123 ANYWHERE STREET
MY TOWN  USA  00000-0000

## Mortgage Account Statement

| Property Address | 123 Anywhere Street |
| | My Town, USA  00000 |

| Statement Date | mm/dd/yy |
| Account Number | XXXXXXXXX |
| Payment Due Date | mm/dd/yy |
| Amount Due | $$$$$$$$$$ |
| If payment is received after mm/dd/yy, a $$$$$$ late fee will be charged. | |

| Customer Care | 800-746-2936 |
| Insurance | 866-825-9265 |

### Account Information

| Principal Balance | $$$$$$$$ |
| Escrow Balance | $$$$$$$$ |
| Maturity Date | mm/dd/yyyy |
| Interest Rate | % |
| Prepayment Penalty | X |

* This is your Principal Balance only, not the amount required to pay the loan in full.

### Explanation of Amount Due

| Principal | $$$$$$$$ |
| Interest | $$$$$$$$ |
| Escrow | $$$$$$$$ |
| **Total Regular Payment** | **$$$$$$$$** |
| **Total Amount Due** | **$$$$$$$$** |

### Activity Since Last Statement (mm/dd/yy to mm/dd/yy)

| | | | | How Payments & Charges were Applied | | | | | |
| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| mm/dd/yy | mm/dd/yy | Trans Desc | $$$$$$ | $$$$$$ | $$$$$$ | $$$$$$ | | | | |

### Past Payments Breakdown

| | Past Due Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $$$$$$ | $$$$$$ |
| Interest | $$$$$$ | $$$$$$ |
| Escrow (Taxes & Insurance) | $$$$$$ | $$$$$$ |
| Fees/Other Charges | $$$$$$ | $$$$$$ |
| Unapplied Funds** | $$$$$$ | $$$$$$ |
| Total | $$$$$$ | $$$$$$ |

### Special Notices

### Important News

You must use this address for all qualified written requests, notices of error, and/or requests for information.  Research Department, PO Box 24738, West Palm Beach, FL 33416-4738.
¹Attention Military Families! We are committed to doing what we can to support our customers in the military.  If you or a member of your family are in the military and are experiencing a financial hardship, please contact us at (800) 746-2936 or email us at www.ocwencustomers.com to discuss your situation and identify possible alternatives.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Ibea Rep your relationship manager, or schedule an appointment at www.ocwencustomers.com.

See reverse side for important information and state specific disclosures.

OCWEN

### Payment Coupon

| AMOUNT DUE | $$$$$$ |
| If received after mm/dd/yy add Late Charge of | $$$$$$ |
| Total Amount Due with Late Charge | $$$$$$ |
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

| Total Enclosed | |

Ima Sample
Account Number: XXXXXXXXX

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

0  0000000000  0000000000  00000000000000  00  000000000

Visit our website 24 hours a day at www.ocwencustomers.com

## Important Phone Numbers and Hours

Our automated telephone service will help you get fast and confidential answers to your questions. Be sure to have the Ocwen account number and social security number available for identification. You can call 24 hours a day, 7 days a week. Representatives are available to assist you during the following hours:

**Customer Care Center:** 1-800-746-2936   Monday-Friday: 8:00 am to 9:00 pm, Saturday: 8:00 am to 5:00 pm and Sunday: 9:00 am to 9:00 pm ET
**Homeowners Insurance:** 1-866-317-7801   Monday-Friday: 8:00 am to 9:00 pm, Saturday: 8:00 am to 5:00 pm and Sunday: 9:00 am to 9:00 pm ET
Special Number for the Hearing Impaired: 1-800-735-2940

## Payment and Correspondence Addresses

**Inquiries** — General inquiries/correspondence should be mailed separately from any account payments:

| | | |
|---|---|---|
| **Research Department**\*\* | **Regular Payments**\* | **Express Payments** |
| PO Box 24736 | PO Box 6440 | 2012 Corporate Lane, Suite 108 |
| West Palm Beach, FL 33416-4736 | Carol Stream, IL 60197-6440 | Naperville, IL 60563-0720 |
| **Insurance Department** | **Insurance Claims** | **Tax Bills** | **HELOC Closure Requests** |
| PO Box 690826 | PO Box 605407 | PO Box 24665 | PO Box 24642 |
| San Antonio, TX 78265-9123 | Irving, TX 75063-9404 | West Palm Beach, FL 33416-4665 | West Palm Beach, FL 33416-4642 |

**Please address all correspondence to Ocwen Loan Servicing, LLC to the attention of the appropriate department. Be sure to include the Ocwen account number, name and property address.**

\* All checks should be made payable to Ocwen Loan Servicing, LLC. Do not send correspondence with any payment and ensure that the Ocwen account number, name and property address are written on the front of the check or money order.
\*\* This address must be used for all qualified written requests, notices of error, and/or requests for information.

## Ocwen Fee Structure\*

| Loan Documents | | Payments | |
|---|---|---|---|
| Collateral (Mortgage, Note and Riders) | FREE | Website - (pay before or within 10 days of due date) | FREE |
| Individual documents | FREE | Website - (pay 10 days or more after due date) | up to $10.00 |
| Payment History (free on www.ocwencustomers.com) | up to $5.00 | Automated Phone System | up to $12.00 |
| Verification of Mortgage (free on www.ocwencustomers.com) | up to $10.00 | Agent Assistance | up to $19.50 |
| Amortization Schedule | FREE | Returned Check Fee | up to $40.00 |

\* These fees are subject to change and may not apply in all instances, depending upon applicable state laws.

## Convenient Payment Options

**Online Payment Services** — Pay mortgage bills and view mortgage account statements online! To get started simply register for Account Access at www.ocwencustomers.com, login, and follow the enrollment instructions.

**ACH (Automated Payments)** — Automatic monthly payment withdrawals can now be easily setup and managed right from our website at www.ocwencustomers.com. Payments can be automatically drafted from a designated bank account on a monthly basis, saving time and money, or as a one-time draft, that is free if drafted within ten days of the due date.

**Pay by Phone** — For information to use this quick and convenient service call the Customer Care number listed above. Please have the bank routing number and bank account number available. Fees may apply.

**Pay via Western Union® Quick Collect®** — To use this payment option, find the nearest location by calling 1-800-238-5772 or visiting www.westernunion.com and clicking on "Find A Location". The city code is "Ocwen" and the state is "FL". All payments should be made to "OCWEN" and provide the loan number.

**Pay via MoneyGram® and Express Payments®** — To find the nearest location, call 1-800-Moneygram or visit www.moneygram.com and click on "Locate MoneyGram Agent". At the agent location, please provide the clerk with the loan number, Receive Code 2355, the Company Name "OCWEN", the City Code "ORLANDO", and the State Code "FLORIDA". MoneyGram® and Express Payment® are registered marks of MoneyGram Payment Systems, Inc.

## Important Information

**Important Notice** — This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

**Payment Processing** — Payments received by 9:00 AM local time will be applied the same day as received.

**Electronic Debit** — When a check is provided as payment, we are authorized by the payor of the check either to use information from the check to make a one-time electronic funds transfer from the designated account or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from the designated account as soon as the same day the payment is received, and you will not receive the check back from the designated financial institution.

**Important Credit Reporting Notification** — We may report information about the account to credit bureaus. Late payments, missed payments, or other defaults on the account may be reflected on your credit report.

**Optional Product Information** — Failure to pay a monthly charge for an Optional Product billed under "Optional Products" will not cause the mortgage account to be in default. Please call the Customer Care number listed above if you have any questions or to cancel the Optional Product enrollment.

**Housing Counselor Information** — If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organization in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

## Important Bankruptcy Information

If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-855-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, PO Box 24781, West Palm Beach, FL 33416-4781.

## State Disclosures

**California Property Owners** — Additional accountings can be requested pursuant to Section 2954 of the California Civil Code.

**New York Property Owners** — As the mortgage servicer, we are registered with the New York Department of Financial Services. You may file complaints about us with the New York Department of Financial Services. You may also obtain additional information from the New York Department of Financial Services by contacting the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

**Texas Property Owners** — COMPLAINTS REGARDING THE SERVICING OF THIS MORTGAGE SHOULD BE SENT TO THE TEXAS DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Colorado Property Owners** — **Important Notice for Customers in Colorado** — Ocwen Loan Servicing, LLC maintains an office in Denver, Colorado that accepts in-person payments. For other account inquiries, please call us at (800) 746-2936 or visit our website www.ocwencustomers.com.

Address: 1776 S. Jackson Street, #900
        Denver, Colorado 80210
        Telephone: (303) 327-8955

NMLS #: 1852     NC Permit #: 3948



# EXHIBIT D

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GLENDA GRANT, f/k/a GLENDA
RANDOLPH, individually and on behalf of
a class of persons similarly situated,

      Plaintiff,

                                 Case No.: 3:15-cv-01376-MMH-PDB

vs.

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant has provided written consent for this amendment. Plaintiff, GLENDA GRANT, formerly known as GLENDA RANDOLPH ("Plaintiff"), on behalf of herself and all others similarly situated, brings suit against Defendant, OCWEN LOAN SERVICING, LLC, ("Defendant" or "OCWEN") as follows:

## INTRODUCTION

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*. This action arises out of OCWEN's illegal efforts to collect consumer debts. Specifically, OCWEN regularly attempts to collect debts previously discharged by order of a Federal bankruptcy court. As Judge Posner stated: "Dunning people for their discharged debts would undermine the 'fresh start' rationale of bankruptcy and is prohibited by the [FDCPA] which … prohibits a debt collector from making a 'false representation of the character, amount, or legal status of any debt.'[1]

---

[1] *Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493, 495 (7th Cir. 2007).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331(b), 15 U.S.C. § 1692k, and 28 U.S.C. § 1334(b).

3.      Venue is appropriate under 28 U.S.C. § 1391 since Plaintiff resides in this District and the conduct complained of occurred in this District.

## PARTIES

4.      Plaintiff, GLENDA GRANT f/k/a GLENDA RANDOLPH, is a natural person and resident of Duval County, Florida.

5.      Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), is a corporation doing business in Duval County, Florida.  Upon information and belief, Defendant is a registered debt collector with the Florida Office of Financial Regulation.

## FACTUAL ALLEGATIONS

6.      Sometime in 2007, Plaintiff took out a loan from IndyMac Bank, F.S.B. for a mortgage on her home at 1632 Golf Forest Dr., Jacksonville, Florida 32208 ("the Loan").  The Loan was for personal, family, or household purposes and it is therefore a "debt" as that term is defined under the FDCPA at 15 U.S.C. § 1692a(5). On or about December 15, 2010, Plaintiff filed a voluntary Chapter 7 petition in U.S. Bankruptcy Court, Middle District of Florida, Jacksonville Division.  *In re Grant, Glenda Randolph*, Case No.: 3:10-bk-10754.

7.      On March 24, 2011, the Plaintiff received a Chapter 7 discharge.  See Exhibit A.

8.      Pursuant to the Chapter 7 bankruptcy discharge order, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

9.      Sometime in late 2013, the Loan was transferred or assigned to OCWEN for servicing.  The loan was in default at the time it was transferred to OCWEN, and it had been over two years since Plaintiff received a Chapter 7 discharge.

