UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA GRANT, f/k/a GLENDA RANDOLPH, individually and on behalf of a class of persons similarly situated,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

CASE NO.: 3:15-cv-01376-MMH-PDB

*UNOPPOSED MOTION*

---

**DEFENDANT OCWEN LOAN SERVICING, LLC'S**
***UNOPPOSED* MOTION FOR FINDING THAT THE NOTICE REQUIREMENTS
OF THE CLASS ACTION FAIRNESS ACT HAVE BEEN MET,
AND SUPPORTING MEMORANDUM OF LAW**

---

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully moves the Court, *on an unopposed basis*, to find that Ocwen has fully complied with the class settlement notice requirements of the Class Action Fairness Act ("CAFA"). Prior to the filing of this motion, the undersigned conferred with Plaintiff's counsel pursuant to Local Rule 3.01(g) regarding this motion and the relief it seeks, and Plaintiff's counsel stated they do not oppose the relief sought herein. In support of this motion, Ocwen would show unto the Court the following:

### INTRODUCTION

Ocwen has entered into a Stipulation of Settlement and Release (the "Settlement") with Plaintiff Glenda Grant, on behalf of herself and as the putative representative of the proposed Settlement Class. (Doc. 84-1). On May 7, 2018, the parties jointly moved the Court to

1

preliminarily approve that Settlement. (Doc. 84). In connection with their joint motion for preliminary approval of the Settlement, and the agreed-upon preliminary approval order it proposes, the Court is being asked to find:

> that the form and contents of, and information provided by, the notices given by Ocwen to federal and state regulatory officials, as well as the identity of the officials to whom those notices were sent, to be reasonable, proper, and in full compliance with the requirements of 28 U.S.C. § 1715. As such, the Court finds that Ocwen need not provide any further or supplemental notices under CAFA.

(Doc. 84-1 at p. 122, ¶ 12).

### ARGUMENT

CAFA requires that within ten (10) days of the filing of a proposed class action settlement with a court, the defendant "shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). To comply with this requirement, on May 10, 2018, Ocwen served a CAFA Notice of Proposed Settlement, together with various exhibits on an enclosed CD (collectively, the "Notice"), by certified mail on the Attorney General of the United States, the Attorneys General of each of the fifty States, the Attorneys General of the District of Columbia, Guam, the Virgin Islands and the Commonwealth of Puerto Rico, the Federal Trade Commission, and the Consumer Financial Protection Bureau. (*See* Declaration of Robert J. Campbell, dated May 10, 2018 ("Campbell Decl.," attached as **Exhibit 1**), ¶ 2 and Ex. A).

### I.   THE NOTICE WAS TIMELY PROVIDED

CAFA requires that notification of a proposed class action settlement be served on the appropriate State and Federal officials "not later than 10 days after" the proposed settlement is filed with the Court. 28 U.S.C. § 1715(b). Here, the parties filed the proposed Settlement with the Court on May 7, 2018. (Doc. 84). Ocwen sent out the Notice three (3) days later on May 10,

2018, thus complying with CAFA's 10-day notice requirement. (Campbell Decl., ¶ 2 and Ex. A).

## II.     THE NOTICE WAS SENT TO THE APPROPRIATE OFFICIALS

CAFA requires notice of a proposed class action settlement to be served on the "appropriate" State and Federal officials. 28 U.S.C. § 1715(b).

The "appropriate" *Federal* official for purposes of CAFA notification is the Attorney General of the United States, subject to certain exceptions not applicable here. 28 U.S.C. § 1715(a)(1). Although not specifically required by CAFA, Ocwen also served the Notice on the Federal Trade Commission and the Consumer Financial Protection Bureau, as both have general regulatory authority over nonbank mortgage servicing companies and both are charged with the enforcement of the Fair Debt Collection Practices Act ("FDCPA"), which is at issue in this case. (Campbell Decl. at ¶ 2 and Ex. A).

