UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA GRANT, f/k/a GLENDA RANDOLPH, individually and on behalf of a class of persons similarly situated,

        Plaintiff,                CASE NO.: 3:15-cv-01376-J-34PDB

vs.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

**ORDER PRELIMINARILY CERTIFYING A CLASS FOR
SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT, AND DIRECTING THE ISSUANCE OF NOTICE**

The Parties and their respective counsel have entered into a Stipulation of Settlement and Release (Doc. 84-1; Settlement) to settle and dismiss this litigation on a class-action basis, subject to the Court's approval. On May 7, 2018, the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 84; Joint Motion). On May 10, 2018, Ocwen filed an unopposed motion for an order finding that it had complied with the notice requirements of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, with respect to the Settlement (Doc. 88). The Court has reviewed the Parties' Joint Motion, their separate supporting memoranda (Docs. 85, 86), Ocwen's separate motion regarding CAFA compliance, the Settlement,[1] the proposed class notice (Doc. 84-1 at 52-59; Proposed Notice), and the pleadings filed to date in this matter to determine

---

[1] The definitions in Section 2 of the Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement.

1

whether the proposed Settlement Class should be preliminarily certified for settlement purposes only, and whether the Settlement should be preliminarily approved.

On July 30, 2018, the Court entered an Order (Doc. 93) informing the Parties that it was not inclined to approve §§ 5.2.4 and 10.2.8 of the Settlement, and providing the Parties with an opportunity to submit a memorandum in support of those provisions. The Court also revised the parties' Proposed Notice and attached a Revised Proposed Notice (Doc. 93-1) for the Parties to review. On August 3, 2018, the Parties filed the Joint Response of Plaintiff and Defendant to Court's Order of July 30, 2018 (94; Joint Response). In the Joint Response, the Parties indicate that they have no objection to the Court's Revised Proposed Notice. *See* Joint Response at 1. In addition, the Parties explain that §§ 5.2.4 and 10.2.8 of the Settlement "were intended only to allow the Settlement Administrator to adjust the layout of the Notice for double-sided printing in the manner most efficient and economical for mailing without changing the wording or the substance . . . ." *Id.*[2] In light of the representations in the Joint Response, the Court will authorize the Parties to change the layout of the Class Notice to facilitate printing and mailing of the Notice, but will prohibit the Parties and Settlement Administrator from making any changes to the terms or content of the Notice.

On August 6, 2018, the Parties filed a Notice of Filing of Amended Notice to Conform with the Court's Order of July 30, 2018 (Doc. 95). The Parties attached to this filing a proposed

---

[2] The Court notes that this explanation fails to address the need for § 10.2.8, which pertains to the anticipated Final Order and Judgment and has nothing to do with the Class Notice. Specifically, pursuant to § 10.2.8, the parties intend to request that the Court include a provision in the Final Order and Judgment authorizing the parties:
> without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of [the Settlement] and its implementing documents (including all exhibits to this [Settlement]) if such changes are not materially inconsistent with the Court's Final Order and Judgment or do not materially limit, or materially and adversely affect, the rights or obligations of the Settlement Class Members under this [Settlement].

Because the Joint Response fails to address why the parties should be so authorized, in the event the Court decides to finally approve the Settlement, the Court will not include in any Final Order and Judgment the provision contemplated in § 10.2.8.

Amended Class Notice (Doc. 95-1) which incorporates the revisions set forth in the Court's Revised Proposed Notice. Upon review of the Amended Class Notice, the Court finds it necessary to make a few additional revisions and has attached the Court's Revised Amended Notice to this Order.

Having fully considered the Parties' motions, and the arguments offered by counsel, **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. Defendant Ocwen Loan Servicing, LLC's Unopposed Motion for Finding that the Notice Requirements of the Class Action Fairness Act Have Been Met, and Supporting Memorandum of Law (Doc. 88) is **GRANTED**.

2. The Parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 84) is **GRANTED** to the extent set forth below.

3. **Partial Stay of this Action**. The Court's prior Order staying all non-settlement-related proceedings, see Order (Doc. 68), remains in full force and effect.