10.      Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continues to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00.  (Plaintiff's Account Statements are attached as Composite Exhibit B).  The Account Statements constitute an effort to collect a debt and reference, *"Mortgage Account Statement," "Total Amount Due,"* and *"Due Date: Due Now."*

11.      Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon.  For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff.  See Exhibit B.

12.      Despite receiving a bankruptcy discharge in March 2011, Plaintiff has received from OCWEN account statements and other correspondence every month since OCWEN acquired the rights to service the loan at issue.

13.      OCWEN still continues to request payments from Plaintiff, as of the date of filing this Complaint.

14.      OCWEN has no legal right to collect or attempt to collect any amount from the Plaintiff or putative class members.

15.     In addition, OCWEN sent Plaintiff and other class members "Delinquency Notices," (hereinafter "DELINQUENCY NOTICE(s)") after she had filed for, and received, a bankruptcy discharge.  Attached hereto as composite Exhibit C.

16.     For example, Plaintiff's April 25, 2014 DELINQUENCY NOTICE states: "**You are late on your mortgage payments,**" "Failure to bring your loan current may result in fees and foreclosure – the loss of your home," "**Total: $51,181.99.  You must pay this amount to bring your loan current.**"  *See* composite Exhibit C.  In addition, the DELINQUENCY NOTICE also states: "contact us for your current reinstatement amount or payoff amount," "This is an attempt to collect a debt."  *Id.*

17.     Even though Plaintiff and similarly situated class members received a discharge of the subject debt, OCWEN sent the Account Statements and DELINQUENCY NOTICES to Plaintiff and other class members, knowing that it would cause them to act.  OCWEN's collection methods are abusive, deceptive, and unfair since the Account Statements and DELINQUENCY NOTICES threaten to take action that is not legally available to OCWEN.

## <u>CLASS ALLEGATIONS</u>

18.     Plaintiff brings this claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class defined as:

> All borrowers on home mortgage loans who were sent a Monthly Statement and/or Delinquency Notice by Ocwen Loan Servicing, LLC between November 17, 2014 and April 19, 2018 while their loan was flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge.  Excluded from the Settlement Class are: (i) Ocwen's board members and executive level officers; (ii) persons who timely and properly exclude themselves from the Settlement Class; and (iii) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.

19.     The class period runs from one year prior to the filing of Plaintiff's initial Complaint in this matter through April 19, 2018.

20.     Upon information and belief, OCWEN developed and regularly employs a business model and computer-software platform whereby OCWEN tracks when consumers are discharged from their debts through Bankruptcy.   Despite this information, OCWEN systematically seeks monetary recovery on discharged amounts from borrowers who received bankruptcy discharges on the promissory notes and mortgage loans.

21.     Upon information and belief, OCWEN intentionally and systematically sends such borrowers correspondence demanding payment of amounts discharged in bankruptcy, including but not limited to periodic account statements containing payment demands and detachable payment coupons in an effort to seek monetary recoveries on discharged debts.

22.     The class is so numerous that joinder of all members is impractical. OCWEN routinely uses form "Account Statements" and DELINQUENCY NOTICES similar to Composite Exhibit B and Exhibit C when attempting to collect on these discharged debts. OCWEN uses the same form "Account Statements" in connection with its collection efforts in hundreds if not thousands of instances. Given the percentage of consumers who filed for Bankruptcy as a result of the recent economic downturn and who received an "Account Statement" during the appropriate time frame, and the size of Ocwen's loan servicing portfolio, it is reasonable to presume that there are thousands of class members.

23.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members.  The principal issues raised  by this claim are whether OCWEN's collection efforts regarding discharged debts violate the FDCPA.

5

24. The only individual question concerns the identification of the persons whose consumer rights have been violated by OCWEN's practices, which are the subject of this complaint. This can be determined by ministerial examination of OCWEN's records.

25. The Plaintiff's claims are typical of those of the class members. All are entitled to relief by virtue of OCWEN's violations of the consumer protection statutes asserted herein.

26. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class actions as well as the handling of actions involving unlawful business practices, consumer mortgage loans and bankruptcy related class actions. Neither Plaintiff nor her counsel have any interests antagonistic to the Class or which might cause them not to vigorously pursue this action.

27. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the class members in individually controlling the prosecution and defense of separate actions is minimal, in that the class members are unlikely to be aware that their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified as class actions.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 *et seq.* ("FDCPA")
### On Behalf of the Account Statement Class

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29.     This is an action seeking class-wide relief for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Specifically, by attempting to collect debts previously discharged in bankruptcy, OCWEN has violated the FDCPA.

30.     The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

31.     At all times material herein, Plaintiff and others similarly situated were "consumers" as defined by 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

32.     At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer "debts" as defined by 15 U.S.C. 1692a(5), since they were obligations of a consumer to pay money arising out of a transaction in which the money and property which were the subject of the transaction were primarily for personal, family, or household purposes.

33.     At all times material herein, OCWEN was a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), since the debts at issue were in default at the time OCWEN acquired and/or began servicing them.

34.     The numerous "Account Statements" sent from OCWEN to Plaintiff and others similarly situated were "communications" as that term is defined by 15 U.S.C. § 1692a(2), since they were mediums used to directly convey information on a debt.

35.     Plaintiff filed a voluntary Chapter 7 bankruptcy petition on or about December 15, 2010.

36.     On March 24, 2011, the Plaintiff received a Chapter 7 bankruptcy discharge.  See Exhibit A.

7

37.     At all material times herein, Defendant knew or should have known that the debt it was attempting to or did collect from the Plaintiff and the Class Members had been discharged.

38.     In accordance with Plaintiff's Chapter 7 bankruptcy discharge, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

39.     Despite knowledge and actual notice that the debt was discharged and no longer valid, OCWEN continued to dun the Plaintiff and send monthly "Account Statements" for an amount in excess of $137,000.00.   (Plaintiffs' Account Statements are attached as Composite Exhibit B).   The Account Statements constitute an effort to collect a debt and reference, "Mortgage Account Statement," "Total Amount Due," and "Due Date: Due Now."

40.     Moreover, the "Account Statements" contain payment instructions, a payment amount, a payment deadline, and a tear-away payment coupon.   For example, Plaintiffs' November 17, 2014 Account Statement represents that Plaintiff is to pay $137,615.63 as soon as possible (indicates "Due Now"), and even includes a tear-away payment coupon containing that amount and a blank space for "Total Enclosed," which shows OCWEN clearly contemplated payment from Plaintiff.   See Exhibit B.

41.     At the time OCWEN sent the abovementioned "Account Statements" to Plaintiff and others similarly situated, all monetary amounts owed by Plaintiff and others similarly situated had been discharged by bankruptcy proceedings and were no longer due and owing.

42.     By sending "Account Statements" to Plaintiff and others similarly situated, OCWEN attempted to collect a debt and represented that it had a legal right to collect upon discharged monetary amounts.   OCWEN's conduct violates 15 U.S.C. § 1692e, which prohibits

the use of false, deceptive, or misleading representations in connection with the collection of a debt.

43.     In addition, OCWEN's abovementioned collection activities falsely represented/represent the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

44.     As a direct and proximate result of OCWEN's FDCPA violations, Plaintiff and others similarly situated have been harmed.  Plaintiff and others similarly situated are entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

45.     For purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test.  *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985).

46.     Plaintiff, on behalf of herself and others similarly situated, retained the undersigned attorneys for the purposes of pursuing this matter against OCWEN and is obligated to pay her attorneys a reasonable fee for services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a.     Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing undersigned as Class Counsel;

b.     Adjudging that Defendant violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Declaring that Defendant's attempt to collect debts previously discharged in bankruptcy is unlawful;

d.      Enjoining Defendant from sending Account Statements similar to those attached as "Exhibit B" in the manner described in this lawsuit;

e.      Enjoining Defendant from sending Delinquency Notices similar to the one attached as "Exhibit C" in the manner described in this lawsuit;

f.      Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3); and

g.      Awarding such other and further relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Dated: <u>May 4, 2018</u>                      **VARNELL & WARWICK, P.A.**

                                       s/ Brian W. Warwick
                                       JANET R. VARNELL; FBN:  0071072
                                       BRIAN W. WARWICK; FBN:  0605573
                                       DAVID K. LIETZ (ADMITTED PRO HAC VICE)
                                       P.O. Box 1870
                                       Lady Lake, FL  32158
                                       Telephone: (352) 753-8600
                                       Facsimile:  (352) 504-3301
                                       *jvarnell@varnellandwarwick.com*
                                       *bwarwick@varnellandwarwick.com*
                                       *dlietz@varnellandwarwick.com*
                                       *kstroly@varnellandwarwick.com*

                                       **Attorneys for Plaintiff and the Class**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of May, 2018, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of

electronic filing to the following:

Timothy A. Andreu
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, Florida  33602

Michael R. Pennington (pro hac vice)
Robert J. Campbell (pro hac vice)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35173

Attorneys for Defendant

/s/ Brian W. Warwick
**BRIAN W. WARWICK**

# EXHIBIT A

**Form B18 (Official Form 18)(12/07)**

# United States Bankruptcy Court

## Middle District of Florida

### Case No. 3:10–bk–10754–JAF

#### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Glenda Randolph Grant
    aka Glenda Joyce Randolph
    1632 Golf Forest Dr
    Jacksonville, FL 32208

Social Security No.:
    xxx–xx–3921

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

_____

Dated: March 24, 2011

Jerry A. Funk
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7 , the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT B



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

O C W E N

www.ocwencustomers.com

| | Mortgage Account Statement |
|---|---|
| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
| Statement Date | 07/16/15 |
| Account Number | 0165 |
| Due Date | Due Now |
| Amount Due | $139,537.07 |
| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611



| Account Information | | Amount Due | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $37,698.26 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $5,277.03 |
| Prepayment Penalty | No | Total Amount Due | $139,537.07 |
| | | Alternative Payment – Reinstatement | |
| | | Reinstatement amount (as of 7/16/15) | $62,085.95 |

*This is the Principal Balance only, not the amount required to pay the loan in full.

| | | | | | How Payments & Charges were Applied | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
| 07/15/15 | 07/15/15 | Waived | $100.00 | | | | | | | $100.00 |
| 07/15/15 | 07/15/15 | Atty. Fees | $0.00 | | | | | | | |

| | Paid Since Last Statement | Paid Year to Date | |
|---|---|---|---|
| Principal | $.00 | $.00 | |
| Interest | $.00 | $.00 | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | |
| Fees/Other Charges | $100.00 | $200.00 | |
| Unapplied Funds** | $.00 | $.00 | |
| Total | $100.00 | $200.00 | |

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with the mortgage note. Payments will be first applied to bring the loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal. Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote -- you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above. To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) -- any other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your

-- -- -- -- -- See reverse side for important information and state specific disclosures. -- -- -- --



O C W E N

Payment Coupon

| AMOUNT DUE | $139,537.07 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| Total Enclosed | |

Glenda Randolph
Account Number: 0165

Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440



0165 50 139537070



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| Statement Date | 07/16/15 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$139,537.07** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

| | | | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $37,698.26 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $5,277.03 |
| Prepayment Penalty | No | **Total Amount Due** | **$139,537.07** |
| | | Alternative Payment – Reinstatement | |
| | | Reinstatement amount (as of 7/16/15) | $62,085.95 |

* This is the Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date | |
|---|---|---|---|
| Principal | $.00 | $.00 | |
| Interest | $.00 | $.00 | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | |
| Fees/Other Charges | $100.00 | $200.00 | |
| Unapplied Funds** | $.00 | $.00 | |
| Total | $100.00 | $200.00 | |

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Sahil Dhermy, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

---

**See reverse side for important information and state specific disclosures.**

OCWEN

**Payment Coupon**

Glenda Randolph
Account Number 0165

| AMOUNT DUE | $139,537.07 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

0165 50 139537070

**OCWEN**

PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| Statement Date | 10/16/15 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$143,279.57** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

### Account Information

| | |
|---|---|
| Principal Balance* | $88,622.83 |
| Escrow Balance | -$8,921.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $39,139.26 |
| Escrow Advance | $8,921.95 |
| Past Due Fees/Other Charges | $6,595.53 |
| **Total Amount Due** | **$143,279.57** |
| *Alternative Payment – Reinstatement* | |
| Reinstatement amount (as of 10/16/15) | $65,523.53 |

\* This is the Principal Balance only, not the amount required to pay the loan in full.