According to CAFA, "the term 'appropriate *State* official' means the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person." 28 U.S.C. § 1715(a)(2) (emphasis added). However, "[i]f there is no *primary* regulator, supervisor, or licensing authority, or the matters alleged in the class action are not subject to regulation or supervision by that person, then the appropriate State official shall be the State attorney general." *Id.* (emphasis added). In other words, CAFA does not require a defendant to guess which State official should receive notice if there is no single—and instead potentially several different— persons and agencies whose regulatory authority might be at issue based on the allegations at issue. *See* 28 U.S.C. § 1715(e)(2) (a defendant will be deemed to have complied with CAFA's notice requirements if the required notice was "directed to the appropriate Federal official *and to either*

the State attorney general or the person that has primary regulatory, supervisory or licensing authority over the defendant.") (emphasis added).

Here, "the matters alleged in the class action" relate to Ocwen's servicing of loans as to which one or more of the borrowers previously received a Chapter 7 discharge in bankruptcy of personal liability on the loan, and whether Ocwen's servicing practices in that context violated provisions of the FDCPA. (*See, e.g.,* Doc. 81 at ¶¶ 1, 18, 23). The Consumer Financial Protection Bureau and Federal Trade Commission are charged with the enforcement of the FDCPA. Thus, the matters alleged in this case are not "subject to regulation or supervision" by any single State official, nor is there any single person in any State "who has primary regulatory or supervisory responsibility with respect to" Ocwen (such responsibility is generally split between varying State officials and agencies). Therefore, the appropriate State officials for purposes of CAFA notification here are the States' Attorneys General. 28 U.S.C. §§ 1715(a)(2); 1715(e)(2).

After compiling a roster of the members of the proposed Settlement Class, Ocwen then identified from that roster the U.S. States, Districts, Commonwealths and Territories in which the proposed Settlement Class Members reside. *See* 28 U.S.C. § 1332(e), incorporated by reference in the jurisdictional provisions of CAFA codified at 28 U.S.C. § 1332(d), defining "States" to include "the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." Settlement Class Members were identified as residing in each of the fifty States, the District of Columbia, Guam, the U.S. Virgin Islands, and the Commonwealth of Puerto Rico. Ocwen then served the Notice on the Attorneys General of each such State, District, Commonwealth and Territory. (Campbell Decl. at ¶ 2 and Ex. A).

Ocwen has thus complied with 28 U.S.C. § 1715(b), by serving the Notice on the "appropriate" State and Federal officials.

4

**III.     THE CONTENT OF THE NOTICE COMPLIED WITH CAFA**

Under CAFA, a class action settlement notice must contain:

(1)   a copy of the complaint and any materials filed with the complaint and any amended complaints;

(2)   notice of any scheduled judicial hearing in the class action;

(3)   any proposed or final notification to class members of—

> (A)(i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists; and
>
> (B) a proposed settlement of a class action;

(4)   any proposed or final class action settlement;

(5)   any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants;

(6)   any final judgment or notice of dismissal;

(7)
> (A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or
>
> (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement; and

(8)   any written judicial opinion relating to the materials described under subparagraphs (3) through (6).

28 U.S.C. § 1715(b). Here, the Notice complied with all of these requirements. (Campbell Decl. at ¶ 2 and Ex. A).

## CONCLUSION

For the foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests

that the Court enter a finding that Ocwen has complied with CAFA's notice provision requirements, as set forth in paragraph 12 of the [proposed] Order Preliminarily Certifying a Class for Settlement Purposes, Granting Preliminary Approval of Class Settlement, and Directing the Issuance of Notice.  (Doc. 84-1 at p. 122, ¶ 12).

This 10th day of May, 2018 Respectfully submitted,

*/s/ Robert J. Campbell*
Timothy A. Andreu
Florida Bar No. 443778
tandreu@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, Florida  33602
Phone: (813) 559-5500
Fax:  (813) 229-5946

Michael R. Pennington (pro hac vice)
mpennington@bradley.com
Robert J. Campbell (pro hac vice)
rjcampbell@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35173
Phone: (205) 521-8000
Fax: (205) 521-8800

*Attorneys for Defendant,
Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 10th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send a notice of electronic filing to all counsel of record.

            */s/ Robert J. Campbell*
            Robert J. Campbell (pro hac vice)