4. **Jurisdiction**. The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331, including jurisdiction to approve and enforce the Settlement and all Orders and Decrees that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

5. **Preliminary Class Certification for Settlement Purposes Only**. The Court is presented with a proposed settlement prior to a decision on class certification, and must therefore determine whether the proposed Settlement Class satisfies the requirements for class certification under Rule 23, Federal Rules of Civil Procedure (Rule(s)), albeit for purposes of settlement. *See,*

*e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997). "In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011)). The Court must also be satisfied that the proposed class "is 'adequately defined and clearly ascertainable.'" *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)). The Court preliminarily finds and concludes, for settlement purposes only, that:

      a.    The Settlement Class is an ascertainable one. A class is ascertainable if "the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way," such that identifying class members will be "'a manageable process that does not require much, if any, individual inquiry.'" *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015) (quoting *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)). Here, the proposed definition of the Settlement Class is based on objective criteria, all of which are determinable from Ocwen's business records. *See* Declaration of James Thomas Broome, Jr. (Doc. 82-1; Broome Decl.) ¶¶ 4-6. Individual, subjective inquiries to identify who may be a member of the Settlement Class are unnecessary. *Graham v. Pyramid Healthcare Solutions, Inc.*, No: 8:16-cv-1324-T-30AAS, 2017 WL 2799928, at *4-5 (M.D. Fla. June 28, 2017) (finding proposed class was ascertainable because the class definition limited class membership to persons who had been provided with the same allegedly defective disclosure). The proposed class definition also tracks the elements of the FDCPA claim

4

at issue in this Action, meaning the Settlement Class will not be over-populated with persons who do not share the FDCPA claim at issue in this Action.

   b. The Settlement Class also satisfies the numerosity requirement of Rule 23(a)(1). The Settlement Class is comprised of the 196,200 primary, joint and/or co-borrowers on the 137,636 home mortgage loans who received the Delinquency Notices and Monthly Statements at issue in this Action, and the individual joinder of that many persons would be impracticable. Broome Decl. ¶ 6; *see also Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'" (internal quotation omitted)); *Baez v. LTD Fin. Servs., L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016) (finding Rule 23's numerosity requirement "easily satisfied" where class was comprised of over 34,000 consumers who were sent an allegedly deceptive dunning letter).

   c. The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. To establish commonality in the context of the FDCPA, it is generally "sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999); *accord Sanchez v. Velocity Invs., L.L.C.*, No. 1:15-CV-3096-LMM-WEJ, 2015 WL 12777990, at *3 (N.D. Ga. Dec. 11, 2015) ("[C]laims arising out of a form letter are often certified as class actions."); *Klewinowski v. MFP, Inc*, No. 8:13-cv-1204-T-33TBM, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013) (finding commonality satisfied where "the claims of the putative class members depends on a common contention that Defendant's debt collection letters … violate the FDCPA," and those collection letters were "standardized" in nature and sent "to each member of the putative class"). Here, Plaintiff Grant

and the Settlement Class Members all received Monthly Statements and/or Delinquency Notices after their Chapter 7 bankruptcy discharge, and it is alleged that those communications contain the same or materially similar misleading content by seeking payment on discharged debts (Doc. 81 ¶¶ 19-27). This allegedly misleading content and/or disclosures serves as the basis of the Settlement Class's FDCPA claim (*Id.* ¶¶ 29-47). As a result, for purposes of settlement, Rule 23(a)'s commonality requirement is satisfied.

        d.       The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3). The test of typicality is "'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct.'" *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 641 (S.D. Fla. 2015) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The typicality requirement "'may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class,'" *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 698 (N.D. Ga. 1991) (quoting 7A Wright & Miller, *Federal Practice & Procedure* § 1764 (1986)), so long as the claims of the class and class representatives "arise from the same events, practice, or conduct and are based on the same legal theories." *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1306 (N.D. Fla. 2017) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Here, Plaintiff Grant alleges that she and the Settlement Class Members were all subjected to the same allegedly unlawful collection activity, through their common receipt of at least one Monthly Statement or Delinquency Notice from Ocwen post-discharge (Doc. 81 ¶¶ 19-27). For purposes of class settlement, this is sufficient to satisfy Rule 23(a)'s typicality requirement.