### Activity Since Last Statement (5 to 10/16/15)

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $210.50 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $210.50 |

### Special Notices

### Important News

To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) — any other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your loan. If you have an attorney, please provide a copy of this statement to your attorney.

If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Jivaji Mustafa, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

See reverse side for important information and state specific disclosures.

**OCWEN**

**Payment Coupon**

Glenda Randolph
Account Number: 0165

| AMOUNT DUE | $143,279.57 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

0165 50 143279578



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

**OCWEN**

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

| Statement Date | 10/16/15 |
|---|---|
| Account Number | ___0165 |
| Due Date | Due Now |
| **Amount Due** | **$143,279.57** |

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

## Account Information

| | | Explanation of Amount Due | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$8,921.95 | Interest | $39,139.26 |
| Maturity Date | February 1, 2037 | Escrow Advance | $8,921.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $6,595.53 |
| Prepayment Penalty | No | Total Amount Due | $143,279.57 |
| | | Alternative Payment – Reinstatement | |
| | | Reinstatement amount (as of 10/16/15) | $65,523.53 |

\* This is the Principal Balance only, not the amount required to pay the loan in full.

## Activity Since Last Statement to 10/16/15

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/14/15 | 10/14/15 | Insurance Disbursement ALLSTATE INSURANCE CO | -$983.00 | | | -$983.00 | | | | |

*How Payments & Charges were Applied*

## Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $210.50 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $210.50 |

**Special Notices**

## Important News

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with the mortgage note. Payments will be first applied to bring the loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Tax season is right around the corner. Please visit OCWEN's website at www.ocwencustomers.com to verify the social security number on file for your loan.
Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote – you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.

---

**See reverse side for important information and state specific disclosures.**



**OCWEN**

**Payment Coupon**

| AMOUNT DUE | $143,279.57 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| Total Enclosed | |

Glenda Randolph
Account Number: ___0165



Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

1165 50 143279578



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

OCWEN

www.ocwencustomers.com

## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr |
| --- | --- |
| | Jacksonville, FL 32208 |

| Statement Date | 07/16/15 |
| --- | --- |
| Account Number | ████0165 |
| Due Date | Due Now |
| **Amount Due** | **$139,537.07** |

| Customer Care | 800-746-2936 |
| --- | --- |
| Insurance | 866-317-7681 |

| | | | | |
| --- | --- | --- | --- |
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $37,698.26 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,936.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $5,277.03 |
| Prepayment Penalty | No | **Total Amount Due** | **$139,537.07** |
| | | *Alternative Payment – Reinstatement* | |
| | | **Reinstatement amount (as of 7/16/15)** | **$62,085.95** |

\* This is the Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date | |
| --- | --- | --- | --- |
| Principal | $.00 | $.00 | |
| Interest | $.00 | $.00 | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | |
| Fees/Other Charges | $100.00 | $200.00 | |
| Unapplied Funds** | $.00 | $.00 | |
| Total | $100.00 | $200.00 | |

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Sahil Dhermy, your
relationship manager, or schedule an appointment at www.ocwencustomers.com.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

See reverse side for important information and state specific disclosures.



OCWEN

### Payment Coupon

| | |
| --- | --- |
| **AMOUNT DUE** | $139,537.07 |
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph
Account Number: ████0165

Note: If the loan is current, any
excess funds will first be applied
to outstanding amounts due and
then additional principal.

If this payment is made via
automatic drafting, this statement
is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

0165 50 139537070 



O C W E N

West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611

| | |
|---|---|
| Statement Date | 06/16/15 |
| Account Number | ████0165 |
| Due Date | Due Now |
| **Amount Due** | **$139,063.61** |

| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

| | | | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $37,224.80 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Fees/Other Charges (Since Last Statement) | $100.00 |
| Prepayment Penalty | No | Past Due Fees/Other Charges | $5,177.03 |
| | | **Total Amount Due** | **$139,063.61** |
| | | *Alternative Payment – Reinstatement* | |
| | | Reinstatement amount (as of 6/16/15) | $61,476.09 |

\* This is the Principal Balance only, not the amount required to pay the loan in full.

**How Payments & Charges were Applied**

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/16/15 | | Charge - Property Valuation Expense | -$100.00 | | | | | | -$100.00 | |

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $100.00 |

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with the mortgage note. Payments will be first applied to bring the loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote – you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.
To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) – any other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your

See reverse side for important information and state specific disclosures.



O C W E N

**Payment Coupon**

| | |
|---|---|
| **AMOUNT DUE** | $139,063.61 |
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph
Account Number: ████0165



Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

0165 50 139063614

OCWEN

West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr |
| | Jacksonville, FL 32208 |

| Statement Date | 06/16/15 |
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$139,063.61** |

| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.96 | Interest | $37,224.60 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Fees/Other Charges (Since Last Statement) | $100.00 |
| Prepayment Penalty | No | Past Due Fees/Other Charges | $5,177.03 |
| | | **Total Amount Due** | **$139,063.61** |
| | | *Alternative Payment – Reinstatement* | |
| | | **Reinstatement amount (as of 6/16/15)** | **$61,476.09** |

* This is the Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date | |
| --- | --- | --- | --- |
| Principal | $.00 | $.00 | |
| Interest | $.00 | $.00 | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | |
| Fees/Other Charges | $.00 | $100.00 | |
| Unapplied Funds** | $.00 | $.00 | |
| Total | $.00 | $100.00 | |

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Mustafa Jivaji, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

OCWEN

**See reverse side for important information and state specific disclosures.**

Payment Coupon

Glenda Randolph

Account Number: 0165

| **AMOUNT DUE** | $139,063.61 |
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |

| Total Enclosed | |

Note. If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

0165 50 139063614

OCWEN

PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| Statement Date | 12/16/14 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$138,079.67** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $34,338.86 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $7,179.03 |
| **Total Amount Due** | **$138,079.67** |
| *Alternative Payment – Reinstatement* | |
| **Reinstatement amount (as of 12/16/14)** | **$56,868.63** |

* This is your Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $10.50 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $10.50 |

other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Chacko Jubin Cherin, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - See reverse side for important information and state specific disclosures. - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OCWEN

**Payment Coupon**

| AMOUNT DUE | $138,079.67 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| Total Enclosed | |

Glenda Randolph
Account Number: 0165

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If the payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

J165 50 138079678



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

OCWEN

www.ocwencustomers.com

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611



## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

| Statement Date | 05/18/15 |
|---|---|
| Account Number | ████████165 |
| Due Date | Due Now |
| **Amount Due** | **$138,505.93** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7861 |

| | | | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $36,767.12 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $5,177.03 |
| Prepayment Penalty | No | **Total Amount Due** | **$138,505.93** |
| | | Alternative Payment – Reinstatement | |
| | | Reinstatement amount (as of 5/18/15) | $60,666.23 |

* This is the Principal Balance only, not the amount required to pay the loan in full.

### How Payments & Charges were Applied

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| | Paid Since Last Statement | Paid Year to Date | |
|---|---|---|---|
| Principal | $.00 | $.00 | |
| Interest | $.00 | $.00 | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | |
| Fees/Other Charges | $.00 | $100.00 | |
| Unapplied Funds** | $.00 | $.00 | |
| Total | $.00 | $100.00 | |

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Please note that your monthly payment amount has changed to $709.86 effective 06/01/2015. Further detail regarding the reason for this change will be included in a separate letter.
Payments received are to be applied in accordance with the mortgage note. Payments will be first applied to bring the loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote – you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, along with those not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.

See reverse side for important information and state specific disclosures.



OCWEN

### Payment Coupon

| AMOUNT DUE | $138,505.93 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph
Account Number: ████0165

Note: If the loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

||||||||||||||||||||||||||||||||||||||||||||||||||||||||

OCWEN

PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

| Statement Date | 04/16/15 |
|---|---|
| Account Number | ____0165 |
| Due Date | Due Now |
| **Amount Due** | **$137,997.83** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

**Account Information**

| | | |
|---|---|---|
| Principal Balance* | $88,622.83 | |
| Escrow Balance | -$7,938.95 | |
| Maturity Date | February 1, 2037 | |
| Interest Rate | 6.50000% | |
| Prepayment Penalty | No | |

**Amount Due Details**

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $36,259.02 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $5,177.03 |
| **Total Amount Due** | **$137,997.83** |
| *Alternative Payment – Reinstatement* | |
| Reinstatement amount (as of 4/16/15) | **$59,886.71** |

* This is your Principal Balance only, not the amount required to pay the loan in full.

**Activity Since Last Statement (03/14/15 to 04/16/15)**

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $100.00 |

To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) -- any other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Pooja Vijra, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

- - - - See reverse side for important information and state specific disclosures. - - - -

OCWEN

**Payment Coupon**

| **AMOUNT DUE** | $137,997.83 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph
Account Number ____0165

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

1165 50 137997839

PO Box 24738
West Palm Beach, FL 33416-4738

O C W E N

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

| Statement Date | 03/16/15 |
|---|---|
| Account Number | 165 |
| Due Date | Due Now |
| **Amount Due** | **$137,517.79** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

| Principal Balance* | $88,822.83 |
|---|---|
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

| Principal | $88,822.83 |
|---|---|
| Interest | $35,778.98 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $5,177.03 |
| **Total Amount Due** | **$137,517.79** |
| *Alternative Payment – Reinstatement* | |
| Reinstatement amount (as of 3/16/15) | $59,107.19 |

* This is your Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $100.00 |

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Chacko Jubin Cherin, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

- - - - - - - See reverse side for important information and state specific disclosures. - - - - - - -

O C W E N

Payment Coupon

| **AMOUNT DUE** | $137,517.79 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph
Account Number 0165

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440

65 50 137517793



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

**O C W E N**

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611

| | |
|---|---|
| Statement Date | 11/17/14 |
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$137,615.63** |

| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

### Account Information

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $33,874.82 |
| Escrow | $7,938.95 |
| Past Due Fees/Other Charges | $7,179.03 |
| **Total Amount Due** | **$137,615.63** |

* This is your Principal Balance only, not the amount required to pay the loan in full.