6

*Klewinowski*, 2013 WL 5177865, at *3 (finding typicality satisfied where class members received the same form collection letters, and their FDCPA claim was based on the same legal theory that those letters all contained similar misleading content).

        e.      Plaintiff Grant is an adequate representative of the Settlement Class under Rule 23(a)(4). She has standing (Doc. 39; *see also* Docs. 6-7, 12, 31-32), is a member of the Settlement Class she seeks to represent, and the Court is aware of no antagonistic interests that exist between her and the Settlement Class Members. The Court is also satisfied that Class Counsel have the qualifications and experience necessary to undertake this litigation and serve as counsel for the Settlement Class. *See, e.g.*, *Prindle v. Carrington Mtg. Servs., LLC*, No. 3:13-cv-1349-J-34PDB, 2016 WL 4466838, at *12 (M.D. Fla. Aug. 24, 2016) (appointing Varnell & Warwick as class counsel in FDCPA class action); *Baez*, 2016 WL 3189133, at *4 (same); *Ioime v. Blanchard*, 5:15-cv-130-Oc-30PRL, 2016 WL 829111, at *5 (M.D. Fla. Mar. 3, 2016) (same).

        f.      The requirements of Rule 23(b)(3) are also satisfied for purposes of certification of the Settlement Class. The core common issues of law and fact that surround the FDCPA claim of the Settlement Class predominate for purposes of settlement over any individual questions associated with the resolution of that claim. *See, e.g.*, *Klewinowski*, 2013 WL 5177865, at *4 ("This common issue [of whether standardized communications violate the FDCPA] predominates over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied."); *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700-01 (M.D. Fla. 2000) (finding predominance and superiority elements of Rule 23(b)(3) satisfied because "[t]he essential common factual link between all of the prospective class members is the letters sent by Defendants" to them, and whether the "language and content of the letters" violates the FDCPA); *Bummolo v. Law Offices of Charles W. McKinnon, P.L.*, No. 2:11-cv-14408-KMM,

2012 WL 3866485, at *4 (S.D. Fla. Sept. 5, 2012) ("Given that the putative class members received the same letters from Defendants, a general determination can be made regarding whether the FDCPA was violated. Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions."); *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-cv-493-T-26TGW, 2008 WL 3850657, at *2, *4 (M.D. Fla. Aug. 14, 2008) ("In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA …, certification of a class action is not unusual" because "the common issues raised by sending the same form collection letters [to class members] predominate over any individual issues."). And because Plaintiff Grant seeks class certification for settlement purposes, the Court need not inquire into whether this Action, if tried, would present intractable management problems. *Amchem Prods., Inc.*, 521 U.S. at 620; *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class."). For purposes of class settlement, the Court concludes that use of the class device is also superior to other methods of resolving the issues in this Action

> given the large number of claims, the relatively small amount of damages available, the desirability of consistently adjudicating the claims, the high probability that individual members of the proposed classes would not possess a great interest in controlling the prosecution of the claims, and the fact that it would be uneconomical to litigate the issues individually.

*Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015).

6. Accordingly, for purposes of considering, approving and effectuating the Settlement and to fairly and adequately protect the interests of all concerned with regard to all claims set forth in the Operative Complaint, the following class (the "Settlement Class") is preliminarily certified for settlement purposes only:

> All borrowers on home mortgage loans who were sent a Monthly Statement and/or Delinquency Notice by Ocwen Loan Servicing, LLC between November 17, 2014,

and April 19, 2018, while their loan was flagged in Ocwen's loan servicing system as having received a Chapter 7 bankruptcy discharge.

Excluded from the Settlement Class are: (a) Ocwen's board members and executive level officers; (b) persons who timely and properly exclude themselves from the Settlement Class in accordance with the provisions of this Order and Section 6 of the Parties' Settlement; and (c) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.

7. **Appointment of Class Representatives and Class Counsel**. The Court hereby appoints Plaintiff Glenda Grant as the representative of the conditionally certified Settlement Class. The Court further designates and appoints Janet R. Varnell and Brian W. Warwick of the law firm of Varnell & Warwick, P.A., who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Class ("Class Counsel"). Class Counsel are authorized to represent Plaintiff Grant and the Settlement Class Members, to enter into and seek approval of the Settlement on behalf of the Settlement Class, and to bind Plaintiff Grant, all other Settlement Class Members and themselves to the duties and obligations contained in the Settlement, subject to the final approval of the Settlement by the Court.