### Activity Since Last Statement (10/17/14 to 11/17/14)

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/30/14 | | Charge - Property Valuation Expense | -$100.00 | | | | | | -$100.00 | |
| 11/05/14 | 11/05/14 | Insurance Disbursement ALLSTATE INSURANCE COMPA | -$999.43 | | | -$999.43 | | | | |
| 11/12/14 | 11/12/14 | Tax Disbursement DUVAL COUNTY | -$638.09 | | | -$638.09 | | | | |

### Payment Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $10.50 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $10.50 |

### Special Notices

### Important Notes

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Tax season is right around the corner. Please visit OCWEN's website at www.ocwencustomers.com to verify the social security number on file for your loan.
Your loan has been accelerated, and the accelerated amount is now due. The accelerated amount due may not reflect fees and costs not billed or posted to your account as of the statement date. Ocwen, however, permits reinstatements of loans accelerated prior to foreclosure sale. You must contact Ocwen at (800) 746-2936 for your current reinstatement amount or payoff amount. If you are represented by an attorney, provide a copy of this statement to your attorney.

**See reverse side for important information and state specific disclosures.**

---



**O C W E N**

**Payment Coupon**

| AMOUNT DUE | $137,615.63 |
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

Glenda Randolph
Account Number 0165



OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

1165 50 137615639



O C W E N

Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Mortgage Account Statement | |
|---|---|

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

7/16/14 4:04 PM 3 0013321 20140715 JGEOO685 OCWSTMT 1 at DCM JGECO80007 146351 US

||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||·||

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611



| Statement Date | 07/17/14 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$133,957.95** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-825-9265 |

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | $6,301.43- |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $31,954.66 |
| Escrow | $6,301.43 |
| Past Due Fees/Other Charges | $7,079.03 |
| **Total Amount Due** | **$133,957.95** |

* This is your Principal Balance only, not the amount required to pay the loan in full.

| | | | | | How Payments & Charges were Applied | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
| 06/30/14 | | Charge - Property Valuation Expense | $-100.00 | | | | | | $-100.00 | |

| | Paid Since Last Statement | Paid Year to Date | | |
|---|---|---|---|---|
| Principal | $.00 | $.00 | | |
| Interest | $.00 | $.00 | | |
| Escrow (Taxes & Insurance) | $.00 | $.00 | | |
| Fees/Other Charges | $.00 | $10.50 | | |
| Unapplied Funds** | $.00 | $.00 | | |
| Total | $.00 | $10.50 | | |

You must use this address for all qualified written requests, notices of error, and/or requests for information. Research Department, PO Box 24736, West Palm Beach, FL 33416-4736.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Your loan has been accelerated and the accelerated amount is now due. The accelerated amount due may not reflect fees and costs not billed or posted to your account as of the statement date. Ocwen, however, permits reinstatements of loans accelerated prior to foreclosure sale. You must contact Ocwen at (561) 682-8000 for your current reinstatement amount or payoff amount. If you are represented by an

See reverse side for important information and state specific disclosures.



**Ocwen Loan Servicing, LLC**
PO Box 24738
West Palm Beach, FL 33416-4738

O C W E N

www.ocwencustomers.com

B1914 4:30 PM 3  0012414 20140818 #GGLA27 DOWRTMT 1 of DOM JIDZLA9000* 128841 J48

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611



## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr |
|---|---|
| | Jacksonville, FL 32208 |

| Statement Date | 09/17/14 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$134,918.03** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-825-9265 |

### Account Information

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | -$6,301.43 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

\* This is your Principal Balance only, not the amount required to pay the loan in full.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $32,914.74 |
| Escrow | $6,301.43 |
| Past Due Fees/Other Charges | $7,079.03 |
| **Total Amount Due** | **$134,918.03** |

### Activity Since Last Statement (08/18/14 to 09/17/14)

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | How Payments & Charges were Applied | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |

### Past Payment Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $10.50 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $10.50 |

### Important News

You must use this address for all qualified written requests, notices of error, and/or requests for information. Research Department, PO Box 24736, West Palm Beach, FL 33416-4738.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Your loan has been accelerated and the accelerated amount is now due. The accelerated amount due may not reflect fees and costs not billed or posted to your account as of the statement date. Ocwen, however, permits reinstatements of loans accelerated prior to foreclosure sale. You must contact Ocwen at (800) 746-2936 for your current reinstatement amount or payoff amount. If you are represented by an attorney, provide a copy of this statement to your attorney.

See reverse side for important information and state specific disclosures.



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

**O C W E N**

## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| Statement Date | 01/16/15 |
|---|---|
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$136,579.71** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

### Account Information

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

\* This is your Principal Balance only, not the amount required to pay the loan in full.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $34,818.90 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $5,199.03 |
| **Total Amount Due** | **$136,579.71** |
| *Alternative Payment – Reinstatement* | |
| **Reinstatement amount (as of 1/16/15)** | **$57,648.15** |

### Activity Since Last Statement (12/16/14 to 01/16/15)

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $.00 |

### Special Notices

### Important News

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Chacko Jubin Cherin, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

**OCWEN**

PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| Statement Date | 02/16/15 |
|---|---|
| Account Number | 0185 |
| Due Date | Due Now |
| **Amount Due** | **$137,037.75** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

| | | | | |
|---|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | | $35,298.94 |
| Maturity Date | February 1, 2037 | Escrow Advance | | $7,938.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | | $5,177.03 |
| Prepayment Penalty | No | **Total Amount Due** | | **$137,037.75** |
| | | *Alternative Payment – Reinstatement* | | |
| | | **Reinstatement amount (as of 2/16/15)** | | **$58,327.67** |

\* This is your Principal Balance only, not the amount required to pay the loan in full.

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $100.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $100.00 | $100.00 |

loan. If you have an attorney, please provide a copy of this statement to your attorney.
If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Chacko Jubin Cherin, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

West Palm Beach, FL 33416-4738

O C W E N          www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr<br>Jacksonville, FL 32208 |
|---|---|

| | |
|---|---|
| Statement Date | 03/16/15 |
| Account Number | █████0165 |
| Due Date | Due Now |
| **Amount Due** | **$137,517.79** |

349/13 2 30 Par 3  0013636 20160317 KOEL2806 OPAVSTMT 4 az BOM KCEL2806007 140651 MS

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL  32208-6611



| | |
|---|---|
| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

| | | | |
|---|---|---|---|
| Principal Balance* | $88,622.83 | Principal | $88,622.83 |
| Escrow Balance | -$7,938.95 | Interest | $35,778.98 |
| Maturity Date | February 1, 2037 | Escrow Advance | $7,938.95 |
| Interest Rate | 6.50000% | Past Due Fees/Other Charges | $5,177.03 |
| Prepayment Penalty | No | **Total Amount Due** | **$137,517.79** |
| | | *Alternative Payment – Reinstatement* | |
| | | **Reinstatement amount (as of 3/16/15)** | **$59,107.19** |

\* This is your Principal Balance only, not the amount required to pay the
loan in full.

### How Payments & Charges were Applied

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $100.00 |

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually
current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is
not considered a payoff quote -- you are still responsible for any additional fees and expenses that post to your account after the statement
date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount
due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to
a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.
To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) -- any
other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your



OCWEN

West Palm Beach, FL 33416-4738

www.ocwencustomers.com

| Property Address | 1632 Golf Forest Dr |
| | Jacksonville, FL 32208 |

4/7/2015 12:08 PM 3  60137H 20150417 K5F41800 OCWSTMT 1 of DOM #OF 118/0007 146461 MS

ılıllıırılıllllılııllılıllllılıpılılılılılpılllllıllpıllııılı

GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611



| Statement Date | 04/16/15 |
| Account Number | ██████0165 |
| Due Date | Due Now |
| **Amount Due** | **$137,997.83** |

| Customer Care | 800-746-2936 |
| Insurance | 866-317-7661 |

## Account Information

| Principal Balance* | $88,622.83 |
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

*This is your Principal Balance only, not the amount required to pay the loan in full.

## Total Amount You Owe

| Principal | $88,622.83 |
| Interest | $36,259.02 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $5,177.03 |
| **Total Amount Due** | **$137,997.83** |
| *Alternative Payment – Reinstatement* | |
| **Reinstatement amount (as of 4/16/15)** | **$59,886.71** |

## Activity Since Last Statement (03/16/15 to 04/16/15)

| | | | | How Payments & Charges were Applied | | | | | |
| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

## Past Payment Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $100.00 |

## Important News

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.

Please note that your monthly payment amount has changed to $709.86 effective 06/01/2015. Further detail regarding the reason for this change will be included in a separate letter.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote -- you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.

OCWEN
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com

**Mortgage Account Statement**

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|

| Statement Date | 09/17/14 |
|---|---|
| Account Number | 165 |
| Due Date | Due Now |
| **Amount Due** | **$134,918.03** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-825-9265 |

## Account Information

| | |
|---|---|
| Principal Balance | $88,622.83 |
| Escrow Balance | -$6,301.43 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

\* This is your Principal Balance only, not the amount required to pay the loan in full.

## Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $32,914.74 |
| Escrow | $6,301.43 |
| Past Due Fees/Other Charges | $7,079.03 |
| **Total Amount Due** | **$134,918.03** |

## Activity Since Last Statement (08/18/14 to 09/17/14)

## Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $.00 | $10.50 |
| Unapplied Funds\*\* | $.00 | $.00 |
| Total | $.00 | $10.50 |

## Special Notices

## Important News

If you have any questions about your loan, please call 1-800-746-2936 and ask to set up an appointment with Magda Acosta, your relationship manager, or schedule an appointment at www.ocwencustomers.com.

See reverse side for important information and state specific disclosures.