8. **Preliminary Settlement Approval**. The Court finds, subject to the Fairness Hearing, that the Settlement is sufficiently fair, reasonable, and adequate to fall within the range of possible approval, and it is in the best interests of the Settlement Class that its Members be given the opportunity to be heard regarding the Settlement and the opportunity to exclude themselves from the proposed Settlement Class. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004). The Court further finds that the Settlement substantially fulfills the purposes and objectives of the Action, and offers beneficial relief to the Settlement Class such that it falls within the range of potential recovery in successful litigation of the FDCPA claim asserted in this Action.

Although Ocwen does not admit any fault or liability in the Settlement, Ocwen has agreed to provide Plaintiff Grant and the Settlement Class Members—automatically and without resort to use of any "claim form" process—with relief whose value equals the maximum classwide statutory damages that would be obtainable under the FDCPA through the litigation and trial of this Action on a contested class action basis. At this stage, the Court finds such relief to be within the range of reasonableness, especially given that this and other federal courts in past similar cases have reached varying conclusions on whether communications containing content and disclosures like the Monthly Statements and Delinquency Notices violate the FDCPA. Compare *Lovegrove v. Ocwen Home Loans Serv., LLC*, 666 F. App'x 308 (4th Cir. 2016) and *Thompson v. Ocwen Fin. Corp.,* No. 3:16-cv-01606 (JAM), 2018 WL 513720, at *5 (D. Conn. Jan. 23, 2018) with *Prindle*, 2016 WL 4466838, at *4. This debate, which has not been resolved by the Supreme Court, is now prospectively moot, because the Consumer Financial Protection Bureau recently engaged in rule-making to create a new, uniform periodic statement to be sent to borrowers who have received a discharge in bankruptcy of personal liability on their home mortgage loans, and Ocwen has already implemented use of that new form. Broome Decl. ¶¶ 8-9; *see also* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (regulation X) and Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,160 (Oct. 19, 2016) (to be codified at 12 C.F.R. pts. 1024 and 1026). Since prospective relief is moot and not at issue, and retroactively it is far from certain that the Settlement Class could prevail at trial or secure class certification in a contested litigation setting, both sides have ample reason to compromise on these terms. At the same time, the Settlement offers meaningful relief now, and the Release contemplated by the Settlement is a limited one, releasing only those claims that relate to or arise in whole or in part from the Delinquency Notices and Monthly Statements themselves. These factors favor the Settlement's

preliminary approval. The Court also finds that the Settlement: (a) is the result of serious, informed, non-collusive, arm's length negotiations involving experienced counsel informed and familiar with the legal and factual issues of the Action and reached through protracted mediation sessions with the assistance of Terrance M. White of Unchurch Watson White & Max, serving as mediator; (b) is sufficient to warrant notice of the Settlement and the Fairness Hearing to the Settlement Class Members; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; (d) offers a full and fair remediation to the Class Members; and (e) is not a finding or admission of liability of Ocwen. Accordingly, the Court grants preliminary approval to the Settlement under Federal Rule of Civil Procedure 23(e), subject to further consideration at the Fairness Hearing after notice to the Settlement Class Members.

9. **<u>Fairness Hearing</u>**. A Fairness Hearing shall be held before this Court on Thursday, January 17, 2019, beginning at 10:30 a.m., in Courtroom 10B of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine whether (a) the Settlement is fair, reasonable, and adequate such that the Settlement should be granted final approval by the Court; (b) the certification of the Settlement Class should be made final for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (c) whether Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in what amount, pursuant to Federal Rule of Civil Procedure 23(h); (d) whether a Service Award should be approved by the Court to Plaintiff Grant, and, if so, in what amount; and (e) whether a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Settlement. The Court may adjourn or reschedule the Fairness Hearing without further notice to the Settlement Class Members.