---

OCWEN

| Payment Coupon | | Glenda Randolph |
|---|---|---|
| | | Account Number: 7190060165 |

| AMOUNT DUE | $134,918.03 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| Total Enclosed | |

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440



0165 50 134918036

Serving you 24 hours a day at www.ocwencustomers.com

## Important Phone Numbers and Hours

Our automated telephone service will help you get fast and confidential answers to your questions. Be sure to have the Ocwen account number and social security number available for identification. You can call 24 hours a day, 7 days a week. Representatives are available to assist you during the following hours:

**Customer Care Center:** 1-800-746-2936   Monday-Friday: 8:00 am to 9:00 pm, Saturday: 8:00 am to 5:00 pm and Sunday: 9:00 am to 9:00 pm ET
**Homeowners Insurance:** 1-866-825-9265   Monday-Friday: 8:30 am to 7:00 pm ET
Special Number for the Hearing Impaired: 1-800-735-2943

## Payment and Correspondence Addresses

**Inquiries** — General inquiries/correspondence should be mailed separately from any account payments:

**Research Department\*\***
PO Box 24736
West Palm Beach, FL 33416-4736

**Insurance Department**
PO Box 6723
Springfield, OH 45501-6723

**Regular Payments\***
PO Box 6440
Carol Stream, IL 60197-6440

**Insurance Claims**
PO Box 630497
Irving, TX 75083-9404

**Express Payments**
6716 Grade Lane, Bldg 9, Ste 910
Louisville, KY 40213-1407

**Tax Bills**
PO Box 24665
West Palm Beach, FL 33416-4665

**HELOC Closure Requests**
PO Box 24642
West Palm Beach, FL 33416-4642

*Please address all correspondence to Ocwen Loan Servicing, LLC to the attention of the appropriate department. Be sure to include the Ocwen account number, name and property address.*

*\* All checks should be made payable to Ocwen Loan Servicing, LLC. Do not send correspondence with any payment and ensure that the Ocwen account number, name and property address are written on the front of the check or money order.*
*\*\* This address must be used for all qualified written requests, notices of error, and/or requests for information.*

## Ocwen Fee Structure\*

**Loan Documents**
| | | **Payments** | |
|---|---|---|---|
| Collateral (Mortgage, Note and Riders) | FREE | Website - (pay before or within 10 days of due date) | FREE |
| Individual documents | FREE | Website - (pay 10 days or more after due date) | up to $10.00 |
| **Payment History** (free on www.ocwencustomers.com) | up to $5.00 | Automated Phone System | up to $12.00 |
| **Verification of Mortgage** (free on www.ocwencustomers.com) | up to $10.00 | Agent Assistance | up to $19.50 |
| **Amortization Schedule** | FREE | Returned Check Fee | up to $40.00 |

*\* These fees are subject to change and may not apply in all instances, depending upon applicable state laws.*

## Convenient Payment Options

**Online Payment Services** — Pay mortgage bills and view mortgage account statements online! To get started simply register for Account Access at www.ocwencustomers.com, log-in, and follow the enrollment instructions.

**ACH (Automated Payments)** — Automatic monthly payment withdrawals can now be easily setup and managed right from our website at www.ocwencustomers.com. Payments can be automatically drafted from a designated bank account on a monthly basis saving time and money, or as a one-time draft, that is free if drafted within five days of the due date.

**Pay by Phone** — For information to use this quick and convenient service call the Customer Care number listed above. Please have the bank routing number and bank account number available. Fees may apply.

**Pay via Western Union® Quick Collect®** — To use this payment option, find the nearest location by calling 1-800-238-5772 or visiting www.westernunion.com and clicking on "Find A Location". The city code is "Ocwen" and the state is "FL". All payments should be made to "OCWEN" and provide the loan number.

**Pay via MoneyGram® and Express Payments®** — To find the nearest location, call 1-800-Moneygram or visit www.moneygram.com and click on "Locate MoneyGram Agent." At the agent location, please provide the clerk with the loan number, Receive Code 2355, the Company Name "OCWEN", the City Code "ORLANDO", and the State Code "FLORIDA". MoneyGram® and Express Payment® are registered marks of MoneyGram Payment Systems, Inc.

## Important Information

**Important Notice** — Ocwen Loan Servicing, LLC may be attempting to collect a debt and any information obtained will be used for that purpose. Ocwen Loan Servicing, LLC may assess a returned check fee consistent with the state laws and the mortgage contract on all checks returned unpaid by a financial institution. Additionally, Ocwen Loan Servicing, LLC may charge a fee for processing payoff requests.

**Electronic Debit**— When a check is provided as payment, we are authorized by the payor of the check either to use information from the check to make a one-time electronic funds transfer from the designated account or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from the designated account as soon as the same day the payment is received, and you will not receive the check back from the designated financial institution.

**Important Credit Reporting Notification** — We may report information about the account to credit bureaus. Late payments, missed payments, or other defaults on the account may be reflected in your credit report.

**Optional Product Information** — Failure to pay a monthly charge for an Optional Product billed under "Optional Products" will not cause the mortgage account to be in default. Please call the Customer Care number listed above if you have any questions or to cancel the Optional Product enrollment.

**Housing Counselor Information** — If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organization in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

## Important Bankruptcy Information

If you or your account are subject to pending bankruptcy or the obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt. If you have any questions about this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, PO Box 24781, West Palm Beach, FL 33416-4781.

## State Disclosures

**California Property Owners** — Additional accountings can be requested pursuant to Section 2954 of the California Civil Code.

**New York Property Owners** — As the mortgage servicer, we are registered with the New York Department of Financial Services. You may file complaints about us with the New York Department of Financial Services. You may also obtain additional information from the New York Department of Financial Services by calling the Department's Consumer Help Unit at 1-800-342-3736 or visiting the Department's website at www.dfs.ny.gov.

**Texas Property Owners** — COMPLAINTS REGARDING THE SERVICING OF THIS MORTGAGE SHOULD BE SENT TO THE TEXAS DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Colorado Property Owners** — **Important Notice for Customers in Colorado** — Ocwen Loan Servicing, LLC maintains an office in Denver, Colorado that accepts in-person payments. For other account inquiries, please call us at (800) 746-2936 or visit our website www.ocwencustomers.com.

Address: 1776 S. Jackson Street, #900
Denver, Colorado 80210
Telephone: (303) 327-8955

NMLS #: 1852     NC Permit #: 3946

**OCWEN**

PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com



GLENDA RANDOLPH
1632 GOLF FOREST DR
JACKSONVILLE FL 32208-6611

## Mortgage Account Statement

| Property Address | 1632 Golf Forest Dr Jacksonville, FL 32208 |
|---|---|
| Statement Date | 02/16/15 |
| Account Number | 0165 |
| Due Date | Due Now |
| **Amount Due** | **$137,037.75** |

| Customer Care | 800-746-2936 |
|---|---|
| Insurance | 866-317-7661 |

### Account Information

| | |
|---|---|
| Principal Balance* | $88,622.83 |
| Escrow Balance | -$7,938.95 |
| Maturity Date | February 1, 2037 |
| Interest Rate | 6.50000% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $88,622.83 |
| Interest | $35,298.94 |
| Escrow Advance | $7,938.95 |
| Past Due Fees/Other Charges | $5,177.03 |
| **Total Amount Due** | **$137,037.75** |
| *Alternative Payment – Reinstatement* | |
| **Reinstatement amount (as of 2/16/15)** | **$58,327.67** |

*\* This is your Principal Balance only, not the amount required to pay the loan in full.*

### Activity Since Last Statement (01/16/15 to 02/16/15)

| | | | | How Payments & Charges were Applied | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/ Other | Unapplied Funds |
| 01/30/15 | 01/29/15 | Waived | $100.00 | | | | | | | |
| 01/30/15 | 01/29/15 | Atty. Fees | $0.00 | | | | | | $78.00 | |
| 01/30/15 | 01/29/15 | Property Inspection Fee | $0.00 | | | | | | $11.00 | |
| 01/30/15 | 01/29/15 | Property Inspection | $0.00 | | | | | | $11.00 | |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $.00 |
| Interest | $.00 | $.00 |
| Escrow (Taxes & Insurance) | $.00 | $.00 |
| Fees/Other Charges | $100.00 | $100.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $100.00 | $100.00 |

### Special Notices

### Important News

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.
Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote -- you are still responsible for any additional fees and expenses that post to your account after the statement date. Any funds in your escrow account remain in the account, and have not been applied to your amount due. Once the accelerated amount due is received, any escrow account overages will be returned to you within 20 days. You can still reinstate your loan (bring your account to a current status) and avoid foreclosure. The amount required to reinstate your loan as of the date of this statement is listed above.
To reinstate your loan, send a CERTIFIED payment (cashier's check, bank check, title check, attorney's escrow check or wire transfer) -- any other methods of payment will be returned. Before sending any payment, contact us to verify the amount needed to pay off or reinstate your

**See reverse side for important information and state specific disclosures.**

**OCWEN**

**Payment Coupon**

| AMOUNT DUE | $137,037.75 |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Late Charges and Fees | |
| Other Additional Payments | |
| **Total Enclosed** | |

Glenda Randolph

Account Number 0165

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN LOAN SERVICING, LLC
PO BOX 6440
CAROL STREAM IL 60197-6440



0165 50 137037750

Visit our website 24 hours a day at www.ocwencustomers.com

## Important Phone Numbers and Hours

Our automated telephone service will help you get fast and confidential answers to your questions. Be sure to have the Ocwen account number and social security number available for identification. You can call 24 hours a day, 7 days a week. Representatives are available to assist you during the following hours:

**Customer Care Center:** 1-800-746-2936 Monday-Friday: 8:00 am to 9:00 pm, Saturday: 8:00 am to 5:00 pm and Sunday: 9:00 am to 9:00 pm ET
**Homeowners Insurance:** 1-866-317-7661 Monday-Friday: 8:00 am to 9:00 pm, Saturday: 8:00 am to 5:00 pm and Sunday: 9:00 am to 9:00 pm ET

Special Number for the Hearing Impaired: 1-800-735-2943

## Payment and Correspondence Addresses

**Inquiries** — General inquiries/correspondence should be mailed separately from any account payments:

| **Research Department\*\*** | **Regular Payments\*** | **Express Payments** |
| --- | --- | --- |
| PO Box 24736 | PO Box 6440 | 6716 Grade Lane, Bldg 9, Ste 910 |
| West Palm Beach, FL 33416-4736 | Carol Stream, IL 60197-6440 | Louisville, KY 40213-1407 |

| **Insurance Department** | **Insurance Claims** | **Tax Bills** | **HELOC Closure Requests** |
| --- | --- | --- | --- |
| PO Box 659826 | PO Box 630497 | PO Box 24665 | PO Box 24642 |
| San Antonio, TX 78265-9126 | Irving, TX 75063-9404 | West Palm Beach, FL 33416-4665 | West Palm Beach, FL 33416-4642 |

*Please address all correspondence to Ocwen Loan Servicing, LLC to the attention of the appropriate department. Be sure to include the Ocwen account number, name and property address.*

*\* All checks should be made payable to Ocwen Loan Servicing, LLC. Do not send correspondence with any payment and ensure that the Ocwen account number, name and property address are written on the front of the check or money order.*

*\*\* This address must be used for all qualified written requests, notices of error, and/or requests for information.*

## Ocwen Fee Structure\*

| Loan Documents | | Payments | |
| --- | --- | --- | --- |
| Collateral (Mortgage, Note and Riders) | FREE | Website - (pay before or within 10 days of due date) | FREE |
| Individual documents | FREE | Website - (pay 10 days or more after due date) | up to $10.00 |
| Payment History (free on www.ocwencustomers.com) | up to $5.00 | Automated Phone System | up to $12.00 |
| Verification of Mortgage (free on www.ocwencustomers.com) | up to $10.00 | Agent Assistance | up to $19.50 |
| Amortization Schedule | FREE | Returned Check Fee | up to $40.00 |

*\* These fees are subject to change and may not apply in all instances, depending upon applicable state laws.*

## Convenient Payment Options

**Online Payment Services** — Pay mortgage bills and view mortgage account statements online! To get started simply register for Account Access at www.ocwencustomers.com, log-in, and follow the enrollment instructions.

**ACH (Automated Payments)** — Automatic monthly payment withdrawals can now be easily setup and managed right from our website at www.ocwencustomers.com. Payments can be automatically drafted from a designated bank account on a monthly basis saving time and money, or as a one-time draft, that is free if drafted within ten days of the due date.