10. **Further Submissions by the Parties**. Any application by Class Counsel for Attorneys' Fees and Expenses and for a Service Award shall be filed with the Court no later than November 29, 2018. The Settlement Administrator shall promptly post the motion to the Settlement Website after its filing with the Court. All other submissions of the Parties in support of the proposed Settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than January 7, 2019. The Settlement Administrator is directed to file a list reflecting all requests for exclusion it has received from Settlement Class Members with the Court no later than January 7, 2019.

11. **Administration.** The Court authorizes and directs the Parties to establish the means necessary to administer the proposed Settlement, and implement the class notification process in accordance with the terms of the Settlement. The Parties are hereby authorized to retain Class-settlement.com to serve as the Settlement Administrator, at Ocwen's expense, to aid in implementing the terms of the Settlement.

12. **Notice to Federal and State Regulators**. The Court has concluded that Ocwen has complied with the notice requirements of CAFA, as codified at 28 U.S.C. § 1715. As such, the Court finds that Ocwen need not provide any further or supplemental notices under CAFA.

13. **Notice to the Settlement Class**. As stated above, the Court has reviewed the Parties' Amended Class Notice and finds additional revisions are necessary. The Court's Revised Amended Notice is attached to this Order. The Court directs the parties to create a Final Class Notice by: (1) making the revisions set forth on the attached Court's Revised Amended Notice, (2) inserting the relevant dates and deadlines, and (3) adding each Settlement Class Members' Class Loan number to the end of the Notice. The Court approves, as to both form and content, the Final

Class Notice, as well as the proposed methodology for distributing that notice to the Settlement Class Members as set forth in Section 5 of the Settlement. Accordingly,

      a.      The Court orders the Settlement Administrator, within twenty-one (21) days following entry of this Order and subject to the requirements of this Order and the Settlement, to cause the Class Notice to be mailed, by First-Class U.S. Mail, proper postage prepaid, to the Settlement Class Members identified as borrowers on each Class Loan, addressed to the mailing address of record for that Class Loan as reflected in Ocwen's records. The Court further orders the Settlement Administrator to: (i) prior to mailing, attempt to update the last known mailing addresses for each Class Loan as reflected in Ocwen's records through the National Change of Address system or similar databases, supplemented by skip-tracing for all Class Loans that are no longer being serviced by Ocwen as of the Class Roster Date; (ii) promptly re-mail any Class Notices that are returned by the United States Postal Service with a forwarding address and continue to do so with respect to any such returned mail that is received seven (7) days or more prior to the Objection/Exclusion Deadline; and (iii) determine, as soon as practicable, whether a valid address can be located through use of the United States Postal Service's National Change of Address database and/or use of other reasonable means and without undue cost or delay, for those Class Notices that are returned without a new or forwarding address, and promptly re-mail copies of the Class Notice to any Settlement Class Members for whom the Settlement Administrator is reasonably able to locate valid addresses in accordance herewith, so long as the valid addresses are obtained seven (7) days or more prior to the Objection/Exclusion Deadline.

      b.      Following the entry of this Order and prior to the mailing of notice to the Settlement Class Members, the Parties are permitted by mutual agreement to make changes in the font and format of the Class Notice as is necessary for efficient and economical mailing, provided

that the changes do not materially alter the substance or readability of the Notice. The parties are prohibited from changing the terms and content of the Final Class Notice. Any material substantive changes to the Class Notice must be approved by the Court.

    c. The Settlement Administrator shall establish an internet website to inform Settlement Class Members of the terms of the Settlement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, and should be operational and live by the date of the mailing of the Class Notice. At this time, the Court orders that the Settlement Website include the following: (i) the Operative Complaint; (ii) the Settlement, and its exhibits; (iii) a copy of this Order; (iv) the Class Notice; and (v) a disclosure, on the Settlement Website's "home page," of the deadlines for Settlement Class Members to seek exclusion from the Settlement Class, to opt-out of or object to the Settlement, as well as the date, time and location of the Fairness Hearing.

    d. No later than January 7, 2019, the Settlement Administrator, and to the extent applicable, the Parties, shall file with the Court a declaration or declarations, verifying compliance with the aforementioned classwide notice procedures. Counsel for Plaintiff and Defendant are jointly responsible for assuring strict and timely compliance with the Settlement Administrator's obligations.