**Pay by Phone** — For information to use this quick and convenient service call the Customer Care number listed above. Free may apply.

**Pay via Western Union® Quick Collect®** — To use this payment option, find the nearest location by calling 1-800-238-5772 or visiting www.westernunion.com and clicking on "Find A Location". The city code is "Ocwen" and the state is "FL". All payments should be made to "OCWEN" and provide the loan number.

**Pay via MoneyGram® and Express Payments®** — To find the nearest location, call 1-800-Moneygram or visit www.moneygram.com and click on "Locate MoneyGram Agent". At the agent location, please provide the clerk with the loan number, Receive Code 2355, the Company Name "OCWEN", the City Code "ORLANDO", and the State Code "FLORIDA". MoneyGram® and Express Payment® are registered marks of MoneyGram Payment Systems, Inc.

## Important Information

**Important Notice** — This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

**Payment Processing** — Payments received by 9:00 AM local time will be applied the same day as received.

**Electronic Debit** — When a check is provided as payment, we are authorized by the payor of the check either to use information from the check to make a one-time electronic funds transfer from the designated account or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from the designated account as soon as the same day the payment is received, and you will not receive the check back from the designated financial institution.

**Important Credit Reporting Notification** — We may report information about the account to credit bureaus. Late payments, missed payments, or other defaults on the account may be reflected in your credit report.

**Optional Product Information** — Failure to pay a monthly charge for an Optional Product billed under "Optional Products" will not cause the mortgage account to be in default. Please call the Customer Care number listed above if you have any questions or to cancel the Optional Product enrollment.

**Housing Counselor Information** — If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organization in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

## Important Bankruptcy Information

If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, PO Box 24781, West Palm Beach, FL 33416-4781.

## State Disclosures

**California Property Owners** — Additional accountings can be requested pursuant to Section 2954 of the California Civil Code.

**New York Property Owners** — As the mortgage servicer, we are registered with the New York Department of Financial Services. You may file complaints about us with the New York Department of Financial Services. You may also obtain additional information from the New York Department of Financial Services by calling the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

**Texas Property Owners** — COMPLAINTS REGARDING THE SERVICING OF THIS MORTGAGE SHOULD BE SENT TO THE TEXAS DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Colorado Property Owners** — **Important Notice for Customers in Colorado** — Ocwen Loan Servicing, LLC maintains an office in Denver, Colorado that accepts in-person payments. For other account inquiries, please call us at (800) 746-2936 or visit our website www.ocwencustomers.com.

Address: 1776 S. Jackson Street, #900
Denver, Colorado 80210
Telephone: (303) 327-8955



NMLS #: 1852        NC Permit #: 3946

# EXHIBIT C



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

05/20/14

Loan Number ████0165

Glenda Randolph
1632 Golf Forest Dr
Jacksonville, FL 32208

Property Address: 1632 Golf Forest Dr
Jacksonville, FL 32208

## Re: Delinquency Information

Dear Glenda Randolph

**We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.**

| **\*\*DELINQUENCY NOTICE\*\*** |
|---|
| **You are late on your mortgage payments** As of 05/20/14, you are 1934 days delinquent on your mortgage loan. Your account first became delinquent on 02/02/09. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. |
| Recent Account History <ul><li>Payment due 01/05/14: UNPAID AMOUNT OF $661.68</li><li>Payment due 12/05/13: UNPAID AMOUNT OF $661.68</li><li>Payment due 11/05/13: UNPAID AMOUNT OF $661.68</li><li>Payment due 10/05/13: UNPAID AMOUNT OF $661.68</li><li>Payment due 09/05/13: UNPAID AMOUNT OF $661.68</li><li>Payment due 08/05/13: UNPAID AMOUNT OF $661.68</li></ul><ul><li>**Total: $51976.51. You must pay this amount to bring your loan current.** This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.</li></ul> |
| Your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed. |
| **If You Are Experiencing Financial Difficulty:** If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287. |

NMLS # 1852
**MADNREM**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

04/25/14

Loan Number: ░░░░░165

Glenda Randolph
1632 Golf Forest Dr
Jacksonville, FL 32208

Property Address: 1632 Golf Forest Dr
Jacksonville, FL 32208

## Re: Delinquency Information

Dear Glenda Randolph

**We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.**

---

### **DELINQUENCY NOTICE**

**You are late on your mortgage payments.** As of 04/25/14, you are 1909 days delinquent on your mortgage loan. Your account first became delinquent on 02/02/09. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.

Recent Account History

- Payment due 01/04/14: UNPAID AMOUNT OF $661.68
- Payment due 12/04/13: UNPAID AMOUNT OF $661.68
- Payment due 11/04/13: UNPAID AMOUNT OF $661.68
- Payment due 10/04/13: UNPAID AMOUNT OF $661.68
- Payment due 09/04/13: UNPAID AMOUNT OF $661.68
- Payment due 08/04/13: UNPAID AMOUNT OF $661.68

- **Total: $51181.99. You must pay this amount to bring your loan current.**
  This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.

Your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed.

**If You Are Experiencing Financial Difficulty:** If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

---

NMLS # 1852                                                                                          MADNREM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, Fl. 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00am to 5:00 pm ET, and Sunday 9:00am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

**Research Department,** P.O. Box 24736, West Palm Beach, Florida 33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, Raheela Basri, by contacting us at (800) 746-2936, Raheela Basri is your designated contact for inquiries and the submission of documents as needed.

Sincerely,

Ocwen Loan Servicing, LLC

Please Note: This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

Notice Regarding Bankruptcy: Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                                                    MADNREM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GLENDA    GRANT,    f/k/a    GLENDA
RANDOLPH, individually and on behalf of a
class of persons similarly situated,

              Plaintiff,                   CASE NO.: 3:15-cv-01376-MMH-PDB

vs.

OCWEN LOAN SERVICING, LLC,

              Defendant.

_____/


**[PROPOSED] ORDER PRELIMINARILY CERTIFYING A CLASS FOR**
**SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL**
**OF CLASS SETTLEMENT, AND DIRECTING THE ISSUANCE OF NOTICE**


The Parties and their respective counsel have entered into a Stipulation of Settlement and

Release ("Settlement") to settle and dismiss this litigation on a class-action basis, subject to the

Court's approval.  On May 7, 2018, the Parties jointly filed a motion for preliminary approval of

their Settlement (Doc. __).  Contemporaneously, Ocwen filed an unopposed motion for an order

finding that it had complied with the notice requirements of the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. §1715, with respect to the  Settlement (Doc. __).  The Court has reviewed

the Parties' joint motion, their separate supporting memoranda, Ocwen's separate motion

regarding CAFA compliance, the Settlement,[1] and the pleadings filed to date in this matter to

determine whether the proposed Settlement Class should be preliminarily certified for settlement

purposes only, and whether the Settlement should be preliminarily approved.  Having fully

---

[1] The definitions in Section 2 of the Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement.

1

considered the Parties' motions, and the arguments offered by counsel, **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1.      The Parties' joint motion for preliminary approval of their Settlement is **GRANTED**.

2.      Ocwen's motion for a finding that it has complied with the requirements of CAFA is also **GRANTED**.

3.      **Partial Stay of this Action**.  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further Order of the Court.

4.      **Jurisdiction**.  The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331, including jurisdiction to approve and enforce the Settlement and all Orders and Decrees that have been entered or which may be entered pursuant thereto.  The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.      **Preliminary Class Certification for Settlement Purposes Only**.  The Court is presented with a proposed settlement prior to a decision on class certification, and must therefore determine whether the proposed Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23, albeit for purposes of settlement.  *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997).  "In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial."  *In re Checking Account*

*Overdraft Litig*., 275 F.R.D. 654, 659 (S.D. Fla. 2011)).  The Court must also be satisfied that the proposed class "is adequately defined and clearly ascertainable."  *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).  The Court preliminarily finds and concludes, for settlement purposes only, that:

a.      The Settlement Class is an ascertainable one.  A class is ascertainable if "the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way," such that identifying class members will be "a manageable process that does not require much, if any, individual inquiry."  *Karhu v. Vital Pharm., Inc*., 621 F. App'x 945, 946 (11th Cir. 2015).  Here, the proposed definition of the Settlement Class is based on objective criteria, all of which are determinable from Ocwen's business records.  *See* Declaration of James Thomas Broome, Jr. (Doc. 82-1, "Broome Decl.") at ¶¶ 4-6.  Individual, subjective inquiries to identify who may be a member of the Settlement Class are unnecessary.  *Graham v. Pyramid Healthcare Solutions, Inc*., No: 8:16-cv-1324, 2017 WL 2799928, at *4-5 (M.D. Fla. June 28, 2017) (proposed class was ascertainable because the class definition limited class membership to persons who had been provided with the same allegedly defective disclosure).  The proposed class definition also tracks the elements of the FDCPA claim at issue in this Action, meaning the Settlement Class will not be over-populated with persons who do not share the FDCPA claim at issue in this Action.

b.      The Settlement Class also satisfies the numerosity requirement of Rule 23(a)(1).  The Settlement Class is comprised of the 196,200 primary, joint and/or co-borrowers on the 137,636 home mortgage loans who received the Delinquency Notices and Monthly Statements at issue in this Action, and the individual joinder of that many persons would be impracticable.  Broome Decl. at ¶ 6; *see also Cox v. Am. Cast Iron Pip Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)

3

("[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."); *Baez v. LTD Fin. Serv., L.P.*, No: 6:15-cv-1043, 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016) (Rule 23's numerosity requirement "easily satisfied" where class was comprised of over 34,000 consumers who were sent an allegedly deceptive dunning letter).

      c.    The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement.  To establish commonality in the context of the FDCPA, it is generally "sufficient that Plaintiff allege that all class members received the same collection letter."  *Swanson v. Mid Am, Inc*., 186 F.R.D. 665, 668 (M.D. Fla. 1999); *accord Sanchez v. Velocity Inv., LLC*, No. 1:15-CV-3096, 2015 WL 12777990, at *3 (N.D. Ga. Dec. 11, 2015) ("[C]laims arising out of a form letter are often certified as class actions."); *Klewinowski v. MFP, Inc*, No. 8:13-cv-1204, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013) (commonality satisfied where "the claims of the putative class members depends on a common contention that Defendant's debt collection letters … violate the FDCPA," and those collection letters were "standardized" in nature and sent "to each member of the putative class").  Here, Plaintiff Grant and the Settlement Class Members all received Monthly Statements and/or Delinquency Notices after their Chapter 7 bankruptcy discharge, and it is alleged that those communications contain the same or materially similar misleading content by seeking payment on discharged debts (Doc. 81 at ¶¶ `19-27).  This allegedly misleading content and/or disclosures serves as the basis of the Settlement Class's FDCPA claim (*Id.* at ¶¶ 29-47).  As a result, for purposes of settlement, Rule 23(a)'s commonality requirement is satisfied.

      d.    The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3).  The test of typicality is "whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs,

and whether other class members have been injured by the same course of conduct." *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 641 (S.D. Fla. 2015) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).   The typicality requirement "may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class," *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 698 (N.D. Ga. 1991), so long as the claims or defenses of the class and class representatives "arise from the same events, practice, or conduct and are based on the same legal theories." *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1306 (N.D. Fla. 2017) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)).   Here, Plaintiff Grant alleges that she and the Settlement Class Members were all subjected to the same allegedly unlawful collection activity, through their common receipt of at least one Monthly Statement or Delinquency Notice from Ocwen post-discharge (Doc. 81 at ¶¶ 19-27).   For purposes of class settlement, this is sufficient to satisfy Rule 23(a)'s typicality requirement.  *Klewinowski*, 2013 WL 5177865, at *3 (typicality satisfied where class members received the same form collection letters, and their FDCPA claim was based on the same legal theory that those letters all contained similar misleading content).

   e. Plaintiff Grant is an adequate representative of the Settlement Class under Rule 23(a)(4).   She has standing (Doc. 39; *see also* Docs. 6-7, 12, 31-32), is a member of the Settlement Class she seeks to represent, and the Court is aware of no antagonistic interests that exist between her and the Settlement Class Members.   The Court is also satisfied that Class Counsel have the qualifications and experience necessary to undertake this litigation and serve as counsel for the Settlement Class.  *See, e.g.*, *Prindle v. Carrington Mtg. Servs., LLC*, No. 3:13-cv-1349, 2016 WL 4466838, at *12 (M.D. Fla. Aug. 24, 2016) (appointing Varnell & Warwick as

5

class counsel in FDCPA class action); *Baez v. LTD Fin. Servs., LP*, No: 6:15-cv-1043, 2016 WL 3189133, at *4 (M.D. Fla. June 8, 2016) (same); *Ioime v. Blanchard*, 5:15-cv-130, 2016 WL 829111, at *5 (M.D. Fla. Mar. 3, 2016) (same).

        f.    The requirements of Rule 23(b)(3) are also satisfied for purposes of certification of the Settlement Class. The core common issues of law and fact that surround the FDCPA claim of the Settlement Class predominate for purposes of settlement over any individual questions associated with the resolution of that claim. *See, e.g.*, *Kiewinowski*, 2013 WL 5177865, at *4 (The "common issue [of whether standardized communications violate the FDCPA] predominates over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied."); *Fuller v. Becker & Poliakoff, PA*, 197 F.R.D. 697, 700-01 (M.D. Fla. 2000) (predominance and superiority elements of Rule 23(b)(3) satisfied because "[t]he essential common factual link between all of the prospective class members is the letters sent by Defendants" to them, and whether the "language and content of the letters" violates the FDCPA); *Bummolo v. Law Offices of Charles W. McKinnon, P.L.*, No. 2:11-cv-14408, 2012 WL 3866485, at *4 (S.D. Fla. Sept. 5, 2012) ("Given that the putative class members received the same letters from Defendants, a general determination can be made regarding whether the FDCPA was violated. Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions."); *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-cv-493, 2008 WL 3850657, at *2,4 (M.D. Fla. Aug. 14, 2008) ("In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA …, certification of a class action is not unusual" because "the common issues raised by sending the same form collection letters [to class members] predominate over any individual issues."). And because Plaintiff Grant seeks class certification for settlement purposes, the Court need not inquire into whether this Action, if tried,

would present intractable management problems.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class.").  For purposes of class settlement, the Court concludes that use of the class device is also superior to other methods of resolving the issues in this Action "given the large number of claims, the relatively small amount of damages available, the desirability of consistently adjudicating the claims, the high probability that individual members of the proposed classes would not possess a great interest in controlling the prosecution of the claims, and the fact that it would be uneconomical to litigate the issues individually." *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015).

6. Accordingly, for purposes of considering, approving and effectuating the Agreement and to fairly and adequately protect the interests of all concerned with regard to all claims set forth in the Operative Complaint, the following class (the "Settlement Class") is preliminarily certified for settlement purposes only:

> All borrowers on home mortgage loans who were sent a Monthly Statement and/or Delinquency Notice by Ocwen Loan Servicing, LLC between November 17, 2014 and April 19, 2018 while their loan was flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge.

Excluded from the Settlement Class are: (a) Ocwen's board members and executive level officers; (b) persons who timely and properly exclude themselves from the Settlement Class in accordance with the provisions of this Order and Section 6 of the Parties' Settlement; and (c) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.

7. **Appointment of Class Representatives and Class Counsel**.  The Court hereby appoints Plaintiff Grant as the representative of the conditionally certified Settlement Class.  The

Court further designates and appoints Janet R. Varnell and Brian W. Warwick of the law firm of

Varnell & Warwick, P.A., who the Court finds are experienced and adequate counsel, as the legal

counsel for the Settlement Class ("Class Counsel").   Class Counsel are authorized to represent

Plaintiff Grant and the Settlement Class Members, to enter into and seek approval of the Settlement

on behalf of the Settlement Class, and to bind Plaintiff Grant, all other Settlement Class Members

and themselves to the duties and obligations contained in the Settlement, subject to the final

approval of the Settlement by the Court.

8.   **Preliminary Settlement Approval**.   The Court finds, subject to the Fairness

Hearing, that the Settlement is sufficiently fair, reasonable, and adequate that it falls within the

range of possible approval, and it is in the best interests of the Settlement Class that they be given

the opportunity to be heard regarding the Settlement and the opportunity to exclude themselves

from the proposed Settlement Class.   *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632

(2004).   The Court further finds that the Settlement substantially fulfills the purposes and

objectives of the Action, and offers beneficial relief to the Settlement Class that falls within the

range of potential recovery in successful litigation of the FDCPA claim asserted in this Action.

Although Ocwen does not admit any fault or liability in the Settlement, Ocwen has agreed to

provide Plaintiff Grant and the Settlement Class Members—automatically and without resort to

use of any "claim form" process—with relief whose value equals the maximum classwide statutory

damages that would be obtainable under the FDCPA through the litigation and trial of this Action

on a contested class action basis.   At this stage, the Court finds such relief to be within the range

of reasonableness, especially given that this and other federal courts in past similar cases have

reached varying conclusions on whether communications containing content and disclosures like

the Monthly Statements and Delinquency Notices violate the FDCPA.   Compare *Lovegrove v.*

8

*Ocwen Home Loans Serv., LLC*, 666 F. App'x 308 (4th Cir. 2016) and *Thompson v. Ocwen Fin. Corp.,* No. 3:16-cv-01606, 2018 WL 513720, at *5 (D. Conn. Jan. 23, 2018) with *Prindle v. Carrington Mortg. Serv., LLC*, No. 3:13-cv-1349, 2016 WL 4466838 (M.D. Fla. Aug. 24, 2016). This debate, which has not been resolved by the Supreme Court, is now prospectively moot, because the Consumer Financial Protection Bureau recently engaged in rule-making to create a new, uniform periodic statement to be sent to borrowers who have received a discharge in bankruptcy of personal liability on their home mortgage loans, and Ocwen has already implemented use of that new form. Broome Decl. at ¶¶ 8-9; *see also* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (regulation X) and Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,160 (Oct. 19, 2016) (to be codified at 12 C.F.R. pts. 1024 and 1026). Since prospective relief is moot and not at issue, and retroactively it is far from certain that the Settlement Class could prevail at trial or secure class certification in a contested litigation setting, both sides have ample reason to compromise on these terms. At the same time, the Settlement offers meaningful relief now, and the Release contemplated by the Settlement is a limited one, releasing only those claims that relate to or arise in whole or in part from the Delinquency Notices and Monthly Statements themselves. These factors favor the Settlement's preliminary approval. The Court also finds that the Settlement (a) is the result of serious, informed, non-collusive, arm's length negotiations involving experienced counsel informed and familiar with the legal and factual issues of the Action and reached through protracted mediation sessions with the assistance of Terrance M. White of Unchurch Watson White & Max, serving as mediator; (b) is sufficient to warrant notice of the Settlement and the Fairness Hearing to the Settlement Class Members; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; (d) offers a full

and fair remediation to the Class Members; and (e) is not a finding or admission of liability of Ocwen. Accordingly, the Court grants preliminary approval to the Agreement under Federal Rule of Civil Procedure 23(e), subject to further consideration at the Fairness Hearing after notice to the Settlement Class Members.

9. **Fairness Hearing**. A Fairness Hearing shall be held before this Court on _____, 2018, beginning at \_\_:\_\_ a.m./p.m., in Courtroom \_\_ of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine whether (a) the Settlement is fair, reasonable, and adequate such that the Settlement should be granted final approval by the Court; (b) the certification of the Settlement Class should be made final for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (c) whether Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in what amount, pursuant to Federal Rule of Civil Procedure 23(h); (d) whether a Service Award should be approved by the Court to Plaintiff Grant, and in what amount; and (e) whether a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Agreement. The Court may adjourn or reschedule the Fairness Hearing without further notice to the Settlement Class Members.

10. **Further Submissions by the Parties**. Any application by Class Counsel for Attorneys' Fees and Expenses and for a Service Award shall be filed with the Court no later than fourteen (14) days prior to the Objection/Exclusion Deadline. The Settlement Administrator shall promptly post the motion to the Settlement Website after its filing with the Court. All other submissions of the Parties in support of the proposed Settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than ten (10) days before the Fairness Hearing. The Settlement Administrator is directed to file a list reflecting all requests for

10

exclusion it has received from Settlement Class Members with the Court no later than ten (10) days before the Fairness Hearing.

11.     **Administration.**   The Court authorizes and directs the Parties to establish the means necessary to administer the proposed Settlement, and implement the class notification process in accordance with the terms of the Settlement.  The Parties are hereby authorized to retain Class-settlement.com to serve as the Settlement Administrator, at Ocwen's expense, to aid in implementing the terms of the Settlement.

12.     **Notice to Federal and State Regulators**.  The Court has reviewed Ocwen's motion for entry of an order finding that it has complied with the notice requirements of CAFA, as codified at 28 U.S.C. § 1715, and that motion's accompanying exhibits.  The Court finds and concludes that the form and contents of, and information provided by, the notices given by Ocwen to federal and state regulatory officials, as well as the identity of the officials to whom those notices were sent, to be reasonable, proper, and in full compliance with the requirements of 28 U.S.C. § 1715. As such, the Court finds that Ocwen need not provide any further or supplemental notices under CAFA.

13.     **Notice to the Settlement Class**.  The Court approves, as to both form and content, the Class Notice attached to the Settlement, as well as the proposed methodology for distributing that notice to the Settlement Class Members as set forth in Section 5 of the Settlement. Accordingly,

a.     The Court orders the Settlement Administrator, within twenty-one (21) days following entry of this Order and subject to the requirements of this Order and the Settlement, to cause the Class Notice to be mailed, by First-Class U.S. Mail, proper postage prepaid, to the Settlement Class Members identified as borrowers on each Class Loan, addressed to the mailing

address of record for that Class Loan as reflected in Ocwen's records.  The Court further orders

the Settlement Administrator to: (i) prior to mailing, attempt to update the last known mailing

addresses for each Class Loan as reflected in Ocwen's records through the National Change of

Address system or similar databases, supplemented by skip-tracing for all Class Loans that are no

longer being serviced by Ocwen as of the Class Roster Date; (ii) promptly re-mail any Class

Notices that are returned by the United States Postal Service with a forwarding address and

continue to do so with respect to any such returned mail that is received seven (7) days or more

prior to the Objection/Exclusion Deadline; and (iii) determine, as soon as practicable, whether a

valid address can be located through use of the United States Postal Service's National Change of

Address database and/or use of other reasonable means and without undue cost or delay, for those

Class Notices that are returned without a new or forwarding address, and promptly re-mail copies

of the Class Notice to any Settlement Class Members for whom the Settlement Administrator is

reasonably able to locate valid addresses in accordance herewith, so long as the valid addresses

are obtained seven (7) days or more prior to the Objection/Exclusion Deadline.

      b.      Following the entry of this Order and prior to the mailing of notice to the

Settlement Class Members, the Parties are permitted by mutual agreement to make changes in the

font, format and content of the Class Notice provided that the changes do not materially alter the

substance of that notice.  Any material substantive changes to those notices must be approved by

the Court.

      c.      The Settlement Administrator shall establish an internet website to inform

Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and

related information.  The Settlement Website shall include, in .pdf format, materials agreed upon

by the Parties and/or required by the Court, and should be operational and live by the date of the

mailing of the Class Notice.  At this time, the Court orders that the Settlement Website include the following: (i) the Operative Complaint; (ii) the Settlement, and its exhibits; (iii) a copy of this Order; (iv) the Class Notice; and (v) a disclosure, on the Settlement Website's "home page," of the deadlines for Settlement Class Members to seek exclusion from the Settlement Class, to opt-out of or object to the Settlement, as well as the date, time and location of the Fairness Hearing.

d.      No later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent applicable, the Parties, shall file with the Court a declaration or declarations, verifying compliance with the aforementioned classwide notice procedures.

14.      **Findings Concerning the Notice Program**.  The Court finds and concludes that the form, content and method of giving notice to the Settlement Class as described in this Order: (a) will constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement (including, without limitation, their right to object to or seek exclusion from, the proposed Settlement); (c) is reasonable and constitutes due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause).  The Court further finds that the Class Notice is written in simple terminology, and is readily understandable.

15.      **Cost Obligations for the Notice Program**.  All Costs of Administration, including those associated with providing notice to the Settlement Class as well as in administering the terms

of the Settlement, shall be paid by Ocwen as set forth in the Settlement.  In the event the Settlement

is not approved by the Court, or otherwise fails to become effective, neither Plaintiff Grant, nor

Class Counsel, nor the Settlement Class Members shall have any obligation to Ocwen for such

costs and expenses.

16.    **Communications with Settlement Class Members**.  The Court authorizes Ocwen

to communicate with Settlement Class Members, potential Settlement Class Members, and to

otherwise engage in any other communications within the normal course of Ocwen's business.

However, Ocwen is ordered to refer any inquiries by Settlement Class Members or potential

Settlement Class Members about the Settlement to the Settlement Administrator or Class Counsel.

17.    **Exclusion ("Opting Out") from the Settlement Class**.  Any Settlement Class

Member who wishes to be excluded from the Settlement Class must submit a written request for

exclusion to the Settlement Administrator, mailed sufficiently in advance to be received by the

Settlement Administrator by the Objection/Exclusion Deadline.  A request for exclusion must

comply with the requirements set forth in Section 6 of the Agreement and include the Settlement

Class Member's name, mailing and email addresses, contact phone number, the loan number(s)

for which he or she seeks exclusion from the Settlement, a statement that he or she wishes to be

excluded from the Settlement Class, contain a caption or title that identifies it as "Request for

Exclusion in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-001376)," and include

the Settlement Class Member's personal signature.  A request for exclusion may not request the

exclusion of more than one member of the Settlement Class; provided, however, that an exclusion

received from one Settlement Class Member will be deemed and construed as a request for

exclusion by all co-debtors, joint-debtors and multiple borrowers on the same Class Loan.  The

14

loan number for each Class Loan shall be included in the Class Notice sent to the Settlement Class Members identified as borrowers with respect to that Class Loan.

18.     Any Settlement Class Member who timely requests exclusion consistent with these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

19.     Settlement Class Members who do not exclude themselves from the Settlement Class in full compliance with the requirements and deadlines of this Order shall be deemed to have forever consented to the exercise of personal jurisdiction by this Court and shall have waived their right to be excluded from the Settlement Class and from the Settlement, and shall thereafter be bound by all subsequent proceedings, orders and judgments in this Action, including but not limited to the Release contained in the Settlement, regardless of whether they have requested exclusion from the Settlement Class and even if they initiate litigation against any or all of the Released Parties relating to the Released Claims.

20.     **Objections and Appearances**.  Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who does not properly and timely exclude himself or herself from the Settlement Class, and who complies with the requirements of this paragraph and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

a.     Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the

15

Court's jurisdiction, must file a written statement of objection with the Court no later than the Objection/Exclusion Deadline.

b.       An objection must be in writing, and must include: (1) the Settlement Class Member's name, mailing and email addresses, contact phone number, and loan number(s); (2) a caption or title that identifies it as "Objection to Class Settlement in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-001376);" (3) all grounds for the objection, including any legal and evidence the objector wishes to introduce in support of the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection; (6) a statement indicating whether the objector intends to appear and argue at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (7) the personal signature of the objecting Settlement Class Member.

c.       To file a written statement of objection, an objector must mail it to the Clerk of the Court sufficiently in advance that it is received by the Clerk of the Court on or before the Objection/Exclusion Deadline, or the objector may file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Middle District of Florida, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

d.       Any Settlement Class Member who fails to comply with the provisions in this Order for the submission of written statements of objection shall thereby forever waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the

Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement.   However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by Order of the Court, remain a Settlement Class Member and be entitled to all of the benefits of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

21.   **Termination of Settlement**.  This Order, including the class certification contained in this Order, shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement: (a) is not finally approved by the Court, (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

22.   **Use of this Order**.  In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the certification of the Settlement Class pursuant to this Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed

pursuant to further Orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever.  This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

23.    **Continuing Jurisdiction**.    This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Class.

24.    **Continuance of Fairness Hearing**.  The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice to the Settlement Class Members.

**IT IS SO ORDERED** this \_\_\_\_\_ day of \_\_\_\_\_, 2018.


_____
**MARCIA MORALES HOWARD**
**United States District Judge**

18

# EXHIBIT F

**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GLENDA GRANT, f/k/a GLENDA
RANDOLPH, individually and on
behalf of a class of persons similarly
situated,

      Case No. 3:15-cv-1376-J-34 PDB

      Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

## CONFIDENTIALITY AGREEMENT

    The parties agree and stipulate to a confidentiality agreement (the "Agreement") under the terms set forth below.

    1.    Any party or non-party may designate as "confidential" (by stamping or otherwise so designating the relevant page or pages) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Florida law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

    2.    A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.

1/4134747.1

Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.    All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained with notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)    counsel for the respective parties in this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)    employees of such counsel;

(c)    individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Agreement as **Exhibit A** (which shall be retained by counsel for the party disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by a corporate defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential

2

Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

> (e)     any authors or recipients of the Confidential Information;

> (f)     the Court, personnel, and court reports; and

> (g)     witnesses (other than persons described in paragraph 4(e).) A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.     The Parties agree that any Confidential Documents shall not be filed with the Court unless filed under seal, consistent with the Court's filing procedures and local rules. The Parties Agree that either party may file Confidential Documents under seal and may represent to the Court that both parties have agreed to such motions. The Parties further agree that either party wishing to submit Confidential Documents in support of any filing may file their Unopposed Motion for Leave to File Under Seal simultaneously with the filing of the corresponding document. The Parties further agree to endeavor to redact or make other accommodations when possible to allow otherwise Confidential Documents to be filed with the Court and not under seal.

7.     A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (days) from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an Order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules the material is not confidential.

10.     In the event that any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality.  Further, mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.  Specifically, the inadvertent or unintentional disclosure by the Discloser of information, documents, or things that the Discloser thereafter believes should have been designated confidential as provided for herein, regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver, in this court or any other state or federal court, in whole or in part, of the Discloser's claim of  confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Discloser must notify the party receiving the information (the "Receiver") within a reasonable time after discovery of the inadvertent or unintentional failure to designate by

4

giving written notice to the Receiver that the information, documents, or things are subject to this Agreement. The Receiver must treat such information, documents, or things in accordance with the appropriate designation, from the date such written notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive such information shall not be deemed a violation of this Agreement; however, those persons to whom disclosure was made must be immediately advised that the material disclosed must be treated in accordance with this Agreement. If these persons are not authorized to review the information under this Agreement, they shall return the information to outside counsel for the Receiver.

11.    In the event that any Confidential Information is, consistent with the terms of this Agreement, used or disclosed in any hearing, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure to the maximum extent permitted by applicable local rules and other applicable law. Nothing containing within this Agreement shall be deemed to waive any objection that any party may wish to assert under applicable state or federal law.

12.    All provisions of this Agreement restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of the action to counsel for the party or non-party, or (b) destroy such documents within the time period upon such consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

13.    The terms of this Agreement do not preclude, limit, restrict or otherwise apply to the use of documents at trial, which shall be governed by the Court's rulings at trial.

1/4134747.1

14.     Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Agreement by written advice to the parties' respective counselor or by oral advice at the time of any deposition or proceeding.

**AGREED AND STIPULATED TO BY:**

Brian W. Warwick
Florida Bar No. 0605573
bwarwick@varnellandwarwick.com
Janet R. Varnell
Florida Bar No. 0071072
jvarnell@varnellandwarwick.com
Steven Thomas Simmons , Jr.
Florida Bar No. 0091654
ssimmons@varnellandwarwick.com
**Varnell & Warwick, PA**
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 753-8606

*Attorneys for Plaintiff*

Michael R. Pennington (Admitted *Pro Hac Vice*)
mpennington@bradley.com
Robert J. Campbell (Admitted *Pro Hac Vice*)
rjcampbell@bradley.com
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

**-and-**

Timothy A. Andreu
Florida Bar No. 443778
tandreu@bradley.com
**Bradley Arant Boult Cummings LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946

*Attorneys for Defendant, Ocwen Loan Servicing, LLC*

6

## EXHIBIT A TO CONFIDENTIALITY AGREEMENT

### Certification, Acknowledgment, and Agreement to be Bound

I, _____ (Name), of _____

_____ (Office and Address), declare under penalty

of perjury that I have read in its entirety and understand the CONFIDENTIALITY

AGREEMENT that was entered into by the parties on _____, 2016, in the case of

*Glenda Grant, f/k/a Glenda Randolph, et al. v. Ocwen Loan Servicing, LLC,* Middle District of

Florida, Case No.: 3:15-cv-1376-J-34 PDB. I agree to comply with and to be bound by all the

terms of this Confidentiality Agreement, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment, including without limitation being held in

contempt of court. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Agreement to any person or entity except in strict compliance with the

provisions of this Agreement.

I further agree to submit to the jurisdiction of the Florida Federal District Court for the

Middle District of Florida for the purpose of enforcing the terms of this Agreement, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ (Name of

Office and Address) as my agent for service of process in connection with this action or any

proceedings related to enforcement of this Agreement.


_____
Signature

_____
Date

1/4134747.1