   14. **<u>Findings Concerning the Notice Program</u>**. The Court finds that the form, content and method of giving notice to the Settlement Class as described in this Order: (a) will constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement (including, without limitation, their right to object to or seek exclusion from, the proposed

Settlement); (c) is reasonable and constitutes due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause). *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974) ("[N]otice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane v. Ctr. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950))). The Court further finds that the Class Notice is written in plain, understandable language.

15. **Cost Obligations for the Notice Program**. All Costs of Administration, including those associated with providing notice to the Settlement Class as well as in administering the terms of the Settlement, shall be paid by Ocwen as set forth in the Settlement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff Grant, nor Class Counsel, nor the Settlement Class Members shall have any obligation to Ocwen for such costs and expenses.

16. **Communications with Settlement Class Members**. The Court authorizes Ocwen to communicate with Settlement Class Members, potential Settlement Class Members, and to otherwise engage in any other communications within the normal course of Ocwen's business. However, Ocwen is ordered to refer any inquiries by Settlement Class Members or potential Settlement Class Members about the Settlement to the Settlement Administrator or Class Counsel.

17. **Exclusion ("Opting Out") from the Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion to the Settlement Administrator, mailed sufficiently in advance to be received by the

Settlement Administrator no later than **December 13, 2018** (the Objection/Exclusion Deadline). A request for exclusion must comply with the requirements set forth in Section 6 of the Settlement and include the Settlement Class Member's name, mailing and email addresses, contact phone number, the loan number(s) for which he or she seeks exclusion from the Settlement, a statement that he or she wishes to be excluded from the Settlement Class, contain a caption or title that identifies it as "Request for Exclusion in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-001376)," and include the Settlement Class Member's personal signature. A request for exclusion may not request the exclusion of more than one member of the Settlement Class; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-debtors, joint-debtors and multiple borrowers on the same Class Loan. The loan number for each Class Loan shall be included in the Class Notice sent to the Settlement Class Members identified as borrowers with respect to that Class Loan.

18. Any Settlement Class Member who timely requests exclusion consistent with these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

19. Settlement Class Members who do not exclude themselves from the Settlement Class in full compliance with the requirements and deadlines of this Order shall be deemed to have forever consented to the exercise of personal jurisdiction by this Court and shall have waived their right to be excluded from the Settlement Class and from the Settlement if approved, and shall thereafter be bound by all subsequent proceedings, orders and judgments in this Action, including but not limited to the Release contained in the Settlement, regardless of whether they attempted to

16

request exclusion from the Settlement Class and even if they initiate litigation against any or all of the Released Parties relating to the Released Claims.

20. **<u>Objections and Appearances</u>**. Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who does not properly and timely exclude himself or herself from the Settlement Class, and who complies with the requirements of this paragraph and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

    a. Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to any Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than **December 13, 2018** (the Objection/Exclusion Deadline).

    b. An objection must be in writing, and must include: (1) the Settlement Class Member's name, mailing and email addresses, contact phone number, and loan number(s); (2) a caption or title that identifies it as "Objection to Class Settlement in *Grant v. Ocwen Loan Servicing, LLC* (case number 3:15-cv-001376);" (3) all grounds for the objection, including any legal authority or evidence the objector wishes to introduce in support of the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection; (6) a statement indicating whether the objector intends to appear and argue at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (7) the personal signature of the objecting Settlement Class Member.

c. To file a written statement of objection, an objector must mail it to the Clerk of the Court sufficiently in advance that it is received by the Clerk of the Court on or before **December 13, 2018** (the Objection/Exclusion Deadline), or the objector may file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Middle District of Florida, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

d. Any Settlement Class Member who fails to comply with the provisions in this Order for the submission of written statements of objection shall thereby forever waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement. However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by Order of the Court, remain a Settlement Class Member and be entitled to all of the benefits of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

21. **Termination of Settlement**. This Order, including the class certification contained in this Order, shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement: (a) is not finally approved by

the Court, (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

22. **Use of this Order**. In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the certification of the Settlement Class pursuant to this Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed pursuant to further Orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

23. **Continuing Jurisdiction**. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or

connected with the Settlement or this Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Class.

24. **Continuance of Fairness Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice to the Settlement Class Members.

**IT IS SO ORDERED** this 10th day of August, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge